IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | |
| *Plaintiff*, | Case No. 2:19-cv-00291-JRG-RSP |
| | LEAD CASE |
| *v.* | |
| HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE, S.A. DE C.V. and ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE CO. LTD., | |
| *Defendants*. | |
| YAHAM OPTOELECTRONICS CO., LTD., | Case No. 2:19-cv-00398-JRG-RSP |
| *Defendant*. | MEMBER CASE |

**<u>DEFENDANTS' AMENDED OBJECTIONS
TO CLAIM CONSTRUCTION ORDER (DKT. 111)</u>**

Defendants object to the Magistrate Judge Payne's Claim Construction Order filed October 26, 2020 (Dkt. No. 111; "Order"), regarding the (1) area terms, and (2) uniformity terms.

## I.   DISPUTED TERMS

### A.   "area" / "rectangular area" / "rectangular region"

As Ultravision's counsel stated at the *Markman* hearing: "I acknowledge and recognize that the specification only addresses and has embodiments related to billboards or signs." Reporter's Transcript of Claim Construction Hearing Conducted Via Video Conferencing ("*Markman* Tr.") at 50:14-16.  This is not in dispute.  Yet, there is a dispute as to whether the claimed "area" or "region" to be illuminated are those of a sign (such as the billboards described in the patents), or ***any surface***, such as parking lots, streets and sidewalks (which are the applications for which all but one accused product is used).

The Patents-in-Suit are unquestionably limited to LED lighting for signs, as Ultravision conceded at the *Markman* hearing.[1]  Ultravision's counsel's statement is aligned with the written description of the Patents-in-Suit, which focuses exclusively on billboard and externally illuminated signs. *See*, *e.g*., '946 Patent at *passim* (directly or indirectly referring to billboard lighting in every figure; referring to billboard lighting throughout the specification).  Nowhere do the patents suggest that they are applicable to any "area" besides the area of a sign or billboard.  In fact, the only references to illuminated areas in the patent are to the "surface 102" of a billboard.

Because the limited disclosure of the intrinsic record is beyond dispute, it is not surprising that at the *Markman* hearing, the Court explained:

> the specification . . . talks about [the field] being . . . externally illuminated signs and then in . . . every other section initially and particularly in the first paragraph of the detailed description where it explains the breadth of the specification as not

---

[1] Ultravision made similar concessions in *Ultravision Technologies, LLC v. Lamar Advertising Co.*, et al., C.A. No. 2:16-cv-374 (E.D. Tex.), *Lamar* Op. Br. at 1-2 (arguing that patents in the same family that claimed an identical "area" term, were only related to billboards).

> limited to billboards but intended to apply to any type of sign. It's -- it is difficult for me to read these – these terms, the ones that are at issue here, as not relating to signs in view of that.

*Markman* Tr. at 49:9-18.  A POSITA would understand the scope of the area and region to be illuminated, just as the Court described at the *Markman* hearing.  The inventor's intent would be clear to a POSITA, based on the applicant's own statement in the specification: "Although billboards are used herein for purposes of example, it is understood that the present disclosure may be applied to lighting for any type of sign that is externally illuminated." '946 Patent at 3:17-20. In other words, although the specification only encompasses a billboard embodiment, the invention, as claimed, may be applied to other externally illuminated signs.  There certainly is nothing in the specification that even suggests to a POSITA that the invention is intended to apply to an LED lighting assembly used to illuminate ***any surface*** such as a parking lot or road, as Ultravision contends is encompassed by the "plain an ordinary meaning" of area.

That same inventor intent and exact claim scope is captured by Defendants' proposed construction of the area terms, *i.e.*, sign and rectangular sign.  Defendants did not propose a construction that is limited to the single billboard embodiment of the specification, *i.e.*, a billboard, as Ultravision argued in its briefing and at the *Markman* hearing.  *See, e.g.,* Dkt. 99 at 9; *Markman* Tr. at 51:10-19. Defendants' construction is commensurate with the applicant's statement as to the full scope of its invention – an LED lighting assembly for lighting an externally illuminated sign.

Moreover, the Federal Circuit's opinion in *Cont'l Circuits LLC v. Intel Corp., 915 F.3d 788 (Fed. Cir. 2019), cert. denied, 140 S. Ct. 648 (2019)* does not require a different result.  In *Continental Circuits*, which Ultravision argued was the best precedent for its position (*Markman* Tr. at 51:10-11), the Federal Circuit identified and addressed a very different issue -- whether the terms "surface," "removal," and "etching" should be construed to read into the claim a limitation that they be "*produced by a repeated desmear process*." *Id*. at 794.  The Federal Circuit considered

whether there was a disclaimer that permitted the limitation to be read into the claims.  *Id*. at 787.
As the Federal Circuit explained, "[w]e acknowledge the difficulty in drawing the 'fine line
between construing the claims in light of the specification and improperly importing a limitation
from the specification into the claims.'"  *Id*. at 797.  Unlike in *Continental Circuits*, where the
specification used exemplary language and was clear to avoid explaining the scope of the invention
according to a particular embodiment (*id*.), the Patents-in-Suit unmistakably and universally
describe an invention for illuminating billboards.

In contrast to *Continental Circuits*, the Federal Circuit's opinion in *Wis. Alumni Research
Found. v. Apple Inc*., 905 F.3d 1341 (Fed. Cir. 2018), *cert. denied*, 140 S. Ct. 44 (2019), addresses
facts that are more aligned with the facts of the present case.  In *WARF*, the claim term at issue
was "prediction" and the dispute was whether the term referenced just dynamic predictions or
dynamic and static predictions.  *Id*. at 1350-51.  The district court gave the term its narrower
construction and that construction was upheld by the Federal Circuit.  *Id*. at 1351.  The Federal
Circuit found that "[w]here, as here, 'a patent repeatedly and consistently characterize a claim term
in a particular way, it is proper to construe the claim term in accordance with that characterization."
*Id*. at 1351.  The Federal Circuit then explained, "[i]n sum, rather than improperly reading a
limitation from the preferred embodiment into the claims, the district court's construction, with
which we agree, properly reads the claim term in the context of the entire patent."  The same
analysis applies here.  The Patents-in-Suit repeatedly and consistently characterize the area to be
illuminated as the surface of a billboard, or more broadly, an externally illuminated sign.

Moreover, even if a term is to be given its plain and ordinary meaning as the Magistrate
Judge proposes here, that plain and ordinary meaning is what would be understood by a POSITA
in the context of the specification and prosecution history. *Trustees of Columbia Univ. in City of*

3

*N.Y. v. Symantec Corp.*, 811 F.3d 1359, 1363-66 (Fed. Cir. 2016).  Defendants contend that a POSITA would understand the area terms, as viewed through the lens of the intrinsic record, to refer to a sign with its defined boundaries.  To the extent the Court's construction is intended to encompass something broader through its plain and ordinary meaning construction, the Court's construction is unclear or fails to resolve a claim construction dispute that is should resolve according to *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351 (Fed. Cir. 2008).

### B.      Uniformity Terms

The uniform terms are terms of degree.  Order at 18.  Although terms of degree are not *per se* indefinite, the specification of the '410 Patent offers no "objective boundaries" yielding "some standard for measuring the scope of the phrase," such that a skilled artisan cannot determine when infringement occurs.  *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1370-71 (Fed. Cir. 2014); *see also Geodynamics, Inc. v. Dynaenergetics US, Inc.*, No. 2:15-CV-1546-RSP, 2016 WL 6217181, at *15 (E.D. Tex. Oct. 25, 2016) (finding "substantially equal to the total depth of penetration/(the tunnel)" indefinite because specification disclosed only depths that are "equal" ).

Respectfully, the Court's construction only perpetuates the problem.  The Court relies on the following language "so that each LED illuminates substantially the entire surface with a substantially equal level of illumination per LED," and "minimiz[es] any noticeable unevenness in the overall illumination, even if one of the remaining LEDs 416 malfunctions." Order at 19.  However, the "noticeable unevenness" construction merely substitutes one subjective term for another.  Id. at 20-21.[2]  The language is aspirational with no objective boundaries.

---

[2] The Court construes "substantially equal level of illumination" to mean "level of illumination that does not create noticeable unevenness in the overall illumination, such as hot spots or dead spots."   Order at 20. The Court construes "is substantially uniform," "remains substantially unchanged," and "remains substantially the same" to mean "does not create noticeable unevenness in the overall illumination, such as hot spots or dead spots."  *Id.* at 21

In context, the '410 Patent discloses that "[i]f [the illumination provided by the remaining LEDs directed to one or more portions of the surface is] done *properly*, this may be accomplished while minimizing any *noticeable* unevenness in the overall illumination, even if one of the remaining LEDs 416 malfunctions." '410 Patent at 6:18-23 (emphasis added). A POSITA would understand that "noticeable unevenness" is also subjective and does not provide any "objective boundary" as to what another subjective term "substantially equal level of illumination" is. *See Interval Licensing*, 766 F.3d at 1371.

Additionally, the Court points to the phrase "[t]he minimum distance is designed such that overlapping light from adjacent LEDs does not create interference patterns and result in dead spots on the surface" to show what is not uniform, *e.g.*, "hot spots" and "dead spots." Order at 18-19. This paragraph in the '410 Patent is equally problematic because the '410 Patent does not disclose what "minimum distance" means. Simply put, the '410 Patent lacks objective boundaries.

The facts and rationale by the *Interval Licensing* court is directly on point. At issue was whether the term "unobtrusive manner" was indefinite. *Interval*, at 1371-74. Like the '410 Patent, the patentee's description in the specification was equally subjective, explaining that displaying content in an unobtrusive manner meant that it "does not distract a user of the apparatus from a primary interaction with the apparatus." *Id*. at 1372. The *Interval Licensing* court properly held that such language fails to provide any clarity or objective boundary to the subjective claim language. *Id.* Similar to the "unobtrusive manner" term in *Interval Licensing*, what is "noticeable" is highly subjective and provides little guidance to a POSITA. *Interval*, at 1371. The Court's reasoning that "substantially uniform" provides a standard based on what can be seen by the normal human eye neglects the subjective nature of what is observed by a normal human eye. The Court's construction thus reflects the subjective and indefinite nature of the uniformity terms.

Dated:  November 13, 2020                    Respectfully submitted,

                                             */s/ Melissa R. Smith*
                                             Matthew S. Yungwirth
                                             Glenn D. Richeson
                                             DUANE MORRIS LLP
                                             1075 Peachtree Street, Suite 2000
                                             Atlanta, Georgia  30309
                                             P: (404) 253.6900 | F: (404) 253.6901
                                             msyungwirth@duanemorris.com
                                             gdricheson@duanemorris.com

                                             Melissa R. Smith
                                             GILLAM & SMITH, LLP
                                             TX State Bar No. 24001351
                                             303 S. Washington Avenue
                                             Marshall, Texas 75670
                                             P: (903) 934-8450 | F: (903) 934-9257
                                             melissa@gillamsmithlaw.com

                                             Gilbert A Greene
                                             DUANE MORRIS LLP
                                             900 S. Capital of Texas Hwy., Suite 300
                                             Austin, TX 78746-5435
                                             P: 713-402-3946 | F: 713-513-3583
                                             BGreene@duanemorris.com

                                             ***Counsel for Defendants***
                                             ***Holophane Europe Limited, Acuity Brands***
                                             ***Lighting De Mexico S De RL De CV,***
                                             ***Holophane, S.A. De C.V., and Arizona***
                                             ***(Tianjin) Electronics Products Trade Co.,***
                                             ***LTD.***

                                             */s/ Jeffrey L. Johnson (With permission)*
                                             J. Mark Mann
                                             State Bar No. 12926150
                                             G. Blake Thompson
                                             State Bar No. 24042033
                                             MANN | TINDEL | THOMPSON
                                             300 West Main Street
                                             Henderson, Texas 75652
                                             P: (903) 657-8540 | F: (903) 657-600
                                             mark@themannfirm.com
                                             blake@themannfirm.com

Jeffrey L. Johnson
Texas Bar No. 24029638
ORRICK, HERRINGTON& SUTCLIFFE LLP
609 Main, 40th Floor
Houston, Texas 77002
P: (713) 658-6450 | F: 713) 658-6401
jj@orrick.com

T. Vann Pearce, Jr.
ORRICK, HERRINGTON& SUTCLIFFE LLP
Columbia Center 1152 15th Street N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
vpearce@orrick.com

***Attorneys for Defendant***
***YAHAM OPTOELECTRONICS CO., LTD.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on November 13, 2020, a true-and-correct copy of

the foregoing document was served *via* the Court's CM/ECF system on all counsel of record.

/s/ Melissa R. Smith