**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | ) | Case No. 2:19-cv-00291-JRG-RSP |
| | ) | (LEAD CASE) |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| HOLOPHANE EUROPE LIMITED, | ) | |
| ACUITY BRANDS LIGHTING DE | ) | |
| MEXICO S DE RL DE CV, HOLOPHANE | ) | |
| S.A. DE CV and ARIZONA (TIANJIN) | ) | |
| ELECTRONICS PRODUCT TRADE CO., | ) | |
| LTD., | ) | |
| YAHAM OPTOELECTRONICS CO., LTD., | ) | Case No 2:19-cv-00398-JRG-RSP |
| | ) | (CONSOLIDATED CASE) |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S**
**RESPONSE TO DEFENDANTS' AMENDED OBJECTIONS**
**TO CLAIM CONSTRUCTION ORDER (DKT. 120)**

Plaintiff Ultravision Technologies, LLC ("Plaintiff" or "Ultravision"), through its undersigned counsel, hereby responds to Defendants Holophane Europe Limited, Acuity Brands Lighting de Mexico S de RL de CV, Holophane S.A. de CV, Arizona (Tianjin) Electronics Product Trade Co., Ltd., and Yaham Optoelectronics Co., Ltd.'s (collectively "Defendants") Amended Objections to Claim Construction Order (Dkt. 120) relative to Magistrate Judge Payne's Claim Construction Order filed October 26, 2020 (Dkt. 111) ("Order").

## I.      INTRODUCTION

Defendants' mere disagreement with two claim constructions rendered by Judge Payne does not warrant reversal.  Defendants have not shown that Judge Payne's claim constructions were clearly erroneous or contrary to law.  Judge Payne did not overlook or ignore any evidence or arguments, rather, he carefully considered the exact arguments presented by Defendants in their Objections and rejected them.  Therefore, Defendants' objections should be overruled.

## II.     LEGAL STANDARD

A non-dispositive decision must be modified or set aside if it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "Mere disagreement with a district court's order does not warrant reconsideration of that order."  *Oyster Optics, LLV v. Coriant Am. Inc.*, No. 2:16-cv-01302-JRG, 2018 WL 7019353, at *1 (E.D. Tex. Mar. 2, 2018) (Gilstrap, J.).  A court has not committed a "clear error" unless a reviewing court would be "left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

## III.    ARGUMENT

The court properly construed the "Area" terms and the "Uniformity" terms and Judge Payne's claim construction order is not clearly erroneous.

A.      "area" / "rectangular area" / "rectangular region"

Defendants attempted at claim construction to have these terms limited to the disclosed

embodiment of billboard and signage lighting, which was rejected in favor of the correct plain

meaning construction.  Dkt. 111, at 48-50.  Judge Payne found that these terms are

"unambiguous, easily understandable by a jury, and should be given their plain and ordinary

meaning." *Id.* at 50.  Judge Payne correctly summarized the parties' positions and noted that, in

addition to the terms being unambiguous, the intrinsic evidence supported a plain meaning

construction.

Judge Payne noted that other claims in the patent family claim that the region to be

illuminated is a "display surface," rather than an "area." *Id.*  Judge Payne considered that Claim

1 of the '738 patent recites "a display surface having a substantially rectangular region" and that

another independent claim, 19, recites "a lighting assembly configured to illuminate a

substantially rectangular region." *Id.*  Judge Payne construed "display surface" to be "sign

surface," but noted that the "area" terms are broader. *Id.* at 48, 50.  Judge Payne also noted that

Federal Circuit case law prohibits limiting the claims of a patent to the description in a single

embodiment. *Cont'l Circuits LLC v. Intel Corp.*, 915 F.3d 788, 797 (Fed. Cir. 2019).

Defendants' chief argument appears to be that defendants "conceded" that all of the

claims in all of the patents-in-suit are limited to LED lighting for signs.  Dkt. 120, at 1.

Ultravision made no such concession.  During the hearing, Ultravision's counsel noted that the

disclosed embodiment is an LED light for use as billboard or signage lighting, but that the person

of ordinary skill in the art would understand the claims to be not so limiting:

> [T]he best evidence here as to what the claim's scope should be []
> the inventor's intent is clearly expressed in the intrinsic record.  That
> intent is expressed in the claim terms.  And while, yes, we look to
> the specification to construe the claim terms, *when the claim terms*
> *in and of themselves, standing alone, make clear that the inventor*

2

> *intended to have different claim scope in different claim terms – he understood what a billboard was and what a sign was and, yet, he chose not to include those limitations within those specific claim terms.*

*Markman* Hr'g. Tr., 50:19-51:4, Sept. 9, 2020 (emphasis added).  Far from a concession, Plaintiff's counsel actively advocated that the claims be *not* limited to billboard or signage lighting.[1]  Defendants then go on to recycle what they contend to be a limiting statement in the specification, which was present in the original claim construction and considered by Judge Payne, and state that Defendants "did not propose a construction that is limited to the single billboard embodiment of the specification," (Dkt. 120 at 2), but do not explain how attempting to construe the term "area" to mean "sign" is anything other than reading the embodiment from the specification into the claims.  Defendants do not claim that Judge Payne overlooked evidence, misread the patents, misread case law, or committed any other reversible error.  Defendants instead repeat their failed arguments in which they attempt to commit the cardinal sin of importing a limitation from the specification into the claims, and therefore have not identified any reversible error.

Defendants also attempt to undermine Judge Payne's careful consideration of recent Federal Circuit precedent in *Continental Circuits*, arguing that the court in that case "addressed a very different issue."  Dkt. 120, at 2.  But Defendants do not explain how the issue addressed in that case, whether to read a disclaimer from the specification into the claims, is "very different" from the issue here.  Defendants merely argue that in *Continental Circuits*, the "specification used exemplary language and was clear to avoid explaining the scope of the invention according

---

[1] Defendants also reference, but do not cite to, a claim construction transcript from a previous case involving some of the same patents which settled prior to Judge Payne rendering his claim construction order.  The accused products in that case were all billboard lights and, thus, the claim construction issue of whether the claims are so limited was not raised in that litigation.

to a particular embodiment." *Id.* at 3.  But that is the same issue as addressed by Judge Payne in the context of this dispute – whether embodiments in the specification rise to the level of lexicography or disclaimer so as to limit claims to "signs" when the claims themselves do not recite signs.  The guidance gleaned from *Continental Circuits*, that claims reciting the terms "surface," "removal," and "etching" should not be construed to mean that they be "produced by a repeated desmear process," despite the specification only describing their production by such a process, is directly related to the issue here.

Defendants then attempt to argue that this issue is more akin to an earlier case, *Wis. Alumni Research Found. v. Apple Inc.*, 905 F.3d 1341 (Fed. Cir. 2018).  First, the *WARF* case was not cited in Defendants' claim construction brief in support of their argument for the "area" terms, and thus they should not be permitted to make a new legal argument regarding this case in their objections to Judge Payne's order.  Second, even if the Court does consider that case, it is inapposite.  The issue in *WARF* involved the claim term "prediction" that was "repeatedly and consistently" characterized as a dynamic prediction rather than a static prediction.  *Id.* at 1351. The Federal Circuit determined that the narrower construction of a dynamic prediction was the proper construction.  Here, the patents do not "repeatedly and consistently" describe a light to only be used for signage lighting.  The embodiment that does mention an intended use is that of a billboard light, yet other embodiments as well as the relevant claims are silent as to the intended use.  *See* Dkt. 96-2. Ex. 1, FIGS. 7A-B and 8A-J, 7:21-8:30.  Defendants' argument that Judge Payne's reliance on *Continental Circuits* is a clear error should be rejected.

Finally, and most perplexingly, Defendants claim that the "plain and ordinary meaning" construction that was issued by Judge Payne, is a "sign with its defined boundaries."  Dkt. 120 at 3-4.  Defendants claim that the plain meaning of the term "area" is somehow narrower than the

construction they advocated for, and which was rejected, is nonsensical.  Had Judge Payne intended to import a definition into this term, he would have done so.  The only "clear error" would be to limit the claims as Defendants suggest.

**B.    Uniformity Terms**

Defendants next argue that the claim terms regarding the "uniformity" of the emitted light are terms of degree and thus indefinite.  Defendants again repeat the identical case law and arguments that were considered by Judge Payne and rejected.  Judge Payne construed the "uniformity" terms to mean "does not create noticeable unevenness, such as hot spots or dead spots."  Dkt. 111 at 15-21.  Considering that the term "visually negligible" was held to be not indefinite in *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370, 1378 (Fed. Cir. 2017), Judge Payne reasoned that the uniformity of light involves "what can be seen by the normal human eye" and that this "provides an objective baseline through which to interpret the claims," going so far as to note that "the specification discloses how a person of ordinary skill in the art recognizes when the illumination is not uniform."  Dkt. 111, at 18.  After painstakingly evaluating the specification, the claims, and the parties' arguments, Judge Payne concluded that these claim elements were not indefinite and applied a construction.

Defendants argue that the "noticeable unevenness" in the construction "substitutes one subjective term for another."  Dkt. 120 at 4.  But Defendants ignore that what is visually "noticeable" is not *per se* indefinite.  *See Sonix*, 844 F.3d at 1378-79.  Here, as above, Defendants argue that their disagreement with Judge Payne's conclusion somehow means that his analysis was clear error.  But, as above, Defendants do not point to a misapplication of the law, a factual error, or any other reason for the "clear error" except that they would prefer the Court invalidate all of the claims for indefiniteness.  Defendants' objections should be overruled.

Dated: November 17, 2020

Respectfully submitted

*/s/ Alfred R. Fabricant*

Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF
ULTRAVISION TECHNOLOGIES,
LLC**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on November 17, 2020, a true and correct copy of

the above and foregoing document has been served on counsel of record via the Court's

CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
