# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE C.V., and ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE COMPANY, LTD.,<br><br>        Defendants. | Case No. 2:19-cv-00291-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF U.S. PATENT NOS. 8,870,410 AND 8,870,413**

# **TABLE OF CONTENTS**

                                                                                                       **Page**

I.    INTRODUCTION ..................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED ....................................................2

III.    BACKGROUND ....................................................................................................2

        A.    The Accused '410 and '413 Patents.............................................................. 2

        B.    The Accused Sign-Vue LED II Product ...................................................... 3

        C.    Ultravision's Infringement Theory ............................................................... 4

IV.    STATEMENT OF UNDISPUTED FACTS ..........................................................6

V.    SUMMARY JUDGMENT STANDARD...............................................................6

VI.    ARGUMENT .........................................................................................................7

        A.    The Sign-Vue LED II Does Not Literally Infringe the Asserted Claims Based on a Plain Reading of the Claim Language.................................... 8

        B.    Ultravision's Argument Is Premised on a Belated and Faulty Claim Construction Argument................................................................................ 9

VII.    CONCLUSION....................................................................................................11

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Celotex Corp. v. Catrett*
   477 U.S. 317 (1986)............................................................................................................6

*Exigent Tech. Inc. v. Atrana Solutions, Inc.*
   442 F.3d 1301 (Fed. Cir. 2006)..........................................................................................7

*Gen. Mills, Inc. v. Hunt-Wesson, Inc.*
   103 F.3d 978 (Fed. Cir. 1997)............................................................................................7

*Gentry Gallery, Inc. v. Berkline Corp.*
   134 F.3d 1473 (Fed. Cir. 1998)...................................................................................... 6-7

*LED. KCJ Corp. v. Kinetic Concepts, Inc.*
   223 F.3d 1351 (Fed. Cir. 2000)........................................................................................10

*Novartis Corp. v. Ben Venue Labs., Inc.*
   271 F.3d 1043 (Fed. Cir. 2001)..........................................................................................7

*TechSearch, L.L.C. v. Intel Corp.*
   286 F.3d 1360 (Fed. Cir. 2002)...................................................................................... 6-7

*Telemac Cellular Corp. v. Topp Telecom, Inc.*
   247 F.3d 1316 (Fed. Cir. 2001)..........................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56................................................................................................................6

Fed. R. Civ. P. 56(a) ..........................................................................................................1

U.S. Patent No. 10,223,946................................................................................................9

U.S. Patent Nos. 8,870,410 ...........................................................................1-2, 5-7, 9-10

Pursuant to Federal Rule of Civil Procedure 56(a), Defendants Holophane Europe Limited, Acuity Brands Lighting De Mexico S de RL de CV, Holophane, S.A. de C.V., and Arizona (Tianjin) Electronics Products Trade Co., LTD (collectively "Defendants") hereby move for summary judgment of non-infringement of U.S. Patent Nos. 8,870,410 (the "'410 Patent")(Richeson Dec.[1], Ex. 1) and 8,870,413 (the "'413 Patent)(Richeson Dec., Ex. 2) (collectively the "'410 and '413 Patents").

I.  INTRODUCTION

Ultravision's claims should be dismissed in their entirety for the reasons set forth in Defendants' Motion for Summary Judgement of Non-Infringement (Dkt. No. 128). However, even if the Court determines there is a genuine issue of material fact as to whether Defendants committed any acts in the United States and/or induced any activity by a third-party infringer, Ultravision's infringement claims related to the '410 and '413 Patents should be dismissed because the single accused product -- the Sign-Vue LED II -- does not include a lens/optical element



disposed over "<u>only one associated LED</u>" as required by all asserted claims of the '410 and '413 Patents. Instead, each accused lens/optical element is disposed over seven LEDs that are depicted in yellow.

This dispositive issue was brought to the attention of Ultravision and its response was to argue for the first time that the limitation of each lens/optical element is "disposed over only one

---

[1] Declaration of Glenn Richeson (Richeson Decl.) in Support of Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 8,870,410 and 8,870,413.

associated LED" does not actually mean what it says; and instead, can be satisfied as long as the lens/optical element is disposed over at least one LED. In other words, Ultravision did not raise a factual dispute about the structure of the accused Sign-Vue LED II product; the only dispute arises from its belated and facially unreasonable claim construction argument. Because Ultravision's belated claim construction argument contradicts the plain language of the claim and the clear disclosure in the specification, the Court should grant summary judgment of non-infringement for the '410 and '413 Patents.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Whether the asserted claims of the '410 and '413 Patents, all of which require a lens ('410 Patent) or optical element ('413 Patent) that is "disposed over *only one* associated LED," are infringed by the Sign-Vue LED II product that includes lenses each disposed over seven LEDs.

## III.   BACKGROUND

### A.   The Accused '410 and '413 Patents

The asserted independent claims of the '410 and '413 Patents are directed to an "optics panel for use in a light emitting diode (LED) lighting assembly." '410 Patent at Claim 10, '413 Patent at Claim 1. Independent claim 10 of the '410 Patent is exemplary:

> 10. An optics panel for use in a light emitting diode (LED) lighting assembly for illuminating a billboard that has a display surface extending between outer edges of the billboard, the optics panel comprising:
>
> a plurality of LEDs directed toward the display surface; and
>
> a plurality of lenses, **wherein each lens is disposed over only one associated LED and is configured to direct light from that LED toward the display surface**, such that the light from each lens is directed across the entire display surface of the billboard, wherein the light intensity from each lens is substantially uniform across the entire display surface.

'410 Patent Claim 10 (emphasis added); *see also* '413 Patent Claim 1 (claiming "a plurality of optical elements, each optical element disposed over only one associated LED and configured to

2

direct light from that LED toward the display surface,"). As highlighted above, all asserted independent claims require that each optical element or lens is "disposed over *only one* associated LED."

### B.   The Accused Sign-Vue LED II Product

Ultravision accuses only the Sign-Vue LED II of infringing the '410 and '413 Patents.[2] Each lens of the Sign-Vue LED II is disposed over a cluster of seven (7) LEDs.[3] Defendants and their expert provided substantial evidence that the Sign-Vue LED II has four sets of seven LEDs and a distinct lens disposed over each respective set of LEDs. Gershowitz Report, Ex. 4 ("Gershowitz Rep."). at ¶ 128:



---

[2] Richeson Decl., Ex. 3, Ultravision Infringement Contentions Cover Pleading.

[3] Richeson Decl., Ex. 4, Gershowitz Rep. at ¶¶ 127-128; *See also*, Richeson Decl., Exs. 5 and 6,

3



### C. Ultravision's Infringement Theory

In its infringement contentions, Ultravision glossed over this limitation, as reflected in its annotations and discussions of the accused products.[4] It merely identified the lenses and stated that they were disposed over only one LED. (*Id.*) Ultravision did

---

[4] *See, e.g.*, Richeson Decl., Exs. 5 and 6,

not ever move the Court to amend its infringement contentions, yet its infringement theory changed in an attempt to address the fact that there are seven LEDs, rather than one LED, under each lens.



When confronted with this issue, Ultravision responded by arguing that the claim limitation "a plurality of [optical elements / lens], each [optical elements / lens is] disposed over only one associated LED" does not actually require that the lens be disposed over one LED. Instead, based on the claims' earlier use of the word "comprising", the "over only one associated LED" actually means over at least one LED because there can be additional unaccounted for LEDs in the claimed

optics panel. Richeson Decl. Ex. 7, Nov. 5, 2020 Letter from Ultravision's Counsel re Infringement Allegations.

## IV. STATEMENT OF UNDISPUTED FACTS

1. Ultravision accuses Defendants of infringing claims 10, 11, and 14 of the '410 Patent and claim 1 of the '413 Patent.[5] Every asserted claim in the '410 and '413 Patents includes the limitation "disposed over only one associated LED." *Id*.

2. For the '410 and '413 Patents, Ultravision only accuses the Sign-Vue LED II. Each lens or optical element of the Sign-Vue LED II is disposed over seven LEDs.[6]

## V. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To support a summary judgment of non-infringement the moving party must show that, on the correct claim construction, no reasonable jury could find infringement on the undisputed facts or when all reasonable factual inferences are drawn in favor of the patentee. *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1371 (Fed. Cir. 2002). "Thus, the party opposing the motion for summary judgment of non-infringement must

---

[5] Ultravision alleges that the Sign-Vue LED II product is the Defendants' infringing product. However, the evidentiary record identifies that the Sign-Vue LED II product is not associated with every Defendant.

[6] Richeson Decl., Ex. 4, Gershowitz Rep. at ¶¶ 119-120, 127-128; Richeson Decl., Exs. 5, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Richeson Decl., Ex. 8, ▓▓▓▓▓▓▓▓▓▓

6

point to an evidentiary conflict created on the record . . . . Mere denials or conclusory statements are insufficient." *Id.* at 1372.

Finding infringement is a two-step process. *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998). "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Id.* "Literal infringement requires that every limitation of the patent claim be found in the accused [instrumentality]." *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997). The absence of a single claim limitation from the accused product precludes a finding of literal infringement. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001).

Defendants "may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). "[N]othing more is required than the filing of a summary judgment motion stating that the patentee had no evidence of infringement and pointing to the specific ways in which accused systems did not meet the claim limitations." *Exigent Tech. Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1308-09 (Fed. Cir. 2006).

## VI.   ARGUMENT

The Court should grant summary judgment of non-infringement because the undisputed evidence establishes that the Sign-Vue LED II product does not meet the lens / optical element "disposed over only one associated LED" limitation.

7

### A.  The Sign-Vue LED II Does Not Literally Infringe the Asserted Claims Based on a Plain Reading of the Claim Language

The asserted claims for the '410 and '413 Patents require that the claimed optics panel comprise: (i) a plurality of LEDs directed toward the display surface; and (ii) a plurality of lenses (or optical elements), wherein each lens (or optical element) is ***disposed over only one associated LED***. '410 Patent at Claim 10.[7] Ultravision's infringement argument is premised on its reading out of the claim the limitation that there be a one to one relationship between the claimed LEDs and lenses.  But the plain language of the claim is clear: each lens (or optical element) is "disposed over *only one* associated LED."[8]

There simply is only one reasonable claim interpretation here because "only one" can mean only one thing – a one to one relationship between the claimed lenses and the one LED that is associated with the lens, *i.e.*, disposed under it.  Ultravision's alternate interpretation that allows for the selection of one LED among many LEDs disposed under the lens renders "only one" meaningless and is an unreasonable interpretation.  Given the physical structure of the Sign-Vue LED II and its arrangement of seven LEDs for each lens, there simply is no basis for Ultravision to claim infringement.

---

[7] [redacted]

[8] And if this claim language is not sufficiently clear on its face, it is further clarified by the language that follows: "each lens . . . is configured to direct light from that LED", where "that LED" is the "*only one* associated LED."

8



      **B.**      **Ultravision's Argument Is Premised on a Belated and Faulty Claim Construction Argument**

To the extent that Ultravision contends that this summary judgment motion invokes a claim construction dispute, that argument should be rejected for two reasons. First, Ultravision's argument is too late. Ultravision was obligated to conduct a good faith infringement investigation prior to filing this lawsuit and, therefore, is presumed to have been aware that there were seven LEDs associated with each lens. This basic design feature of the accused Sign-Vue LED II is readily ascertained from a basic inspection and not the type of issue that could not be ascertained until later in fact discovery. Thus, if Ultravision intended to rely on a construction of "only one associated LED" that is not the plain and ordinary meaning (as it now advocates), it should have identified that claim construction dispute prior to the claim construction hearing.

Second, Ultravision's apparent claim construction argument, *i.e.*, that "only one associated LED" means <u>at</u> <u>least</u> <u>one</u> of the plurality of LEDs -- is not supported by the intrinsic record. In addition to being contrary to the plain language of the claims, it is contrary to other claims in which the applicant explicitly claimed a lens disposed over one or more LEDs or allowed for such an

9

interpretation. *See, e.g.,* U.S. Patent No. 10,223,946[9] at Claim 1 ("each convex optical element overlying an associated one or more of the LEDs"); '410 Patent Claim 15 ("the plurality of optical elements disposed over the plurality of LEDs and configured to direct light from each of the plurality of LEDs", Claim 21 ("the plurality of optical elements disposed over the plurality of LEDs and configured to direct light from each of the plurality of LEDs"). Furthermore, the language used in the asserted claims of the '410 and '413 Patents is consistent with the description of Figures 5A-5D, which discloses that the "substrate 520 has a plurality of lens structures 522, each associated with one of the LEDs 416, such that each of the LEDs 416 has the light emitted therefrom directed outward towards the surface, each lens structure being substantially the same." Richeson Decl., Ex.1, '410 Patent at 4:29-33.



Richeson Decl., Ex. 1, '410 Patent at Figs. 5A and 5C.

Likewise, the claims' use of the phrase "comprising" does not dictate a different construction, as Ultravision argues in its letter. Richeson Decl. Ex. 7, Nov. 5, 2020 Letter from Ultravision's Counsel re Infringement Allegations. Comprising, as used in the claims' preambles, means that the claimed "optics panel for use in a light emitting diode (LED) lighting assembly" can include components in addition to the claimed (i) plurality of LEDs and (ii) plurality of lens / optical elements, each ***disposed over only one associated LED***. *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000) (transitional phrase "comprising" means including but

---

[9] Richeson Decl., Ex. 9, U.S. Patent No. 10,223,946 is in the same family and has an identical specification as the '410 and '413 Patents; and is asserted against Defendants in this case.

not limited to.). However, the transitional phrase "comprising" does not permit ignoring explicit claim limitations. Here, the plurality of lenses limitation is explicitly limited by the claim language that each lens respectively be "disposed over only one associated LED." Thus, even if the claim permits the optics panel to included non-claimed components (*e.g.*, a heat sink), the claimed lenses must still satisfy the limitation that each is ***disposed over only one associated LED***.

Likewise, Ultravision's antecedent basis argument expressed in its letter supports Defendants' position, not Ultravision's belated construction. The claim requires a plurality of LEDs and then makes clear that each lens is disposed over only one of the LEDs. Nothing about the plurality of LEDs limitation providing antecedent basis for the LED that is associated with the lens suggests that only one associated LED really means one or more LEDs, as Ultravision suggests.

Therefore, to the extent that Court is inclined to revisit claim construction, a task that Defendants contend is neither appropriate nor necessary, the Court should give this claim limitation its plain and ordinary meaning, which is consistent with Defendants' non-infringement argument presented here.

## VII.   CONCLUSION

It is undisputed that the Sign-Vue LED II has individual and distinct lenses each disposed over seven LEDs and, therefore, a finding of no infringement is appropriate.

November 23, 2020                                    Respectfully submitted,

/s/ *Matthew S. Yungwirth*
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000
Atlanta, Georgia  30309
Telephone:  (404) 253.6900
Facsimile:  (404) 253.6901

Melissa Richards Smith (TBN 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone:  903-934-8450
Facsimile: 903-934-9257

Gilbert A Greene
BGreene@duanemorris.com
**DUANE MORRIS LLP**
900 S. Capital of Texas Hwy.
Suite 300
Austin, TX 78746-5435
Telephone:  713-402-3946
Facsimile:  713-513-3583

*Counsel for Defendants Holophane Europe Limited, Acuity Brands Lighting De Mexico S De RL De CV, Holophane, S.A. De C.V., and Arizona (Tianjin) Electronics Products Trade Co., LTD.*



## CERTIFICATE OF SERVICE

I certify that on November 23, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Melissa R. Smith*
Melissa R. Smith

13