**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ULTRAVISION TECHNOLOGIES, LLC,

Plaintiff,

v.

HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE C.V., and ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE COMPANY, LTD.,

Defendants.

Case No. 2:19-cv-00291-JRG-RSP

**JURY TRIAL DEMANDED**

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. ZANE COLEMAN'S EXPERT REPORT REGARDING INFRINGEMENT THEORIES NOT DISCLOSED IN FACT DISCOVERY AND PLAINTIFF'S ARGUMENT OF THE SAME**

# TABLE OF CONTENTS

Page

I. FACTUAL BACKGROUND ....1

A. Ultravision's Allegations in Its Amended Complaint.... 1

B. Ultravision's Infringement Contentions .... 3

C. Fact Discovery Related to Indirect Infringement and the Accused Products .... 3

D. Ultravision's Expert Report on Infringement .... 5

II. APPLICABLE LAW ....6

III. ARGUMENT ....7

A. Ultravision Failed to Pursue and Did Not Provide Any Detailed Disclosure of Its Indirect Infringement Theory. .... 7

B. Ultravision Failed to Identify the RSXF Family of Products as Accused Products.... 8

C. The Factors Favor Exclusion of Any New Opinions or Arguments.... 9

1. Ultravision Has No Justification for its Failure to Disclose its Induced Infringement Theory or the RSXF Family of Products .... 9

2. Importance of the Evidence .... 10

3. Prejudice to Defendants .... 10

4. The Availability of a Continuance.... 10

IV. CONCLUSION....10

# TABLE OF AUTHORITIES

## Federal Cases

*Arterbury et al v. Odessa Separator, Inc.*, No. 5:16-cv-00183-RWS-RSP, Dkt. 106 (E.D. Tex. Jan. 22, 2019) .......... 8-9

*Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819 (E.D. Tex. 2007) .......... 6

*CQ, Inc. v. TXU Min. Co., L.P.*, 564 F.3d 268 (5th Cir. 2009) .......... 7

*Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, ECF No. 296 (E.D. Tex. May, 25, 2012) .......... 9

*Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664 (E.D. Tex. 2007) .......... 7

*Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815 (E.D. Tex. 2006) .......... 7

*Semcon IP Inc. v. ZTE Corp.*, No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501808 (E.D. Tex. Feb. 28, 2018) (Gilstrap, J.) (Payne, J.) .......... 7

*Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430 (5th Cir. 2012) .......... 10

*Uniloc USA, Inc. v. Samsung Elecs. Am. Inc.*, No. 2:17-cv-00651, 2019 WL 2267212 (E.D. Tex. May 28, 2019) .......... 7, 10

## Federal Statutes

35 U.S.C. § 271(b) .......... 1

## Rules

Fed. R. Civ. P. 26 .......... 10

Fed. R. Civ. P. 26(a) .......... 7

Fed. R. Civ. P. 26(e) .......... 7

Fed. R. Civ. P. 30(b)(6) .......... 4

Fed. R. Civ. P. 37(c)(1) .......... 7

Defendants hereby move the Court to strike two parts of the expert report of Dr. Zane Coleman regarding the issue of infringement, *i.e.*, (i) Dr. Coleman's "conclusion" of induced infringement, and (2) Dr. Coleman's infringement theory directed to the RSXF family of products, and to preclude Ultravision from arguing these issues to the jury. Plaintiff Ultravision did not disclose either of these infringement theories in its P.R. 3-1 infringement contentions and, likewise, did not disclose these theories in response to Defendants' fact discovery. Accordingly, if the Court denies Defendants' Motion for Summary Judgment of Non-Infringement of the Asserted Patents (Dkt. 128), Ultravision and its experts, nevertheless, should not be permitted to present expert testimony or argument based on infringement theories that Ultravision withheld from Defendants during discovery.

# I. FACTUAL BACKGROUND

## A. Ultravision's Allegations in Its Amended Complaint

Ultravision filed an Amended Complaint on December 18, 2019, alleging that Defendants infringe U.S. Patent Nos. 8,870,410 (the "'410 Patent"), 8,870,413 (the "'413 Patent), and 10,223,946 (the "'946 Patent) (collectively the "Asserted Patents"). In the Amended Complaint, Ultravision alleges direct infringement based on the Defendants' alleged "making, using, offering to sell, and/or selling infringing products in the State of Texas and in this Judicial District and/or importing infringing products into the United States. . . ." Dkt. 22 at ¶ 10. Ultravision likewise alleges indirect infringement based on generic statements that Defendants encourage infringement:

> Defendants knowingly and intentionally induce infringement of one or more claims of the '410 Patent in violation of 35 U.S.C. § 271(b), including at least claim 15, by taking active steps, directly and/or through intermediaries, to encourage others, including customers, installers, and end-users, to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including but not limited to Defendants' Sign-Vue LED II product, with the specific intent to cause them to use the accused products in an infringing manner. Such steps by Defendants include, among other things, advising or directing customers, installers, and end-users to use the accused products in an infringing manner; advertising and

> promoting the use of the accused products in an infringing manner; and/or providing manuals, guides, installation instructions and other documentation that guide end-users to use the accused products in an infringing manner. Defendants are performing these steps with knowledge of the '410 Patent and with knowledge that the induced acts constitute infringement, at least as of the date of the initial Complaint filed in this action. Upon information and belief, Defendants are aware that the normal and customary use of the accused products by Defendants' customers would infringe the '410 Patent. Defendants' inducement is ongoing. Upon information and belief, with knowledge and intent, or with willful blindness, Defendants are encouraging and facilitating infringement of one or more claims of the '410 Patent by others, including at least claim 15. For example, upon information and belief, Defendants sell or otherwise provide products, including but not limited to Defendants' Sign-Vue LED II product, to distributors, installers, or U.S.-based sales entities, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States in an infringing manner. Defendants took active steps, directly and/or through intermediaries, with the specific intent to cause end-users to import, sell, or offer to sell the accused products in a manner that infringes one or more of the claims of the '410 Patent, including at least claim 15. Such steps by Defendants include, among other things, making or selling the accused products outside of the United States for importation into or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing its intermediaries, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or their behalf, to import, sell, or offer to sell the accused products in an infringing manner. Defendants performed these steps with knowledge of the '410 Patent, and with knowledge that the induced acts constitute infringement, at least as of the date of the initial Complaint filed in this action. Defendants performed such steps in order to profit from the eventual sale of the accused products in the United States. Defendants' inducement is ongoing.

*Id*. at ¶ 38 (similar allegations for other two patents are at ¶¶ 51-52 and 69-70). While Ultravision's allegation is verbose, it refers to generic activity that mimics the standard and, includes numerous statements made "upon information and believe." In any case, Ultravision did not pursue nor obtain any evidence during fact discovery to support any of these allegations, as detailed below.

Also of importance to this Motion, Ultravision's Amended Complaint identified 4 products families that were the subject of its infringement allegations: "Sign-Vue LED II, Mongoose LED, KAX (KAX1 and KAX2), and RSX (RSX2 and RSX3) products." *Id*. at ¶ 25. Notably, the RSXF family of products was not identified in the Amended Complaint.

### B. Ultravision's Infringement Contentions

On January 28, 2020, Ultravision provided its Disclosure of Asserted Claims and Infringement Contentions to the Holophane Defendants.[1] In those Contentions, Ultravision did not make any reference to a theory of indirect infringement. In fact, neither of the words "indirect or induced" even appear on those Contentions.

Also of importance to this Motion, Ultravision identified in its Contentions the same accused products that were identified in the Amended Complaint, *i.e.*, Sign-Vue LED II, Mongoose LED, KAX (KAX1 and KAX2), and RSX (RSX2 and RSX3) products. *Id*. at pp. 2-3. In other words, the RSXF family of products was not identified in the identification of Accused Instrumentalities; nor was it identified in the claim charts for any of the Accused Instrumentalities.[2]

Notably, in August 2020, Ultravision proposed to amend its Contentions to add several new products.[3] The proposed amendments, however, did not include any new theory directed to indirect infringement, nor any claims against the RSXF family of products. *Id*. Ultravision never moved the Court to amend its contentions and, instead, pursued its claims against the new products in the co-pending case against Acuity Brands Lighting, Inc. in Delaware.[4]

### C. Fact Discovery Related to Indirect Infringement and the Accused Products

Throughout discovery, Ultravision failed to provide discovery on any theory of indirect infringement and did not identify the RSXF family of products as among the accused products.

---

[1] *See* Excerpts of Disclosures attached as Exhibit 1 to Yungwirth Declaration, which is attached hereto as Exhibit 1.

[2] See, e.g., Excerpts of App'x. 5 to Ultravision's P.R. 3-1 Disclosures, attached as Ex. 1 to Yungwirth Declaration.

[3] *See* Excerpts of "Ultravision's Disclosure of Asserted Claims and Infringement Contentions to the Holophane Defendants" attached as Exhibit 2 to Yungwirth Declaration.

[4] See Ultravision's Rule 7(a) Disclosures served in the co-pending Delaware case, attached as Exhibit 3 to Yungwirth Declaration.

First, on August 25, 2020, Defendants served a 30(b)(6) deposition notice on Ultravision. Among other things, Defendants sought testimony from Ultravision's corporate representative regarding Ultravision's infringement allegations including, the basis of its infringement claim and the facts and circumstances of its infringement analysis. In response to these topics, Ultravision agreed to provide a corporate representative to testify on its behalf, subject to its objections.[5]

For example, Interrogatory No. 5 sought the facts and details regarding the nature of Ultravision's damages claims, which would include any claim for damages arising from indirect infringement, as alleged in the Amended Complaint.

[5] *See, e.g.*, Ultravision's Responses and Objections to Defendants' Notice of Deposition at Topics, 21, 22, and 24, attached as Ex. 4 to Yungwirth Declaration.

[6] Excerpts attached as Ex. 5 to Yungwirth Declaration.

[redacted] Likewise, Ultravision's interrogatory responses did not identify the RSXF family of products as accused products. [redacted]

**D. Ultravision's Expert Report on Infringement**

On October 19, 2020, Ultravision served the Expert Report of Zane Coleman Ph.D. Regarding Infringement of U.S. Patent Numbers 8,870,410, 8,870,413, and 10,223,946 ("Coleman Infringement Rpt").[9] Two aspects of the Coleman Infringement Report are relevant to this Motion.

[redacted]

[7] See Plaintiff Ultravision Technologies, LLC's Second Supplemental Objections and Responses to the Holophane Defendants' First Set of Interrogatories (Nos. 1-9) at pp. 26-27 (attached as Exhibit 6 to Yungwirth Declaration).

[8] *See* Excerpts from Ultravision Technologies, LLC's First Supplemental Objections and Responses to the Holophane Defendants' Second Set of Interrogatories (Nos. 10-20) at pp. 10-12 (attached as Exhibit 7 to Yungwirth Declaration).

[9] Excerpts attached as Exhibit 8 to Yungwirth Declaration.



## II. APPLICABLE LAW

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). Local Patent Rule 3-1 requires that each party claiming infringement disclose, as specifically as possible, each accused product or process as to each asserted claim, and contentions are intended to provide for "full, timely discovery and provide parties with adequate notice and information with which to litigate their case." *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007). This Court has stated that a plaintiff must "set forth specific theories of infringement at the outset of the

10

11

case" and "'state specific theories of infringement.'" *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006).

Likewise, Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

In considering whether to exclude evidence or argument, this Court considers four factors: (1) the untimely party's explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to the objecting party in allowing the evidence, and (4) the availability of a continuance. *Uniloc USA, Inc. v. Samsung Elecs. Am. Inc.*, No. 2:17-cv-00651, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) (citing *CQ, Inc. v. TXU Min. Co., L.P.*, 564 F.3d 268, 280 (5th Cir. 2009)). Similar to the scenario presented here, where a party fails to accuse certain products of infringement, and subsequently submits an expert report containing opinions that allege or assume infringement by those products, this Court has determined that the appropriate remedy is exclusion of the expert opinions related to those products. *Semcon IP Inc. v. ZTE Corp.*, No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501808, at *3 (E.D. Tex. Feb. 28, 2018) (Gilstrap, J.) (Payne, J.) (striking portions expert report referring to infringement of previously unaccused products).

## III. ARGUMENT

### A. Ultravision Failed to Pursue and Did Not Provide Any Detailed Disclosure of Its Indirect Infringement Theory.

As a starting point, it is unclear whether Ultravision intends to present argument or opinions regarding an indirect theory of infringement. While the theory is referenced in its Amended Complaint, it was not disclosed in discovery, Ultravision's P.R. 3-1 Contentions or Ultravision's

expert reports. However, given the indirect infringement placeholders in Ultravision's expert reports, Defendants file this Motion under an abundance of caution and to avoid any trial surprise.

As detailed above, Ultravision did not provide proper notice of any actual induced infringement theory and, in fact, refrained from disclosing that theory in its P.R. 3-1 infringement contentions and later in its interrogatory responses and 30(b)(6) deposition testimony. *See, e.g.*, *Arterbury et al v. Odessa Separator, Inc.*, No. 5:16-cv-00183-RWS-RSP, Dkt. 106, at 2-6 (E.D. Tex. Jan. 22, 2019) (striking sections of expert report alleging doctrine of equivalents because doctrine of equivalents was not mentioned in plaintiff's contentions and "nothing is present within the infringement contentions to suggest that Plaintiffs are relying on the doctrine of equivalents theory."). The ***only*** reference to any theory of indirect infringement is boilerplate allegations in the Amended Complaint that Ultravision appeared to drop after the pleading stage. [redacted]

Accordingly, Ultravision and its technical expert, Zane Coleman, should be precluded from offering facts or opinions directed to an induced infringement theory.

### B. Ultravision Failed to Identify the RSXF Family of Products as Accused Products

Similarly, Ultravision did not provide proper notice that it intended to accuse the RSXF family of products by disclosing them in its P.R. 3-1 infringement contentions. *See, e.g.*, *Arterbury*, No. 5:16-cv-00183-RWS-RSP, Dkt. 106, at 2-6. Ultravision made no mention of this product until it disclosed its opening expert reports. [redacted] Both of these differences are relevant to the asserted claims of U.S. Patent No. 10,233,946 for which the RSXF is accused of

infringing. Particularly, claim 1 of the '946 Patent implicates the housing design (*i.e.*, form factor) and lenses that form the optical distribution for the RSXF products. Had Ultravision wanted to accuse this family of products, it could have sought leave to amend its P.R. 3-1 Contentions and, thereby, put Defendants on notice that technical issues related to that family are relevant subjects of fact and expert discovery. Ultravision never did so.

### C. The Factors Favor Exclusion of Any New Opinions or Arguments

The Court's four factor analysis as to whether to allow new opinions and arguments weigh in favor of excluding Ultravision's new claim of infringement by the RSXF family of products.[12]

#### 1. Ultravision Has No Justification for its Failure to Disclose its Induced Infringement Theory or the RSXF Family of Products

Here, Ultravision has not provided any justification for its failure to include facts and evidence in its Contentions, Interrogatory responses or 30(b)(6) deposition testimony regarding its new theory. Most notably, the RSXF family was not identified in any P.R. 3-1 Contention and Ultravision failed to prepare its corporate representative to provide any facts related to its infringement theories. Moreover, public information regarding the RSXF family of products was available and Ultravision relied on similar public information in presenting its claim charts for the other accused products in this case. *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, ECF No. 296 at 5-9 (E.D. Tex. May, 25, 2012) (denying plaintiff's request for leave to amend for lack of diligence because the newly accused websites had long been public); *see, e.g.*, App'x. 5 to Ultravision's P.R. 3-1 Disclosures, attached as Ex. 1 to Yungwirth Declaration. "A party's failure to provide any justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and may even be sufficient standing alone to support exclusion. *Uniloc*, 2019 WL

[12] Defendants do not provide a similar argument for any new opinions or arguments applicable to an indirect infringement theory, because none have been made. Instead, Ultravision's experts only appear to have included placeholders in their expert reports.

2267212, at *3 (citing *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012)). This factor weighs strongly in favor of exclusion.

2. Importance of the Evidence

[redacted]

3. Prejudice to Defendants

The deadlines for fact discovery and expert discovery have passed, and trial is on the horizon. While Defendants' expert attempted to rebut Dr. Coleman's new infringement theory in his expert report, he did so without the benefit of a full evidentiary record. And to the extent that Ultravision believes there is evidentiary support for its new claim, but that was not disclosed in its discovery responses or P.R. 3-1 Disclosures, that would be even more prejudicial to Defendants. *See Uniloc*, 2019 WL 2267212, at *8 (defendant was prejudiced by plaintiff's failure to disclose reliance on documents that were equally available to defendant because defendant had "a right under Rule 26 to be given fair notice" of Plaintiff's claims).

The factor favors exclusion.

4. The Availability of a Continuance

Given that fact and expert discovery have closed and the parties currently are preparing the final pretrial order and other pretrial disclosures in advance of the March 1, 2021 trial, a continuance is not reasonable under the circumstances.

## IV. CONCLUSION

If the Court determines that there is a material issue of genuine fact based on which Defendants' Motion for Summary Judgment of Non-Infringement of the Asserted Patents should be denied, Ultravision and its experts, nevertheless, should not be permitted to present expert

testimony or argument at trial related to a theory of indirect infringement or any theory of infringement directed to the RSXF family of products.

November 23, 2020

Respectfully submitted,

/s/ Matthew S. Yungwirth
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000
Atlanta, Georgia  30309
Telephone:  (404) 253.6900
Facsimile:  (404) 253.6901

Melissa Richards Smith (TBN 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone:  903-934-8450
Facsimile: 903-934-9257

Gilbert A Greene
BGreene@duanemorris.com
**DUANE MORRIS LLP**
900 S. Capital of Texas Hwy.
Suite 300
Austin, TX 78746-5435
Telephone:  713-402-3946
Facsimile:  713-513-3583

*Counsel for Defendants Holophane Europe Limited, Acuity Brands Lighting De Mexico S De RL De CV, Holophane, S.A. De C.V., and Arizona (Tianjin) Electronics Products Trade Co., LTD.*

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants, Matt Yungwirth and Tom Gorham, and counsel for Plaintiff, Joe Mercadante and Jennifer Truelove, met and conferred on November 23, 2020. Plaintiff is opposed to the relief sought in this Motion.

/s/ *Melissa R. Smith*
Melissa R. Smith