# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | ) | Case No. 2:19-cv-00291-JRG-RSP |
| | ) | (LEAD CASE) |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE CV and ARIZONA (TIANJIN) ELECTRONICS PRODUCT TRADE CO., LTD., | ) ) ) ) ) ) ) | |
| YAHAM OPTOELECTRONICS CO., LTD., | ) ) | Case No 2:19-cv-00398-JRG-RSP (CONSOLIDATED CASE) |
| Defendants. | ) ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S
OPPOSED MOTION TO STRIKE PORTIONS OF THE REBUTTAL EXPERT REPORT
OF MICHAEL N. GERSHOWITZ, PE REGARDING NON-INFRINGEMENT**

## **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 1

III. AS SET FORTH BELOW, MR. GERSHOWITZ'S OPINIONS DEVIATE IMPERMISSIBLY FROM THE COURT'S CLAIM CONSTRUCTION ORDER BECAUSE HE REQUIRES MORE THAN THE COURT'S CONSTRUCTION OF DISPLAY SURFACE (*I.E.* A "SIGN SURFACE"), AND REQUIRES MORE THAN THE PLAIN AND ORDINARY MEANING OF THE TERM "AREA"LEGAL STANDARD ........................................................................... 3

IV. ANALYSIS ...................................................................................................................... 5

V. CONCLUSION ................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atl. Thermoplastics Co., Inc. v. Faytex Corp.*,
  974 F.2d 1299 (Fed. Cir. 1992)..................................................................................................4

*BMC Software, Inc. v. Servicenow, Inc.*,
  No. 2:14-cv-903-JRG, 2016 WL 367251 (E.D. Tex. Jan. 29, 2016)..........................................4

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 2:13-cv-1112-JRG, 2015 WL 4944514 (E.D. Tex. Aug. 19, 2015) ................................4, 5

*Eidos Display LLC v. Chi Mei Innolux Corp.*,
  No. 6:11-cv-00201-JRG, 2017 WL 1213819 (E.D. Tex. Apr. 1, 2017) ....................................5

*EMC Corp. v. Pure Storage, Inc.*,
  154 F. Supp. 3d 81 (D. Del. 2016)..............................................................................................4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)..................................................................................................4

*Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*,
  589 F.3d 1179 (Fed. Cir. 2009)..................................................................................................4

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
  No. 6:11-cv-492-RWS-KNM, 2017 WL 4020591 (E.D. Tex. Sept. 13, 2017).........................4

*United States v. Valencia*,
  600 F.3d 389 (5th Cir. 2010) .....................................................................................................4

**Other Authorities**

Fed. R. Evid. 702 ................................................................................................................................4

I.  INTRODUCTION

Plaintiff Ultravision Technologies LLC ("Ultravision") respectfully submits this opposed motion to strike portions of the Rebuttal Expert Report of Michael N. Gershowitz, PE Regarding Non-Infringement (the "Gershowitz Report") relating to application of claim constructions that contradict the Court's Claim Construction Order. Mr. Gershowitz contradicts the Court's Claim Construction because he imposes minimum size requirements on the terms "display surface" and "area." *See* Ex. A at ¶¶ 132-139, 195-201, and 215-220. Related to his new size requirements, Mr. Gershowitz further contradicts the Court's constructions by imposing requirements on the position of the claimed lighting apparatus. *See e.g. id.* at ¶ 134. The Court's construction of "display surface" as "sign surface" and its ruling that "area" has its plain and ordinary meaning did not limit a "sign" or "area" to standard billboard sizes. Rather than applying the Court's claim constructions, Mr. Gershowitz creates these requirements by importing portions of the specification, and purporting to apply light spillage limitations of *non-asserted* claims. Accordingly, Mr. Gershowitz's non-infringement opinions regarding the size required for a "sign surface" or "area," and the position of the light fixture relative to the sign surface, at paragraphs 132-139, 195-201, 215-220, 222, 228, 232-233, 236, and 239 should be stricken because they are at least irrelevant to any issues in this case, highly prejudicial, and would be confusing and unhelpful to the trier of fact.

II.  FACTUAL BACKGROUND

On May 19, 2020, the parties submitted their P.R. 4-2 Disclosures providing their preliminary proposed claim constructions. The Defendants proposed that the term "display surface" be construed as "sign surface," and that the term "substantially the entire display surface" be ruled indefinite. Ex. B. at 5, 9. Defendants proposed that "area" be construed as "sign." Defendants' proposals made no mention of a size requirement. *Id.* Defendants' claim construction

briefing similarly failed to mention any purported size requirement for an area or sign surface. *See* Dkt. 91 at 23-27.

The Court construed "display surface" to mean "sign surface." Dkt. 111 at 48. The Court reasoned that "[t]he specification does include two instances where it suggest uses other than billboards. However, even in these two instances, the specification indicates that lighting may be applied to "any type of sign that is externally illuminated." '410 Patent at 2:6–9; *see also id*. at 6:47–52 ("It is understood that various standard configurations of the lighting assembly 11 may be developed for various billboard and/or other externally." *Id.* at 47-48.

The Court ruled that the term "area" has its plain and ordinary meaning, rejecting Defendants' proposal limiting the term to a "sign." *See* Dkt. 111 at 50. The Court reasoned that "the term "area" and "region" are broader than the previous term "display surface." Moreover, the intrinsic evidence indicates that when the patentees intended to limit an "area" or "region" to a "display surface," they did so explicitly. . . Here the Court finds that it would be improper to limit the broader terms "area" and "region" to the single "display surface" embodiment disclosed in the specification." *Id.* at 49-50.

On November 6, 2020, the Holophane Defendants submitted the Gershowitz Report. Mr. Gershowitz's non-infringement opinions imposed a minimum size requirement on "sign" of the Court's "display surface" construction based on the size of a standard billboard and on light spillage requirements purportedly from *non-asserted* claims. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Mr. Gershowitz,

similarly, imposed requirements on mounting position in relation to the display surface. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Gershowitz does not identify any support in the Court's construction for his new requirements that a "sign surface" be the size of a standard billboard, or that it be positioned at least 5 feet and 6 inches away from the sign to operate.

Mr. Gershowitz similarly imposed minimum size requirements on the plain and ordinary meaning of the term "area." ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Gershowitz similarly fails to identify any support for these new requirements in the plain meaning of "area."

The Asserted Claims do not include any limitations on a minimum size, or a maximum light spillage beyond the display or area. During his deposition, Mr. Gershowitz could not identify any such limitations. *See* Ex. C at 98:9-103:3. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

### III. AS SET FORTH BELOW, MR. GERSHOWITZ'S OPINIONS DEVIATE IMPERMISSIBLY FROM THE COURT'S CLAIM CONSTRUCTION ORDER BECAUSE HE REQUIRES MORE THAN THE COURT'S CONSTRUCTION OF DISPLAY SURFACE (*I.E.* A "SIGN SURFACE"), AND REQUIRES MORE THAN THE PLAIN AND ORDINARY MEANING OF THE TERM "AREA"LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine

3

a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

"Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the common nature of these factors direct the trial court to consider as its ultimate inquiry whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial." *BMC Software, Inc. v. Servicenow, Inc.*, No. 2:14-cv-903-JRG, 2016 WL 367251, at *1 (E.D. Tex. Jan. 29, 2016) (citing *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010)).

"The infringement inquiry compares properly construed claims with the accused product or process." *Atl. Thermoplastics Co., Inc. v. Faytex Corp.*, 974 F.2d 1299, 1300 (Fed. Cir. 1992) (citations omitted). An expert's infringement opinion must use "the claim construction adopted by the court." *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1183 (Fed. Cir. 2009) (citation omitted). "Expert testimony based on an impermissible claim construction is properly excluded as irrelevant and on the basis that the evidence could confuse the jury." *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 WL 4020591, at *3 (E.D. Tex. Sept. 13, 2017) (citing *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016)). "No party may contradict the court's [claim] construction to a jury." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009).

Experts are not permitted to render any conclusions regarding the scope of the Patents-in-Suit or particular claim limitations that deviate from the Court's claim construction holdings. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-1112-JRG, 2015 WL 4944514, *4

(E.D. Tex. Aug. 19, 2015) ("Accordingly, all experts, whether Plaintiff's or Defendants', are hereby excluded from providing any opinions that violate these constraints, and any portions of their reports in conflict with this Order are stricken."). Further, expert opinions that are based on an interpretation of the Court's construction that is the equivalent of any construction that the Court previously considered and expressly rejected were also excluded. *Id*.

## IV. ANALYSIS

Contrary to this Court's Claim Construction Order, Mr. Gershowitz requires that a "sign surface" be the size of a billboard referenced in advertising material for the Sign Vue II LED ▮▮▮ and be illuminated from the manufacturer recommended position. Ex. A at ¶¶ 132-139. Mr. Gershowitz similarly requires that an "area" meet some unspecified size requirement larger than the 5'x11' foot section Dr. Coleman used in his tests. *Id.* at ¶¶ 195-201, 215-220, 222, 228, 232-233, 236, and 239. Mr. Gershowitz further requires that both terms comport with various embodiments of the specification and satisfy light-spillage requirements of non-asserted claims. *Id.* These opinions render Mr. Gershowitz's opinions regarding the claimed "display surface" and "area" at paragraphs 132-139, 195-201, 215-220, 222, 228, 232-233, 236, and 239 irrelevant to any issues in this case, prejudicial, and confusing and unhelpful to the trier of fact.

First, the Court's construction is silent on the size of a "sign surface" or "area" and on the position from which the sign must be illuminated from an LED light fixture. *See* Dkt. 111 at 45-50. Indeed, Defendants never hinted at such requirements in their claim construction briefing. *See* Dkt. 97 at 23-27. Mr. Gershowitz's requirement that the "display surface" or "area" be the size of a standard billboard, and lit from the same position as a standard billboard or streetlight, is an improper attempt to limit the term to only standard sized billboards in an "end run around" the Court's claim construction requiring a *sign* surface. *See Eidos Display LLC v. Chi Mei Innolux Corp.*, No. 6:11-cv-00201-JRG, 2017 WL 1213819, at *3 (E.D. Tex. Apr. 1, 2017) ("Dr. Kanicki's

5

opinions regarding 'metal film' are simply a creative end run around the Court's claim construction. . . . To allow Dr. Kanicki to opine on the disclosures of the '958 Patent and argue that the accused products do not infringe because they do not contain the specific disclosures therein would only serve to effectively vitiate the Court's construction and create an improper non-infringement argument that risks confusion to the jury."). These additional requirements are an improper deviation from the Court's construction and should be struck.

Second, Mr. Gershowitz admits that he disregarded the Court's constructions, and imposed additional requirements by purporting to apply the light-spillage limitations of non-asserted claims in the context of a "display" or "area." ███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

---

[1] Emphasis is added unless otherwise noted.



Thus, Mr. Gershowitz's further deviates from the Court's construction by importing limitations from non-asserted claims into construed terms, and purporting to critique Dr. Coleman's testing on this basis.

Accordingly, Mr. Gershowitz improperly deviated from the Court's constructions of the terms "display surface" and "area," and his opinions at paragraphs 132-139, 195-201, 215-220, 222, 228, 232-233, 236, and 239 should be struck.

### V.  CONCLUSION

Accordingly, Ultravision respectfully requests that Mr. Gershowitz opinions regarding the claimed "display surface" and "area" at paragraphs 132-139, 195-201, 215-220, 222, 228, 232-233, 236, and 239 that conflict with this Court's Claim Construction Order be stricken.

Dated:  November 23, 2020                                  Respectfully submitted

                                              */s/ Alfred R. Fabricant*
                                              Alfred R. Fabricant
                                              NY Bar No. 2219392
                                              Email: ffabricant@fabricantllp.com
                                              Peter Lambrianakos

NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF
ULTRAVISION TECHNOLOGIES,
LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned attorney hereby certifies that counsel for Plaintiff conferred with counsel for Defendant via telephone on November 23, 2020 in compliance with L.R. CV-7(h-i) regarding the issues presented in the foregoing Motion. The Parties were unable to resolve the issues and are at an impasse regarding the relief sought, and Court assistance is thus necessary.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant



## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2020, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
