**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, ) | |
| ) | Case No. 2:19-cv-00291-JRG-RSP |
| Plaintiff, ) | (LEAD CASE) |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| HOLOPHANE EUROPE LIMITED, ) | ███████████████ |
| ACUITY BRANDS LIGHTING DE ) | |
| MEXICO S DE RL DE CV, HOLOPHANE, ) | |
| S.A. DE C.V. AND ARIZONA (TIANJIN) ) | |
| ELECTRONICS PRODUCTS TRADE CO. ) | |
| LTD., ) | |
| Defendants. | |

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, ) | |
| ) | Case No. 2:19-cv-00398-JRG-RSP |
| Plaintiff, ) | (Member CASE) |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| YAHAM OPTOELECTRONICS CO., LTD., ) | ███████████████ |
| ) | |
| Defendants. ) | |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S RESPONSE IN OPPOSITION
TO YAHAM OPTOELECTRONICS CO., LTD.'S
MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS OF ZANE COLEMAN
AND STEPHEN E. DELL CONCERNING UNACCUSED PRODUCTS (DKT. 123)**

<u>**TABLE OF CONTENTS**</u>

<u>**Page(s)**</u>

I.      BACKGROUND ................................................................................................1

II.     LEGAL STANDARDS ......................................................................................5

III.    ARGUMENT ......................................................................................................6

      A.      Yaham's Significant Delay in Discovery Caused The Alleged
           Untimeliness ...........................................................................................6

      B.      The "Newly Accused Products" Are Important......................................8

      C.      Yaham Will Not Be Prejudiced ..............................................................9

      D.      No Continuance is Necessary ...............................................................11

      E.      Allowing the Additional Yaham Products in the Case Serves Judicial
           Economy and the Interests of the Parties..............................................12

           If the additional products are not included in this case, Ultravision's only
                option to enforce its patents against these late-discovered Yaham
                products would be to institute a separate and additional action
                against Yaham for infringement by these products. In a case such
                as this one, the Court should exercise its discretion to deny the
                instant Motion in all respects and allow all products to go to trial
                in March, 2021..........................................................................................12

IV.     CONCLUSION..................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**CASES**

*Alexsam, Inc. v. IDT Corp*. No. 2:07-CV-420-CE, 2011 WL 108725 at *1 (E.D. Tex. Jan. 12, 2011) ................................................................................................................................ 5

*Cell and Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 WL 10727108 at *3 (E.D. Tex. Nov. 2014) ....................................................................................................... 8

*Cf. Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, 2:17-cv-00715-JRG, Dkt. 285 (E.D. Tex. April 24, 2019) ........................................................................................... 7

*Finisar Corp. v. DirecTV Group, Inc*., 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006) .................. 11

*Global Sessions LP v. Travelocity.com LP*, No. 6:10cv671 LED-JDL, 2012 WL 1903903 at *3 (E.D. Tex. May 25, 2012) ..................................................................................... 10

*Gomez v. Ford Motor Company*., No. SA-15-CA-00866-DAE, 2017 WL 5178043, at *7 (W.D. Tex. June, 7, 2017) ............................................................................................... 8

*Honeywell Int'l, Inc. v. Acer Am. Corp.,* 655 F.Supp. 2d 650, 657 (E.D. Tex. Feb. 2009) ........... 9

*KAIST IP US LLC v. Samsung Elecs. Co., Ltd*., No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765 at *2 (E.D. Tex. Apr. 17, 2018) .................................................................... 6

*Keranos, LLC v. Silicon Storage Tech., Inc*., 797 F.3d 1025, 1035 (Fed. Cir. 2015) In *Alexsam*.. 5

*Mass Engineered Design, Inc. v. Ergotron. Inc*., No. 2:06-CV-272, 2008 WL 1930299, at *3 (E.D. Tex. Apr. 30, 2008) ..................................................................................... 9

*Orion IP, LLC v. Staples, Inc*., 407 F. Supp. 2d 815, 817–18 (E.D. Tex. 2006) .......................... 6

*Roy-G Biv Corp. v. ABB, Ltd*., 63 F.Supp.3d 690, 699 (E.D. Tex. 2014) ..................................... 6

*S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ........... 6

*Stragent, LLC v. Freescale Semiconductor, Inc.* No. 6:10cv224 LED-JDL, 2011 WL 13227699, at *2 (E.D. Tex. July 14, 2011) .......................................................................... 9

*Trans-State Express, Inc*., 92 F.3d 425, 428 (6th Cir. 1996) ....................................................... 8

Plaintiff Ultravision Technologies, LLC ("Ultravision" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Response in Opposition to Yaham Optoelectronics Co., Ltd.'s (collectively, "Defendant" or "Yaham") Opposed Motion to Strike Portions of the Expert Reports of Zane Coleman and Stephen E. Dell Concerning Unaccused Products (Dkt. 123) (the "Motion"). Yaham seeks to strike the portions of the expert reports of Mr. Coleman and Mr. Dell referencing products that Ultravision already identified in its Rule 3-1 infringement contentions as well as some products that Yaham alleges are non-accused, but are substantively identical. Yaham was also responsible for withholding pivotal technical information and late disclosure of pertinent information regarding the products. Most importantly, Yaham has not and cannot identify any prejudice that it would suffer if the products remain in the case scheduled for trial in March 2021. To the contrary, Ultravision would suffer substantial prejudice with fourteen products excluded from the expert reports and thus from the case. The Motion should be denied in its entirety.

## I.    BACKGROUND

Ultravision served its Rule 3-1 infringement contentions on January 28, 2020. Accusing multiple Yaham products within the floodlight, high mast, and street light categories. See Ex. A at 3 (Ultravision's Preliminary Infringement Contentions). Yaham seeks to strike two categories of products, (1) products that Ultravision identified in its PICs under at least one category that are insignificantly different from variants in all light categories[1] and (2) products described in the

---

[1] For example, the Compact S was identified in Ultravision's PICs under the high mast category, but not the flood light category, however Dr. Coleman opines ███████████████████████████████████████████████████████████████████████████████████████████

categories identified in Ultravision's infringement contentions. Ultravision properly identified all products accused in Dr. Coleman's report as well as "all apparatuses, products, devices, processes, methods, acts, or other instrumentalities that are similar to the above-named Accused Instrumentalities." *Id*. Ultravision further noted that "[g]iven the non-public nature of the Accused Instrumentalities in this action, Ultravision expects to receive discovery from Defendant regarding such products." See Dkt 124-1. See Ex. A at 3. As seen from the claim charts attached as appendices to Ultravision's contentions, each of the products charted are representative of the "unaccused" products now at issue.  See Ex. C (Yaham High Mast Lights chart), Ex. D (Flood Light chart) and Ex. E (Street Light chart). For example, with respect to high mast lighting, Ultravision accused "all high mast lighting that Yaham made, used, imported, offered for sale, and/or sold in the United States, including Yaham's Compact S, Lumiway 3, and Tri LED high mast light, including all model numbers thereof. Upon information and belief, this high mast lighting is representative of other Yaham LED lighting, including the Linear I and II LED high bay lights, █████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████ *Id*.

Yaham's eventual production of documents and marketing material regarding those products is further proof that they understood that those products were accused.[2] *See* Ex. F at 14-17 and Ex. G (First Supp responses and second supp to first). Yaham therefore, was aware that the allegedly unidentified products were in the case.

---

[2]  See also  YAHAM-LT00002974-TRANSLATION,YAHAM-LT-00041717, YAHAM-LT-00041759, YAHAM-LT-00041794, YAHAM-LT-00024084, YAHAM-LT-00024090, YAHAM-LT-00024096, YAHAM-LT-00024102, YAHAM-LT-00024116, YAHAM-LT-00000094, YAHAM-LT-00000108, consisting of photometric distributions profiles, drawings, and marketing materials produced by Yaham relating to the "unaccused" products.

The specific "unaccused" products that Yaham seeks to strike that were clearly identified in Ultravision's contentions are the Compact S Flood Lights and the Tri Street Lights. *See* Ex. A. The products that Yaham alleges are additional but are substantially identical to those already charted are the Linear II Flood Lights, Lumiway I Flood Lights, Rana Flood Lights, Safeguard Flood Lights, Lumiway II High Mast, Argus High Mast, Rana High Mast, Lumiway I Street Light, Lumiway II Street Light, Safeguard Street Light, Slim Street Light, and the Rana Street Light. *Id.* The Compact S is a Flood Light that is represented by the infringement contentions floodlight charts as well as the high mast light chart ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████ For

the same reasons, the Tri street light is represented by the infringement contentions flood light chart, high mast light chart, and street light chart. *See* Exs. C, D, and E.

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

Throughout fact discovery thereafter, Ultravision requested information as to all Yaham

<hr>

[3] ████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████

products, in addition to those charted in the infringement contentions, that might potentially infringe any one or more of the asserted patents against Yaham.  Ultravision served its first set of interrogatories on March 12, 2020 and received Yaham's responses on November 14, 2019, 2020. In its first set of responses to Ultravision's First Set of Interrogatories, ███████████████████ ████████████████████████████████████████████████████████████████████

███████ After receiving deficient responses from Yaham throughout discovery, and requesting the required discovery for five months, Ultravision sent a deficiency letter to Yaham dated August 21, 2020.  *See* Ex. H (correspondence from D. Shea to B. Wright, dated August 21, 2020). ████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████ In response, Yaham finally served its first supplemental responses to Ultravision's First Set of Interrogatories on September 15, 2020.  See  Ex.  F  (Yaham's  First  Supplemental  Responses  to  Ultravision's  First  Set  of Interrogatories); *See also* Dkt 110 at 3.

In those supplemental responses, Yaham ███████████████████████████████████ ████████████████████████████████████████████████████████████████████

███████████████████ Yaham also failed to provide any detailed or technical information from which one could determine infringement throughout discovery. Rather, █████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████ even though Ultravision had already made it clear these were accused products. Yaham still failed to provide the required responses

addressing the technical features of these products even as to how they are non-infringing alternatives. *See*, Ex. G at 22.  These Yaham products are not publicly available for inspection or purchase and, therefore, without receiving the relevant information about the products from Yaham, Ultravision had no ability to investigate these products to determine whether they met the claims of the asserted patents. Yaham never agreed to produce its products for inspection by Ultravision's expert witness, and no explanation was given for the failure to produce these products. Dr. Coleman and Mr. Dell's expert reports ("the Expert Reports") were served on October 19, 2020, less than four weeks from Ultravision's receipt of new discovery relating to the additional products. The Court's Report and Recommendation on claim construction was entered on October 26, 2020.

## II.    LEGAL STANDARDS

Local Patent Rule 3-6(b) provides that amendment of infringement contentions may be made later than 30 days after service by the Court of its Claim Construction Ruling, "only by order of the Court, which shall be entered only upon a showing of good cause." The Court has broad discretion to allow amendments to infringement contentions and looks to four factors in ruling on motions to do so. *Alexsam, Inc. v. IDT Corp*. No. 2:07-CV-420-CE, 2011 WL 108725 at *1 (E.D. Tex. Jan. 12, 2011) (The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines.); *Keranos, LLC v. Silicon Storage Tech., Inc*., 797 F.3d 1025, 1035 (Fed. Cir. 2015) In *Alexsam*, the Court applied the law of the 5th Circuit in determining whether good cause had been shown with respect to failures to meet discretionary deadlines established by the district court. Specifically, the Court looked to a four factor test to determine whether "good cause" had been established: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

continuance to cure such prejudice. *Alexsam*, 2011 WL 108725 at 1. *See also*, *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765 at *2 (E.D. Tex. Apr. 17, 2018). Good cause requires "diligence in discovering the additional products and in seeking to amend." *Keranos,* 797 F.3d at 1035. This Court has held that diligence is an important, though non-determinative, factor in evaluating the explanation for failure to timely move for leave to amend. *Id.* at *2. This Court has also held that the scope of infringement contentions and an expert report are not coextensive. *Roy-G Biv Corp. v. ABB, Ltd.*, 63 F.Supp.3d 690, 699 (E.D. Tex. 2014).

## III.   ARGUMENT

### A.   Yaham's Significant Delay in Discovery Caused The Alleged Untimeliness

Ultravision made it clear that it was accusing products beyond those specifically charted in its P.R. 3-1 Infringement Contentions. See Ex. A at 3. The products identified in Ultravision's infringement contentions are representative of all products at issue now.[4] *See* Ex. C (Appendix 5 to Ultravision's Preliminary Contentions Yaham High Mast Lights). Ultravision's Infringement Contentions were sufficient to put Yaham on notice that Ultravision intended to accuse more than just the specific models provided within the claim charts. *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817–18 (E.D. Tex. 2006) ("A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions"). Yaham had a responsibility to make sure it fully understood the nature of plaintiff's allegations. *Id*. Yaham knew, or should have known this, and could have easily sought clarification either

---

[4] For example, the products charted on the high mast chart are representative of all Yaham high mast lights. Ex. B at ¶135.

informally or by motion. Yaham did neither, and now seeks to use its alleged lack of clarification to its advantage at this stage of the proceeding. *Id.*

To the extent there is any untimeliness, Ultravision was diligent in seeking discovery on all products which Yaham contends were introduced for the first time in the expert reports and sent correspondence to Yaham confirming additional products that it was accusing. Because of Yaham's lack of responsiveness, Ultravision was put in the position of being unable to timely seek an amendment of its infringement contentions[5]. *Cf. Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, 2:17-cv-00715-JRG, Dkt. 285 (E.D. Tex. April 24, 2019) ("[Defendant's] failure to comply with its obligations under Federal Rule of Civil Procedure 26(e)(1)(A) might by itself be sufficient grounds to grant Polaris's motion"). Under its discovery obligations, Yaham should have provided full disclosure of all relevant information related to these products many months before the end of fact discovery, however failed to do so until its supplemental interrogatory responses on September 15, 2020. *See* Ex. F.  Ultravision's discovery requests clearly alerted Yaham to the broadened scope of the products accused in its infringement contentions.  *Polaris,* 2:17-cv-00715-JRG, Dkt. 285 at 7 (separate request for information about products similar to the accused products makes evident that Polaris expected its discovery requests to be broader than merely the products accused in its infringement contentions and demanded such information when it as aware the information was lacking.).

---

[5] ████████████████████████████████████████████████████████████████

Yaham's publicly available information on its webpages does not contain the type of internal information required for Ultravision to know certain product variants exist.[6] Further, Ultravision's ability to identify potentially infringing products via public information does not excuse Yaham's failure to produce discovery. *Polaris,* 2:17-cv-00715-JRG, Dkt. 285 at 7. See *Gomez v. Ford Motor Company*., No. SA-15-CA-00866-DAE, 2017 WL 5178043, at *7 (W.D. Tex. June, 7, 2017); *Abrahamsen v. Trans-State Express, Inc*., 92 F.3d 425, 428 (6th Cir. 1996) ("The rules of discovery . . . do not permit parties to withhold material simply because the opponent could discover it on his or her own.").

Ultravision's level of required diligence is not required to be so high as to diminish Yaham's own duty to include all of these products in its discovery responses from the outset. This Yaham failed to do. *Keranos,*, 2018 WL 574867, at *2 ("[d]iligence is a factor, but it is not a threshold requirement that must be evaluated in a vacuum"); *Polaris,* 2:17-cv-00715-JRG, Dkt. 285 at 6; Fed. R. Civ. P. 26(e)(1)(A). By failing to produce samples of all of these products, Yaham actively prevented Ultravision from gathering all of the information it was entitled to receive to make an informed infringement determination. Accordingly, this factor weighs against striking Dr. Coleman's and Mr. Dell's opinions.

**B.   The "Newly Accused Products" Are Important**

In determining the importance of not excluding the products at issue, the Court need not "analyze the strength of Plaintiffs infringement contentions as part of the good cause determination." *Cell and Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 WL 10727108 at *3 (E.D. Tex. Nov. 2014). However, the importance of allowing the inclusion of these

---

[6] E.g., Ultravision would not have known from Yaham's public web pages that the Tri Series also included a street light since the Tri series is marketed as a floodlight.

additional products to the case at the end of discovery is critical to the analysis. *Stragent, LLC v. Freescale Semiconductor, Inc.* No. 6:10cv224 LED-JDL, 2011 WL 13227699, at *2 (E.D. Tex. July 14, 2011)**;** *Mediostream*, 2010 WL 4118589, at *2 (denying leave to amend infringement contentions to add information obtained during discovery would prevent the plaintiff from pursuing its case and asserting its patents.**)**. Granting the motion to strike these products from the expert reports would result in the dismissal of a substantial portion of the case and force Ultravision to file another action against Yaham capturing these products. The motion to strike is tantamount to a dispositive motion.  If these portions of the expert reports were stricken "[Ultravision] would be unable to accuse the new products of infringement." *Mass Engineered Design, Inc. v. Ergotron. Inc.*, No. 2:06-CV-272, 2008 WL 1930299, at *3 (E.D. Tex. Apr. 30, 2008).

### C.     Yaham Will Not Be Prejudiced

Yaham was not prejudiced by "not definitively knowing whether the [14] additional products in [the Expert Reports] were in or out of the case." Dkt. 123 at 7. The similarity of the additional products to the already accused products also reduced or eliminated any possible prejudice to Yaham. *Honeywell Int'l, Inc. v. Acer Am. Corp.,* 655 F.Supp. 2d 650, 657 (E.D. Tex. Feb. 2009) ("[the] products likely operate in a manner reasonably similar to the infringement theory described in Honeywell's PICs"). *See* Ex. B at p. 41-42. Yaham shows no evidence that Yaham's claim construction arguments would have differed had they known the products were included at an earlier date. Yaham does not contend that any new claims would have to be construed or construed differently as a result of the inclusion in the case of these products. The expert reports were served before the claim construction order[7]and the addition of the newly accused products does not change Yaham's non-infringement theory. *See*, Dkt. 111; *See also*, Ex.

---

[7] Claim Construction Order was entered on October 26, 2020.

B; *Global Sessions LP v. Travelocity.com LP*, No. 6:10cv671 LED-JDL, 2012 WL 1903903 at *3 (E.D. Tex. May 25, 2012) (no new infringement theories to the case); *Semcon IP Inc. v. ZTE Corp.*, 216CV00437JRGRSP, 2018 WL 4501808, at *3 (E.D. Tex. Feb. 28, 2018).

Ultravision notified Yaham of the additional products through their infringement contentions, multiple requests for discovery on the products at issue, and correspondence, including deficiency letters which confirmed the accusation of such products. See Ex. H  and Ex. A. Thus, there was no surprise and no prejudice to Yaham. *Mediostream* at 3. Ultravision's PICs put Yaham on notice of the additionally accused products. *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817–18 (E.D. Tex. 2006) ("[Yaham] has a responsibility to make sure they fully understand the nature of plaintiff's allegations"). Yaham produced documents relating to all of the accused products and Dr. Coleman relied on Yaham's production for charting and analyzing the accused products.[8] Yaham had ample time to prepare for the additional products being included in the expert reports because Dr. Coleman's infringement theories did not change. See, Ex. I at ¶¶ 135 and 142. (The Katona Rebuttal Report). Yaham also fails to claim in its motion to strike that it would need any additional time to perform its own expert analysis on the additional products. *See,* Dkt. 123.This dilemma was entirely created by Yaham's misconstruing of Ultravision's PICs. The claimed prejudice was also the foreseeable result of Yaham's own failure to comply with its discovery obligations. *Mediostream,* 2010 WL 4118589 at *3-*4 (The prejudice factor weighs in favor of granting leave to amend when the non-moving party produced documents slowly). While there is no prejudice to Yaham, there is substantial prejudice to Ultravision both on its infringement case, as well as its damages case. *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817–18 (E.D. Tex. 2006)("The Patent Rules intend to strike a balance of providing fair notice to defendants

---

[8] *See* Ex. B footnotes 8 and 9 citing to Yaham production.

without requiring unrealistic, overly factual contentions from plaintiffs, but the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, not a sword."). The majority of Yaham's discovery responses related to the additional products came less than four weeks before the close of discovery, only four weeks prior to the service of expert reports, leaving Ultravision no time to seek further amendment of its infringement contentions.  The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush[,]" however, this is exactly what Yaham attempts to do. *Finisar Corp. v. DirecTV Group, Inc*., 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006). In exercising its discretion, and under all of these circumstances the Court should deny the motion to strike.

### D.      No Continuance is Necessary

Yaham does not demonstrate prejudice sufficient to necessitate a continuance. Although Yaham has argued that the prejudice it has allegedly suffered can only be cured by a continuance, Yaham has not specifically requested a continuance in its Motion. *See Mediostream,* 2010 WL 4118589 at *3. (Court finds this factor weighs in favor of granting leave to amend where Microsoft did not seek a continuance). No reasonable explanation is offered by Yaham as to why it would require a continuance to prepare for trial which remains three months away. Dkt. No. 110 at 1. There have been no pre-trial proceedings in this case and all expert reports have been exchanged. Ultravision has not presented Yaham with any new theories of infringement and the additional Yaham products do not substantially differ from Yaham's other products with regard to the accused functionalities. *Polaris,* 2:17-cv-00715-JRG, Dkt. 285 at 10; *Honeywell,* 655 F. Supp. 2d at 657*.* Because Yaham has already fully addressed Dr. Coleman and Mr. Dell's opinions, no continuance is necessary.

### E.     Allowing the Additional Yaham Products in the Case Serves Judicial Economy and the Interests of the Parties

If the additional products are not included in this case, Ultravision's only option to enforce its patents against these late-discovered Yaham products would be to institute a separate and additional action against Yaham for infringement by these products. In a case such as this one, the Court should exercise its discretion to deny the instant Motion in all respects and allow all products to go to trial in March, 2021.

## IV.     CONCLUSION

For all the foregoing reasons, Ultravision respectfully requests that Yaham's Opposed Sealed Motion to Strike Portions of the Expert Reports of Zane Coleman and Stephen E. Dell Concerning Unaccused Products (Dkt. 123) be denied.

Dated:  December 14, 2020                     Respectfully submitted,

                                                              */s/ Alfred R. Fabricant*
                                                              Alfred R. Fabricant
                                                              NY Bar No. 2219392
                                                              Email: afabricant@fabricantllp.com
                                                              Peter Lambrianakos
                                                              NY Bar No. 2894392
                                                              Email: plambrianakos@fabricantllp.com
                                                              Vincent J. Rubino, III
                                                              NY Bar No. 4557435
                                                              Email: vrubino@fabricantllp.com
                                                              Joseph M. Mercadante
                                                              NY Bar No. 4784930
                                                              Email: jmercadante@fabricantllp.com
                                                              Daniel J. Shea
                                                              NY Bar No. 5430558
                                                              Email: dshea@fabricantllp.com
                                                              **FABRICANT LLP**
                                                              230 Park Avenue, 3rd Floor W.
                                                              New York, New York 10169
                                                              Telephone: (212) 257-5797
                                                              Facsimile: (212) 257-5796

                                                              Samuel F. Baxter
                                                              Texas State Bar No. 01938000

sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

*ATTORNEYS FOR PLAINTIFF*
*ULTRAVISION TECHNOLOGIES, LLC*



## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2020, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant