IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | Case No. 2:19-cv-00291-JRG-RSP (LEAD CASE) |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE CV and ARIZONA (TIANJIN) ELECTRONICS PRODUCT TRADE CO., LTD., | |
| Defendants. | |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT
OF U.S. PATENT NOS. 8,870,410 AND 8,870,413 (DKT. 129)**

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ............................................................................................................. 1

II. RESPONSE TO STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT ............................................................................................................................. 2

III. RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS ............... 2

IV. COUNTERSTATEMENT OF MATERIAL FACTS ....................................................... 2

V. LEGAL STANDARDS .................................................................................................... 3

VI. ARGUMENT .................................................................................................................... 4

    A. The Sign-Vue LED II Infringes the Asserted Claims Based on a Plain Reading of the Claim Language ............................................................................ 4

        1. The Sign-Vue LED II Includes A Plurality of Lenses or Optical Elements That Are Disposed Over Only One Associated LED ................. 4

        2. The Presence of Other LEDs Does Not Prevent Infringement ................... 5

    B. Ultravision Did Not Change Its Infringement Theory ........................................... 7

    C. Defendants, Not Ultravision, Seek a Belated and Improper Claim Construction ............................................................................................................ 9

VII. CONCLUSION ................................................................................................................. 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................. 3

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001) .................................................................................... 4, 6, 7

*Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix, Inc.*,
   672 F.3d 1270 (Fed. Cir. 2012) ........................................................................................... 6

*Fenner Invs., Ltd. v. Hewlett-Packard Co.*,
   No. 6:08-CV-273, 2010 WL 786606 (E.D. Tex. Feb. 26, 2010) ......................................... 8

*Gillette Co. v. Energizer Holdings, Inc.*,
   405 F.3d 1367 (Fed. Cir. 2005) ....................................................................................... 4, 7

*Hill-Rom Servs., Inc. v. Stryker Corp.*,
   755 F.3d 1367 (Fed. Cir. 2014) ........................................................................................... 9

*Imperium (IP) Holdings., Inc. v. Apple Inc.*,
   No. 4:11-cv-163, 2012 WL 6967236 (E.D. Tex. Jul. 2, 2012) ........................................... 6

*Realtime Data LLC v. NetApp, Inc.*,
   No. 6:16-CV-00961-RWS, 2017 WL 4844254 (E.D. Tex. Oct. 26, 2017) ......................... 7

*ResQNet.com, Inc. v. Lansa, Inc.*,
   346 F.3d 1374 (Fed. Cir. 2003) ........................................................................................... 6

*Rockwell Int'l. Corp. v. United States*,
   147 F.3d 1358 (Fed. Cir. 1998) ........................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 56 ........................................................................................................................... 3

Plaintiff Ultravision Technologies, LLC ("Ultravision" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Response in Opposition to Defendants Holophane Europe Limited, Acuity Brands Lighting De Mexico S. de R.L. de C.V., Holophane, S.A. de C.V., and Arizona (Tianjin) Electronics Products Trade Co., Ltd.'s (collectively, "Defendants") Sealed Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 8,870,410 and 8,870,413 (Dkt. 129) (the "Motion").

## I.        INTRODUCTION

Defendants' Motion seeks summary judgment of non-infringement based on the phantom requirement that the "plurality of LEDs" required in claims 10, 11, and 14 of the '410 Patent and claim 1 of the '413 Patent (collectively, "the claims at issue") must include no fewer than every LED in the Accused Products.  Defendants misread the claims and black letter patent law, both of which make clear that a device infringes a "comprising" claim even when it includes additional structure.

The claims at issue each require "a plurality of LEDs directed toward the display surface." Plaintiff's contentions and expert reports both identify that plurality as a subset of the LEDs within Defendants' products.  The claims further recite "a plurality of lenses" ('410 Patent) and "a plurality of optical elements" ('413 Patent) that are each "disposed over only one associated LED"—that is, one LED from the plurality of LEDs directed toward the display surface.  There is no reasonable dispute that each lens is over only one of the LEDs from the identified plurality. Defendants argue, instead, that the Court should belatedly rewrite the claims to require that the plurality of LEDs include every LED in the product, and that the lenses/optical elements are over more than one of the LEDs from the expanded plurality.  Defendants' argument is in clear conflict with the law and, accordingly, the Court should deny the Motion.

**II.   RESPONSE TO STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT**

Whether a reasonable jury could conclude that Defendants infringe the claims at issue.

**III.   RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

1.   Undisputed.

2.   Disputed.  Each lens or optical element of the Sign-Vue LED II is disposed over only one of the LEDs in the plurality of LEDs; any other LEDs are irrelevant.  Undisputed as to the identity of Accused Products.

**IV.   COUNTERSTATEMENT OF MATERIAL FACTS**

1.   Claim 10 of the '410 Patent recites:

10. An optics panel for use in a light emitting diode (LED) lighting assembly for illuminating a billboard that has a display surface extending between outer edges of the billboard, the optics panel comprising:

*a plurality of LEDs* directed toward the display surface; and

a plurality of lenses, *wherein each lens is disposed over only one associated LED* and is configured to direct light from that LED toward the display surface, such that the light from each lens is directed across the entire display surface of the billboard, wherein the light intensity from each lens is substantially uniform across the entire display surface. (Dkt. 129-2, Ex. 1 at 9:5-17) (emphasis added).

2.   Claim 1 of the '413 Patent recites:

1. An optics panel for use in a light emitting diode (LED) lighting assembly for illuminating a billboard that has a display surface extending between outer edges of the billboard, the optics panel comprising:

*a plurality of LEDs directed toward the display surface*; and

a plurality of optical elements, *each optical element disposed over only one associated LED* and configured to direct light from that LED toward the display surface, such that the light from each LED is directed across the entire display surface of the billboard so that, for each LED, a ratio of the average illumination from that LED across the entire display surface to the minimum illumination from that LED at any point on the display surface is 3:1.
(Dkt. 129-3, Ex. 2 at 8:39-53) (emphasis added).

3.   Both claim 10 of the '410 Patent and Claim 1 of the '413 Patent use the transition word "comprising" to indicate that the claims are open-ended.

4.   In accordance with the Court's Docket Control Order (Dkt. No. 58 at 5), Plaintiff and Defendants exchanged claim terms for construction on April 28, 2020.

5.   Neither Plaintiff nor Defendant identified the limitations "plurality of LEDs" or "disposed over only one associated LED" as requiring construction.

6.   Defendants did not seek construction of "plurality of LEDs" or "disposed over only one associated LED" at any time.

7.   The Claim Construction Order, issued on October 26, 2020, did not construe "plurality of LEDs" or "disposed over only one associated LED." Dkt. 111.

8.   The Court adopted the Claim Construction Memorandum and Order on December 7, 2020. Dkt. 141.

## V.   LEGAL STANDARDS

A grant of summary judgment is appropriate only when there is no genuine issue of material fact, such that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. Thus, summary judgment may be granted only when no reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255. In considering whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of that party. *Id.* at 255; *Rockwell Int'l. Corp. v. United States*, 147 F.3d 1358, 1361 (Fed. Cir. 1998).

"In the parlance of patent law, the transition 'comprising' creates a presumption that the recited elements are only a part of the device, that the claim does not exclude additional, unrecited

elements." *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1348 (Fed. Cir. 2001). "The addition of elements not recited in the claim cannot defeat infringement." *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1372 (Fed. Cir. 2005).

## VI. ARGUMENT

### A. The Sign-Vue LED II Infringes the Asserted Claims Based on a Plain Reading of the Claim Language

#### 1. The Sign-Vue LED II Includes A Plurality of Lenses or Optical Elements That Are Disposed Over Only One Associated LED

Claim 10 of the '410 Patent is representative for purposes of the Motion. It reads:

10. An optics panel for use in a light emitting diode (LED) lighting assembly for illuminating a billboard that has a display surface extending between outer edges of the billboard, the optics panel *comprising*:

*a plurality of LEDs* directed toward the display surface; and

*a plurality of lenses, wherein each lens is disposed over only one associated LED* and is configured to direct light from that LED toward the display surface, such that the light from each lens is directed across the entire display surface of the billboard, wherein the light intensity from each lens is substantially uniform across the entire display surface. (Dkt. 129-2, Ex. 1 at 9:5-17 (emphasis added).)

The claims at issue each thus contain, at a broad level, two elements: i) a plurality of LEDs; and ii) a plurality of lenses or optical elements, each disposed over only one of the LEDs *from the plurality of LEDs*. Defendants acknowledge that the claims require a "one to one relationship between the *claimed LEDs* and lenses" but maintain that the existence of other, unclaimed, LEDs prevents infringement. (Dkt. 129, the "Motion" at 8 (emphasis added).)

Plaintiff's expert, Dr. Coleman, applied the plain meaning of the claims in concluding that the Sign Vue LED II product infringes the claims. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



This analysis, coupled with Dr. Coleman's explanation as to how the Accused Products meet the other requirements of the claims, shows that the Accused Products infringe.

### 2. The Presence of Other LEDs Does Not Prevent Infringement

Defendants do not deny that a plurality of LEDs exist in the Accused Products, nor do they argue that the lenses or optical elements are not disposed over "only one" of Dr. Coleman's identified LEDs in the plurality. (Motion at 8.) Instead, Defendants argue that, because the lenses

---

1

may be disposed over *other LEDs*, their products cannot infringe the claims. (*Id.*)  In other words, according to Defendants, the "plurality of LEDs" must include every LED in the product, and Plaintiff cannot identify a subset of LEDs to meet the claim.

Defendants' position is contrary to claim construction law.  The claims at issue both use the term "comprising" in their preambles to indicate that the bodies of the claims are open to additional elements.  *Crystal Semiconductor*, 246 F.3d at 1348 ("[T]he use of 'comprising' creates a presumption that the body of the claim is open.").  The LEDs in the "disposed only over" limitation are the same LEDs in the "plurality of LEDs."  *See Imperium (IP) Holdings., Inc. v. Apple Inc.*, No. 4:11-cv-163, 2012 WL 6967236, at *6 (E.D. Tex. Jul. 2, 2012) ("[T]he antecedent basis for 'the set of adjacent pixels' is 'a plurality of adjacent pixels.'  Those terms are then presumed to carry the same meaning throughout each claim." (citing *Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix, Inc.*, 672 F.3d 1270, 1275 (Fed. Cir. 2012)).  And the recitation of a plurality of LEDs does not preclude the existence of other LEDs that are not part of that plurality.  For example, in *ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1382-83 (Fed. Cir. 2003), the Federal Circuit reversed a construction of the phrase "each of a plurality of fields."  The District Court had construed the term to mean "every field."  *Id.* at 1382.  The Federal Circuit reversed, holding that a "plurality of fields" simply meant "at least two fields" and could cover circumstances where the fields at issue were a subset of all the fields.  *Id.*  The situation here is similar.  The "plurality of LEDs," like the plurality of fields in *ResQNet*, can refer to a subset of all the LEDs in the Accused Product.

A reasonable jury could and should accept Ultravision and Dr. Coleman's infringement theory.  Dr. Coleman identified a subset of all the LEDs in the Accused Product as constituting the plurality.  The use of "comprising" allows for additional LEDs, even additional pluralities of

LEDs.  *Crystal Semiconductor*, 246 F.3d at 1348.  And the parties agree that the lens must be disposed over only one of the LEDs from the plurality of LEDs.  (Motion at 11 ("The claim requires a ***plurality of LEDs*** and then makes clear that each lens is disposed over only one of ***the LEDs***.") (emphasis added).)

The additional LEDs in the Accused Products do not prevent the products from infringing, and the Court should therefore deny Defendants' Motion.  *Gillette Co.*, 405 F.3d at 1372(holding that "comprising" claim directed to three blades could encompass products with four blades).

### B. Ultravision Did Not Change Its Infringement Theory

Defendants accuse Ultravision of changing its infringement theory between its infringement contentions and Dr. Coleman's expert report.  (Motion at 4-5.)  However, Defendants fail to state any actual inconsistency between the contentions and report.  (*Id.*)  Indeed, Dr. Coleman advanced the same theory with additional detail, as is common in expert reports. *Realtime Data LLC v. NetApp, Inc.*, No. 6:16-CV-00961-RWS, 2017 WL 4844254, at *1 (E.D. Tex. Oct. 26, 2017) ("[T]he scope of infringement contentions and the expert report are not coextensive.  The infringement contentions need not disclose specific evidence nor do they require a plaintiff to prove its infringement case.  Whereas, the expert report must include a complete statement of the expert's opinions, the basis and reasons for the opinions, and any data or other information considered when forming them." (internal citations and quotations omitted)).

Ultravision's infringement contentions identified that the plurality of LEDs was chosen from the Sign Vue LED II's "multi-cluster LEDs" and that each lens was disposed over only one of associated LED.  (Ex. A at 14, Ex. B at 4.)  Indeed, Ultravision specifically included and highlighted portions of Defendants' marketing materials that explained that the products include multiple "LED clusters":

7



(Ex. A at 14 (yellow emphases added).)

Defendants' chief complaint seems to be that they did not fully understand Ultravision's infringement theory. (Motion at 4 ("In its infringement contentions, Ultravision glossed over this limitation. . .").) Defendants could have remedied the situation had they reached out to Ultravision before the case had advanced to this late stage. *E.g.*, *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *3 (E.D. Tex. Feb. 26, 2010) ("If Defendants were unclear as to the scope of the contentions, it was their responsibility to work with Plaintiff, informally or

8

through motion practice, to clarify the issue."). Ultravision's infringement contentions put Defendants on notice of its infringement theories.

### C. Defendants, Not Ultravision, Seek a Belated and Improper Claim Construction

The claims at issue, given their plain reading, confirm that Defendants' products infringe. (*See supra* § VI.A.) Thus, no claim construction is required and the case should proceed to the jury to determine infringement under the plain meaning of the claims.

Indeed, as described above, Defendants' argument would require the Court to construe "comprising" or "plurality" in such a way that the plurality of LEDs must include every LED in the product. Such a construction is contrary to both the plain meaning of the claims and controlling law. Defendants' only proffered evidence is the description of figures from the patents (Motion at 10 (citing Ex. 1 at Figs. 5A-5D, 4:29-33)), which is insufficient basis to rewrite the claims. *E.g.*, *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014) ("While we read claims in view of the specification, of which they are a part, we do not read limitations from the embodiments in the specification into the claims."). Indeed, the patents' specifications—even the section referring to Figs. 5A-5D—make reference to multiple LEDs being under each lens. (*E.g.*, Ex. 1 at 4:65-5:1 ("A single optical element may 514 be provided for each LED 416, ***a single optical element 514 may be provided for multiple LEDs 416***, and/or multiple optical elements 514 may be provided for a single LED 416." (emphasis added).)

Accordingly, the Court should reject Defendants' arguments.

### VII. CONCLUSION

Because Defendants were on notice of Ultravision's infringement theories, did not seek their (improper) construction of the terms at issue, and incorrectly interpret the plain meaning of the claims as well as basic tenets of patent law, Defendants' Sealed Motion for Summary Judgment

9

of Non-Infringement of U.S. Patent Nos. 8,870,410 and 8,870,413 (Dkt. 129) should be denied in its entirety.

Dated:  December 14, 2020                    Respectfully submitted

/s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF
ULTRAVISION TECHNOLOGIES, LLC**



## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2020, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

                                                            */s/ Alfred R. Fabricant*
                                                            Alfred R. Fabricant