**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | ) | Case No. 2:19-cv-00291-JRG-RSP |
| | ) | (LEAD CASE) |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | ███████████████ |
| HOLOPHANE EUROPE LIMITED, | ) | |
| ACUITY BRANDS LIGHTING DE | ) | |
| MEXICO S DE RL DE CV, HOLOPHANE | ) | |
| S.A. DE CV and ARIZONA (TIANJIN) | ) | |
| ELECTRONICS PRODUCT TRADE CO., | ) | |
| LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S
RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT
OF ASSERTED PATENTS (DKT. 128)**

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.     INTRODUCTION ................................................................................................ 1

II.    COUNTERSTATEMENT OF THE ISSUES TO BE DECIDED BY THE
COURT ............................................................................................................. 2

III.   RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS .............. 2

IV.   COUNTERSTATEMENT OF MATERIAL FACTS ........................................... 7

     A.    Acuity Mexico Sells the Accused Products to ABL ............................... 7

     B.    Sales of Accused Products from Acuity Mexico to ABL Occur in the
United States ..................................................................................... 8

     C.    Defendants Did Not Seek Discovery Regarding Ultravision's Indirect
Infringement Allegations ..................................................................... 8

     D.    Acuity Mexico Induces Infringement by ABL ...................................... 9

V.    LEGAL STANDARDS ..................................................................................... 10

     A.    Summary Judgment ......................................................................... 10

     B.    Direct Infringement .......................................................................... 10

     C.    Indirect Infringement ....................................................................... 11

VI.   ARGUMENT .................................................................................................. 12

     A.    Acuity Mexico Directly Infringes the Asserted Patents ...................... 12

          1.    Acuity Mexico Sells Accused Products to ABL ...................... 12

          2.    The Sales of Accused Products Occur in the United States ..................... 14

     B.    Acuity Mexico Induces Infringement by ABL ................................... 15

VII.  CONCLUSION ............................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..................................................................................................10, 12

*Barry v. Medtronic, Inc.*,
  914 F.3d 1310 (Fed. Cir. 2019).............................................................................................11

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)..........................................................................................................11

*Fenner Invs., Ltd. v. Hewlett-Packard Co.*,
  CIV.A. 6:08-CV-273, 2010 WL 786606 (E.D. Tex. Feb. 26, 2010)......................................17

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  831 F.3d 1369 (Fed. Cir. 2016).............................................................................................13

*L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*,
  6:11CV599, 2013 WL 7964028..............................................................................................17

*L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*,
  6:11CV599, 2013 WL 7964028, at *2 (E.D. Tex. Nov. 14, 2013).........................................12

*Litecubes, LLC v. N. Light Prods., Inc.*,
  523 F.3d 1353 (Fed. Cir. 2008).......................................................................................11, 14

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005).......................................................................................11, 14

*N. Am. Philips Corp. v. Am. Vending Sales, Inc.*,
  35 F.3d 1576 (Fed. Cir. 1994).............................................................................................10

*NTP, Inc. v. Research In Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005).......................................................................................13, 14

*Ricoh Co., Ltd. v. Quanta Comput. Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008).......................................................................................11, 16

*Semcon IP Inc. v. Kyocera Corp.*,
  Case. No. 2:18-cv-00197-JRG, 2019 WL 1979930 (E.D. Tex., May 2019).........................11

*TecSec, Inc. v. Adobe Inc.*,
  978 F.3d 1278 (Fed. Cir. 2020).............................................................................................16

*Vivid Techs, Inc. v. Am. Sci. & Eng'g., Inc.*,
   200 F.3d 795 (Fed. Cir. 1999)..................................................................................10

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
   824 F.3d 1344 (Fed. Cir. 2016)................................................................................16

**Statutes**

35 U.S.C. § 271(a) ..................................................................................................10

35 U.S.C. § 271(b) ............................................................................................11, 16

**Other Authorities**

*Black's Law Dictionary* 1364 (8th ed. 2004)..............................................................13

Plaintiff Ultravision Technologies, LLC ("Ultravision" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Response in Opposition to Defendants Holophane Europe Limited, Acuity Brands Lighting De Mexico S. de R.L. de C.V. ("Acuity Mexico"), Holophane, S.A. de C.V., and Arizona (Tianjin) Electronics Products Trade Co., Ltd.'s (collectively, "Defendants") Sealed Motion for Summary Judgment of Non-Infringement of Asserted Patents (Dkt. 128) (the "Motion").

## I.   INTRODUCTION

Ultravision will use the evidence of record to prove at trial that Acuity Mexico sells the accused lighting fixtures to Acuity Brands Lighting, Inc. ("ABL") in the United States, and further induces ABL to sell those products in the United States.



Rather than address Ultravision's evidence, Defendants rely on Acuity Mexico's status as a "maquiladora" to argue that its transfer of goods in exchange for payment are not "sales." Defendants' competing evidence merely demonstrates the existence of a genuine dispute of fact.

Second, Defendants attempt to preclude Ultravision from arguing its inducement case by misleading the Court regarding their discovery requests without addressing the substance of Ultravision's evidence. Contrary to Defendants' mischaracterization, they never sought Ultravision's grounds for indirect infringement during fact discovery.

Accordingly, Defendants' Motion should be denied in its entirety.

## II.     COUNTERSTATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

1.     Whether there is a genuine dispute of material fact as to whether Acuity Mexico sells the Accused Products to ABL in the United States.

2.     Whether there was any requirement for Ultravision to provide Defendants with its grounds for indirect infringement in the absence of any discovery request.

3.     Whether there is a genuine dispute of material fact as to whether Acuity Mexico induces ABL to sell the Accused Products to distributors or end users in the United States.

## III.    RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

1.     Acuity is a United States-based parent company of the four overseas Defendants named in this case—Holophane Europe, Holophane Mexico, Arizona (Tianjin), and Acuity Mexico. **Response:** Undisputed.

2.     Acuity supplies components to Acuity Mexico and Acuity Mexico assembles with the remaining Accused Products (Sign-Vue LED II, KAX, and RSX) in Mexico. **Response:** Disputed. ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████

3.     Acuity oversees, bears the risk of loss throughout the entire product-manufacturing lifecycle, and owns all components and finished goods throughout that lifecycle. **Response:** Disputed. ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

2

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████

4.      Acuity takes physical possession of the Accused Products in Mexico and imports those products into the United States. **<u>Response</u>:** Disputed.  ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████

5-10.    Ultravision no longer asserts infringement by Defendants other than Acuity Mexico. These facts are therefore not material to this Motion.

11.     Acuity Mexico is a Mexican corporation with its principal place of business in Guadalupe, Nuevo Leon, Mexico, and is a foreign subsidiary of Acuity. **<u>Response</u>:** Disputed.

████████████████████████████████████████████████████

██████████████████████████████████████████████

12.     Acuity Mexico operates under preferential tariff program established by the U.S. and Mexico as a maquiladora that manufactures and assembles Acuity lighting fixtures and poles in Mexico. Maquiladora status authorizes Acuity to import into Mexico, certain items, such as product components (sourced from various suppliers) for assembly into finished goods, so long as Acuity continues to owns such items throughout the product-manufacturing process and the items

are exported back out of Mexico within three years, including as assembled, finished goods.

**Response:** Disputed. █████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████

    13.   ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

    ██   ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████

    ██   ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



17.     Acuity—not Acuity Mexico—acquires, owns, and bears the risk of loss of the components sent to Acuity Mexico's facilities and the produced finished goods.  **Response:** Disputed.

██████████████████████████████████████████████

████████████

18. ███████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████

19. Acuity Mexico does not make, offer to sell, sell, or import any products (including the Accused Products) in the United States. **Response:** Disputed. Defendants attempt to cast disputed legal conclusions as undisputed facts. As discussed in greater detail below, a reasonable jury could find that Acuity Mexico sells, offers for sale, and/or imports the Accused Products in the United States.

20. Acuity Mexico does not import or export any materials or goods to the United States or pay for shipping of any materials or goods on the Mexican side of the border. **Response:** Disputed. As above, Defendants attempt to cast disputed legal conclusions as facts. As discussed in greater detail below, a reasonable jury could find that Acuity Mexico imports the Accused Products into the United States.

21. Acuity Mexico has never marketed in Texas, does not solicit business in Texas, and has not used any Texas-specific design, advertising, or marketing materials. **Response:** Disputed.

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████

## IV.    COUNTERSTATEMENT OF MATERIAL FACTS

### A.    Acuity Mexico Sells the Accused Products to ABL

1.    █████████████████████████████

█  ████████████████████████████████████

████████████████████████████████

█  ████████████████████████████████████

████████████████████████████████████████

█  ████████████████████████████████████

█

█  ████████████████████████████████████

███████████████

█  ████████████████████████████████████

██████████████████████████████████████████

████████

█  ████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

█  ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

█  ████████████████████████████████████

████████████████████████████████████████████

███████████

**B.    Sales of Accused Products from Acuity Mexico to ABL Occur in the United States**

███ ████████████████████████████████████████████████████████

███████████████████████████████████████

███ ████████████████████████████████████████████████████████

████████████████████████████

███ ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████

███ ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███ ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

**C.    Defendants Did Not Seek Discovery Regarding Ultravision's Indirect Infringement Allegations**

15.    Ultravision's complaint plead indirect infringement, including inducement, by Acuity Mexico. Dkt. 1 at p. 7-9 (¶¶ 24-30), p.10-11(¶¶ 37-43), p. 13-14 (¶¶ 54-60) p.14-15; Dkt. 22 [amended complaint] at 11-13, 15-17, 19-22.

16.    Defendants did not seek any discovery on the grounds for Ultravision's indirect infringement claims. Defendants' interrogatories, including interrogatory nos. 5 and 13, did not

seek Ultravision's contentions regarding indirect infringement. Exs. I and Ex. J [Defendants' First Set of Interrogatories and Defendants' Second Set of Interrogatories]. During correspondence regarding Ultravision's interrogatory responses Defendants did not request any supplementation regarding Ultravision's indirect infringement positions. Defendants 30(b)(6) deposition notice did not include any topics regarding indirect infringement. *See* Ex. K [objection to 30(b)(6) notice].

17.     William Y. Hall, Ultravision's CEO, does not have access to material designated RESTRICTED – ATTORNEYS' EYES ONLY under the Protective Order. Dkt. 55 at 4-7.

18.     Mr. Hall was produced for a 30(b)(6) deposition subject to Ultravision's objection to the notice seeking "legal conclusions, information based on legal conclusions, or contentions through a Rule 30(b)(6) deposition." Ex. K (objections to 30(b)(6) notice) at 3.

**D.     Acuity Mexico Induces Infringement by ABL**

████████████████████████████████

███████████████████████

██  ███████████████████████████████

████████████████████

## V.   LEGAL STANDARDS

### A.   Summary Judgment

A movant for summary judgment must satisfy its heavy initial burden "either by providing evidence that negates an essential element of [Ultravision's] case, or by showing that the evidence on file . . . establishes no material issue of fact and that [Ultravision] will not be able to prove an essential element of its case," and must show that "the judgement is correct as a matter of law." *Vivid Techs, Inc. v. Am. Sci. & Eng'g., Inc.*, 200 F.3d 795, 807 (Fed. Cir. 1999) (citations omitted). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986). In deciding whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### B.   Direct Infringement

An actor is liable for direct infringement if the actor "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention." 35 U.S.C. § 271(a).

The location of a sale under § 271(a) is a legal conclusion based on factual determinations including the locations of contracting, performance, and underlying activities. *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994) ("[E]ven if we were to conclude that a 'mechanical test' might be appropriate here for some reason, appellee has

failed to explain why the criterion should be the place where legal title passes rather than the more familiar places of contracting and performance. . .”); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005) (“[S]imply because an article is delivered ‘free on board’ outside of the forum, a ‘sale’ is not necessarily precluded from occurring in the forum.”). Where a product is delivered to a U.S. customer in the U.S., there is substantial evidence that the underlying sale occurs in the U.S. *See Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1370 (Fed. Cir. 2008) (“Since the American customers were in the United States when they contracted for the accused cubes, and the products were delivered directly to the United States, under *North American Philips* and *MEMC* there is substantial evidence to support the jury’s conclusion that GlowProducts sold the accused cubes within the United States.”); *Semcon IP Inc. v. Kyocera Corp.*, Case. No. 2:18-cv-00197-JRG, 2019 WL 1979930 at 2-3, (E.D. Tex., May 2019) (“Even assuming that “Kyocera . . . exports smartphones from Japan and then Kyocera International . . . imports those mobile phones into the United States and sells those smartphones to Kyocera International[‘s] . . . customers” [] this Court need not accept Kyocera’s legal conclusion that Kyocera’s sale of or offer to  sell smartphones to Kyocera International are not U.S. sales or offers to sell.”) (citations omitted).

### C.    Indirect Infringement

“Whoever actively induces infringement of a patent shall be liable as an infringer.” 35 U.S.C. § 271(b). “[I]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement.” *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) Induced infringement requires both knowledge of a patent, and knowledge that induced acts infringe. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1925 (2015). However, specific intent may be inferred from circumstantial evidence. *Ricoh Co., Ltd. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1342 (Fed. Cir. 2008) (citations omitted). Manufacture of allegedly accused products

with knowledge that they will be sold or operated by another in an allegedly infringing manner creates a credible question of fact as to induced infringement. *L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*, 6:11CV599, 2013 WL 7964028, at *2 (E.D. Tex. Nov. 14, 2013) ("Jurong's corporate representative testified that Jurong knows where the rigs it builds will operate. And in Jurong's Dolphin Magazine, it stated that the Accused Rigs would operate in the Gulf of Mexico. Therefore, a credible question of fact exists as to whether Jurong induced infringement under the Patent Act.").

## VI.   ARGUMENT

### A.   Acuity Mexico Directly Infringes the Asserted Patents

#### 1.   Acuity Mexico Sells Accused Products to ABL

Defendants cannot meet their burden for summary judgment because there is a genuine dispute of material fact as to whether Acuity Mexico sells the Accused Products to ABL.



Accordingly, there is substantial evidence that Acuity Mexico sells the Accused Products to ABL, precluding summary judgment. *Anderson*, 106 S. Ct. at 248.

Rather than addressing Ultravision's evidence, Defendants apparently assume that Acuity Mexico cannot sell a product because it is a "maquiladora." Mot. at 10-12. Defendants' argument fails on multiple grounds.

First, Acuity Mexico's position is directly contrary to the declaration from its own Vice President of Operations ███████████████████████████████████████████████████ ████████████████████████████████

Second, Acuity Mexico's transfer of finished products to ABL includes a transfer of ownership in exchange for a price and is therefore a sale. ████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████ A reasonable jury could therefore find that Acuity Mexico owns the products it sells to ABL. Given that Acuity Mexico relies solely on Ms. Lane's statements for the proposition that ABL owns the Accused Products during their manufacture, a reasonable jury

could also disbelieve that testimony based on Ms. Lane's misrepresentation. *See* Mot. at Section V.A. No. 4, and Section V.E. Nos. 12 and 17 (relying solely on Ms. Lane's testimony, and irrelevant paragraphs of her declaration).

Finally, Defendants offer no support for their assumption that maquiladoras, as a general matter, do not "sell" or transfer title to goods that they exchange for a price. Even if Acuity Mexico did follow Maquiladora regulations, Defendants fail to show that "ownership" under the preferential tariff program equates to title as a matter of law. In any case, "sale" under 271(a) does not necessarily require transfer of title. *See NTP*, 418 F.3d at 1319.

Thus, there is a genuine dispute of material fact over whether Acuity Mexico sells the Accused Products to ABL.

### 2.    The Sales of Accused Products Occur in the United States

Defendants further fail to meet their burden because there is a genuine dispute over whether sales of the Accused Products occur in the United States.

Acuity Mexico's sales occur in the United States because ordering and delivery, among other underlying activities, occur in the United States. *See Litecubes, LLC*, 523 F.3d at 1370 ("Since the American customers were in the United States when they contracted for the accused cubes, and the products were delivered directly to the United States, under *North American Philips* and *MEMC* there is substantial evidence to support the jury's conclusion that GlowProducts sold the accused cubes within the United States.")

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ Thus, there is a

genuine dispute of material fact over whether Acuity Mexico's sales of the Accused Products occur

in the United States.

Ultravision further contends that Acuity Mexico and ABL are alter-egos of one another, as

argued in the context of personal jurisdiction at Dkts. 35, 41, 122, and 140. Accordingly, a further

genuine dispute of material fact exists based on sales to end users in the United States which are

attributable to Acuity Mexico.

Accordingly, because a reasonable jury drawing inferences in Ultravision's favor could

find that Acuity Mexico sells the Accused Products to ABL in the United States, Defendants have

failed to meet their burden for summary judgment.

### B. Acuity Mexico Induces Infringement by ABL

Ultravision's induced infringement allegations are supported by substantial evidence such

that Defendants are precluded from summary judgment because Acuity Mexico has been aware

of the Asserted Patents since the filing of the complaint, and has encouraged ABL to sell the

Accused Products in the United States while knowing that those products infringe the Asserted

Patents.

First, Acuity Mexico has undisputedly been aware of the asserted patents, and of

Ultravision's infringement allegations at least since the filing of the complaint on August 26,

2019. *See* Dkt. 1; Ex. L [Defendants Rog Responses at 9-12].

Second, Acuity Mexico knows that ABL's sales of the Accused Products infringe the Asserted Patents. Based on Ultravision's complaint, and disclosures throughout this litigation, Acuity Mexico is also aware, or is willfully blind to the fact, that the Accused Products infringe the Asserted Patents. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("[W]illful blindness can satisfy the knowledge requirement for active inducement under § 271(b). . ."). Here, a reasonable jury drawing inferences in Ultravision's favor could find that Acuity Mexico's specific intent, either knowledge or willful blindness, is evident from its ongoing sales to ABL after learning of Ultravision's theory of infringement. *See TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1287 (Fed. Cir. 2020) ("[A] finding of willfulness may rest on the subjective bad faith of the infringer even if it would be objectively reasonable to view the conduct at issue as non-infringing. . . the question whether the defendant subjectively had what turned out to be the correct belief [] is not answered as a matter of law by the objective reasonableness of a contrary belief."); *Ricoh Co*, 550 F.3d at 1342 ("[S]pecific intent may be inferred from circumstantial evidence. . .") (citations omitted).

Finally, Acuity Mexico has actively encouraged ABL to sell the Accused Products to end users in the United States. ████████████████████████████

████████████████████████████████████

██████████████████████████████

██████████████████    █████████████████

████████████████████████████████

██████████████████████████████

─────────────────────

█  █  ████████████████████████████

████████████████████████████

████████████ Accordingly, as in *L.C. Eldridge*, a reasonable jury could infer that Acuity Mexico specifically intends for ABL to sell the Accused Products which it knows to practice the Asserted Patents in the United States. *See L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, 6:11CV599, 2013 WL 7964028, at *2 (E.D. Tex. Nov. 14, 2013 (denying summary judgment of no induced infringement based on the title transfer of the accused products occurring in Singapore because "Jurong's corporate representative testified that Jurong knows where the rigs it builds will operate. And in Jurong's Dolphin Magazine, it stated that the Accused Rigs would operate in the Gulf of Mexico. Therefore, a credible question of fact exists as to whether Jurong induced infringement under the Patent Act."). Thus, Defendants cannot meet their burden on summary judgment.

Defendants incorrectly allege that Ultravision has "waived" its claims of indirect infringement. Defendants' argument relies on the mischaracterization that Ultravision somehow failed to provide discovery regarding its indirect infringement claims. In reality, Defendants never sought discovery regarding Ultravision's indirect infringement claims. *See supra,* Section IV.C. Defendants acknowledged that Ultravision's complaint plead induced infringement by Acuity Mexico. *See Fenner Invs., Ltd. v. Hewlett-Packard Co.*, CIV.A. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010) (holding a plaintiff may "provide[] sufficient notice of its inducement claims" in its complaint, by identification of evidence, or through discovery responses.") Yet they never submitted an interrogatory or deposition topic regarding induced infringement, nor did they ever seek discovery of Ultravision's theories informally. Nor is Ultravision precluded from pursuing induced infringement by the testimony of its technical expert or of Bill Hall, its CEO. Mr. Hall was not designated for any topic pertaining to indirect infringement, and in any case, is prohibited from viewing evidence designated as Restricted

under the Protective Order. Nor was Mr. Hall even questioned regarding Ultravision's contentions regarding induced infringement. ███████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████ Defendants provide no support for the proposition that any testimony of either witness is preclusive. Because record evidence shows that Ultravision's properly pled allegations of inducement are correct, summary judgment should be denied.

Accordingly, Defendants' summary judgment motion should further be denied because a genuine dispute of material fact remains regarding Acuity Mexico's inducement of ABL to infringe in the United States.

## VII.   CONCLUSION

Defendants' Sealed Motion for Summary Judgment of Non-Infringement of Asserted Patents (Dkt. 128) should be denied in its entirety.

Dated:  December 14, 2020                    Respectfully submitted

  */s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**

230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF
ULTRAVISION TECHNOLOGIES, LLC**



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 14, 2020, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant