IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>　　　　　　Plaintiff,<br>v.<br><br>HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE, S.A. DE C.V. and ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE CO. LTD.,<br><br>　　　　　　Defendant. | Case No. 2:19-cv-00291-JRG-RSP<br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>　　　　　　Plaintiff,<br>v.<br><br>YAHAM OPTOELECTRONICS CO., LTD.<br><br>　　　　　　Defendant. | Case No. 2:19-cv-00398-JRG-RSP<br>**MEMBER CASE**<br><br>**JURY TRIAL DEMANDED** |

**YAHAM OPTOELECTRONICS CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS OF ZANE COLEMAN AND STEPHEN E. DELL CONCERNING UNACCUSED PRODUCTS (DKT. NO. 123)**

**Table of Contents**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................2

    A. There is No Genuine Dispute that Ultravision Failed to Provide Adequate Notice to Yaham .................................................................................................2

    B. The Alleged Importance of the Evidence Cannot Outweigh Prejudice to Yaham ..........................................................................................................................4

III. CONCLUSION....................................................................................................................5

## **Table of Authorities**

**Page**

**Cases**

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
   359 F.Supp.2d 558 (E.D.Tex. 2005) ........................................................................................ 3

*Honeywell Int'l Inc. v. Acer Am. Corp.*,
   655 F. Supp. 2d 650 (E.D. Tex. 2009) ...................................................................................... 5

*In Orion IP, LLC v. Staples, Inc.*,
   407 F. Supp. 2d 815 (E.D. Tex. 2006) .................................................................................. 3, 4

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
   No. 2:06-cv-272, 2008 WL 1930299 (E.D. Tex. Apr. 30, 2008) ............................................ 5

*Mediostream, Inc. v. Microsoft Corp.*,
   No. 2:08-cv-369, 2010 WL 4118589 (E.D. Tex. Oct. 18, 2010) ............................................ 5

*Semcon IP Inc. v. ZTE Corp.*,
   No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501808 (E.D. Tex. Feb. 28, 2018) ..................... 2, 5

*Stragent, LLC v. Freescale Semiconductor, Inc.*,
   No. 6:10-cv-224, 2011 WL 13227699 (E.D. Tex. July 14, 2011) .......................................... 5

**I.      INTRODUCTION**

In its opposition (Dkt. No. 149, "Opp'n"), Ultravision mistakenly claims that Yaham did not timely provide information regarding the Unaccused Products.[1]  In fact, Yaham provided information—in English *as far back as April 2020*.  Additionally, publicly available information—the kind on which Ultravision originally filed suit in this litigation—would have enabled Ultravision to accuse those products.  Given the extent to which the Coleman and Dell Reports relied on publicly available information and discovery produced early on, it is unclear what additional information obtained in discovery could possibly be the basis accusing those products for the first time in the expert reports.

Ultravision's request that this Court forgive its failure to follow the Local Patent Rules and simply ignore its delay in alleging infringement against the Unaccused Products would serve to undermine the very purpose of those rules.  To allow such untimely allegations of infringement would not serve judicial economy, but would instead incentivize parties to ignore the Local Patent Rules and sit on their allegations of infringement of newly accused products until the expert disclosure deadline.

Tellingly, Ultravision never once addresses *Semcon*.  This Court's decision in that case counsels in favor of (i) striking the portions of the Expert Reports that reference the Unaccused Products, (ii) striking the portions of the Expert Reports that assert for the first time that one previously identified product infringes three asserted patents, and (iii) precluding Ultravision and its experts from introducing any such evidence, positions, arguments, or opinions regarding such matters at trial.  *Semcon IP Inc. v. ZTE Corp.*, No. 2:16-cv-00437-JRG-RSP, 2018 WL 4501808,

---

[1] Defined terms have the meanings set forth in Yaham's motion (Dkt. No. 123).

at *3 (E.D. Tex. Feb. 28, 2018) (Gilstrap, J.) (Payne, J.) (striking portions expert report referring to infringement of previously unaccused products).

## II.   ARGUMENT

### A.   There is No Genuine Dispute that Ultravision Failed to Provide Adequate Notice to Yaham

Ultravision does not dispute that it failed to allege infringement against the Unaccused Products prior to the Coleman and Dell Reports.  Instead, Ultravision attempts to justify its failure to timely assert infringement against the Unaccused Products by claiming that Yaham did not timely provide sufficient information for Ultravision to timely amend its infringement contentions.

Ultravision's claim is baseless.  Yaham provided English language specifications and technical documents relating to essentially all the Unaccused Products.[2]  As early as April 2020—*six months before* Ultravision served the Expert Reports—Yaham produced information relating to those products in English.[3]  Despite having discovery in its possession since as early as April 2020, Ultravision never sought to amend its Infringement Contentions to identify any Unaccused Product.  Further, the Coleman Report references these early-produced documents in alleging infringement against the Unaccused Products.  *See, e.g*., Ex. 1-1 (Attachment A to Coleman Report) at 5-6 (citing YAHAM-LT-00016549 produced in April 2020); Ex. 1-2 (Attachment B to Coleman Report) at 8-10 (citing YAHAM-LT-00016557-YAHAM-LT-00016558, YAHAM-LT-00016560 produced in April 2020).

---

[2] *See, e.g*., Ex. 3 (specification of Lumiway II, YHL-PO, bates number YAHAM-LT-00016453-YAHAM-LT-00016454, produced in April 2020); Ex. 4 (specification of SafeGuard YHL-ST6-60, bates number YAHAM-LT-00021105-YAHAM-LT-00021106, produced in April 2020); Ex. 5 (specification of Lumiway I YHL-FL-120(MO), bates number YAHAM-LT-00055232, produced in April 2020); Ex. 6 (IES report of SafeGuard Floodlight YHL-FL5-60, bates number YAHAM-LT-00021187-YAHAM-LT-00021200, produced in April 2020).
[3] *See, e.g*., *id.*

Ultravision does not dispute that details regarding the Unaccused Products were publicly available on Yaham's website, but instead claims that they provided insufficient information for Ultravision to timely accuse any Unaccused Product. Leaving aside the fact that Yaham provided information in discovery as early as April 2020, it is not clear what additional information Ultravision would have needed to obtain in discovery to allege infringement. Ultravision itself believes that the Unaccused Products are similar to those Ultravision formally accused in its infringement contentions. Opp'n at 1-2. The Coleman Report and the claim charts served with it rely heavily on this publicly available information. *See, e.g.*, Ex. 1 (Coleman Report) at 47. Ultravision's claim that it needed additional information in discovery in order to timely accuse the Unaccused Products thus rings hollow. Judging from the Dell Report and the claim charts accompanying the Coleman Report, Ultravision already had everything it needed from publicly available sources. *See, e.g.*, Ex. 1-1 (Attachment A to Coleman Report) at 2, 21-22; Ex. 2 (Dell Report) at 16-17; *see also In Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) ("[w]hen information is publicly available, the Patent Rules require plaintiffs to set forth specific theories of infringement at the outset of the case") (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D.Tex.2005)).

Ultravision argues that it had no ability to investigate Yaham's products, but it never inspected any. Ultravision has not shown in its opposition that an inspection was required in order to allege infringement against the Unaccused Products. Further, Ultravision never represented to Yaham that it intended to accuse these products or that it could not accuse them without an inspection.

### B. The Alleged Importance of the Evidence Cannot Outweigh Prejudice to Yaham

Ultravision argues that granting Yaham's motion would require it to file another action against Yaham and that, for reasons of judicial economy, the Unaccused Products should remain in the case. Opp'n at 12. Ultravision's argument is at heart a request to set aside the Local Patent Rules. As Ultravision would have it, a patentee could simply withhold amendment until the expert disclosures deadline. This would, as it has for Yaham, (i) force a defendant to assess and prepare responses to new infringement allegations with precious little time, (ii) adversely impact the ability to raise issues during claim construction or present additional invalidity arguments, and (iii) eliminate the possibility for additional non-infringing alternatives arguments in damages analysis. Despite this obvious prejudice, Ultravision suggests Yaham has not been prejudiced simply because the Unaccused Products were addressed in Yaham's rebuttal expert report. As should be clear, Yaham only did so blindsided, with ***no prior notice*** that these products were in the case.[4]

Nor is it appropriate to suggest, as Ultravision does, that Yaham should have to identify how its claim construction arguments might have differed had it been provided adequate notice of Ultravision's allegations against the Unaccused Products. Opp'n at 9. Ultravision did not provide adequate notice to Yaham of the allegations made for the very first time in the Coleman Report. Yaham need not telegraph to Ultravision how its claim construction positions might differ in order to demonstrate prejudice.

No case allowing amendment cited by Ultravision presents similar facts as those here. In *Stragent*, the plaintiff sought amendment six months after serving its infringement contentions and

---

[4] Ultravision's reliance on *In Orion IP, LLC v. Staples, Inc*., 407 F. Supp. 2d 815, 817-18 (E.D. Tex. 2006) is untenable. Opp'n at 10. The *Orion* plaintiff accused the defendant's website of infringement. The court finds sufficient notice to the defendant because "website is not a static object . . . it would be unrealistic to expect plaintiffs to provide screen shots for every possible manifestation of the alleged infringement." This is far from analogous to the case here.

4

not, as here, in the form of theories first disclosed in an expert report. *Stragent, LLC v. Freescale Semiconductor, Inc.*, No. 6:10-cv-224, 2011 WL 13227699, at *1 (E.D. Tex. July 14, 2011). The parties in *Mediostream* had engaged in discussions on amendment. *Mediostream, Inc. v. Microsoft Corp.*, No. 2:08-cv-369, 2010 WL 4118589, at *3 (E.D. Tex. Oct. 18, 2010). Ultravision never raised the new allegations of infringement against Yaham prior to serving the Expert Reports. In *Mass Engineered Design*, the parties agreed on extensions of expert report and discovery deadlines. *Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 2:06-cv-272, 2008 WL 1930299, at *4 (E.D. Tex. Apr. 30, 2008). Here, Ultravision only informed Yaham of its new theories of infringement with the service of the Expert Reports. *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 657 (E.D. Tex. 2009) is likewise inapposite because it involves a motion to compel discovery.

Notably, Ultravision fails to address *Semcon*. As the Court determined in *Semcon*, which was decided on strikingly similar facts, infringement contentions under the Local Patent Rules provide important boundaries and help determine the allegations at issue. *Semcon*, 2018 WL 4501808 at *2. To allow Ultravision to accuse the Unaccused Products under the facts at issue would make those Patent Rules meaningless.

### III. CONCLUSION

For the foregoing reasons, Yaham respectfully requests that the Court strike the portions of the Expert Reports that reference the Unaccused Products, and that Ultravision and its experts be precluded from introducing any such evidence, positions, arguments, or opinions regarding the Unaccused Products at trial. The Court also should strike from the Expert Reports the assertions that the Unaccused Products infringe the '410 Patent and preclude Ultravision and its experts from presenting any such evidence, positions, arguments, or opinions at trial.

5

Dated:  December 22, 2020

Respectfully submitted,

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson
State Bar No. 24029638
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone:  713.658.6450
Facsimile:  713.658.6401
jj@orrick.com

J. Mark Mann
State Bar No. 12926150
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
903/657-8540
Fax: 9036576003
mark@themannfirm.com

ATTORNEYS FOR DEFENDANT
YAHAM OPTOELECTRONICS CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 22, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson