███████████

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE C.V., and ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE COMPANY, LTD.,<br><br>      Defendants. | Case No. 2:19-cv-00291-JRG-RSP<br><br>**<u>JURY TRIAL DEMANDED</u>** |


**<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED PATENTS (Dkt. 128)</u>**

Since filing this case, Plaintiff's objective has been transparent -- to pursue claims against Acuity Brands Lighting, Inc. ("ABL"), even though it is not subject to proper venue in this Court. Plaintiff initially sued Holophane Europe. Dkt. 1.  After learning that Holophane Europe had no U.S. presence, Plaintiff filed an Amended Complaint adding claims against Holophane Mexico, Arizona (Tianjin) Electronics Products, and Acuity Brands Lighting de Mexico S de RL de CV ("Acuity Mexico").   The only commonality among these Defendants is that they are foreign subsidiaries of ABL with no presence or activity in the United States.  After considerable expense and a significant waste of the Court's resources, Plaintiff recently conceded that it has no claims against Holophane Europe, Holophane Mexico or Arizona (Tianjin) Electronics,[1] but Plaintiff continues to pursue claims against Acuity Mexico based on its attorneys' mistaken assumptions and innuendo, rather than actual evidence of allegedly infringing U.S. activity.

While the Court accepted Plaintiff's say-so (*i.e.*, its unsupported allegations in the Amended Complaint) when it denied Defendants' Motion to Dismiss, those allegations no longer are enough.  Because there is no evidence that Acuity Mexico sold, offered for sale, used or made in the United States or imported into the United States any Accused Product, Plaintiff's direct infringement claims should be dismissed.  The same is true for Plaintiff's induced infringement claims.  Plaintiff waived its induced infringement claims; but, even if that is subject to debate, there is no evidence that Acuity Mexico encouraged or otherwise induced infringement by any third party in the United States.  Accordingly, summary judgment of non-infringement is proper.

A.      **Responses to Counter-Statements of Material Facts**

Statements 1, 2, 4, 7, 8, 10, 13, 14, 15, 17, 18, 20, 21, 23, 24: Undisputed

Statement 3: Disputed as to Plaintiff's fraud and materiality arguments.  *See*, § B.3., *infra*.

---

[1] *See* Response (Dkt. 145), at 3 ("Ultravision no longer asserts infringement by Defendants other than Acuity Mexico.").

Statement 5, 6: Disputed.  *See*, § B.1., *infra*.

Statement 9: Disputed. ███████████████████████████████████

███████████████████████████████████████████████

Statement 11, 12: Disputed. ABL is responsible for shipping products assembled by Acuity Mexcio.  Acuity Mexico only is responsible for reimbursing the cost of shipping from its facilities to the Mexican border.  *See*, § B., *infra*, Dkt. 128, footnote 28.

Statement 16, 19: Disputed.  Defendants sought discovery that encompassed Plaintiff's infringement contentions and theories.  *See*, Dkt. 128 at pp. 12-13.

Counter-Statement 22: Disputed as to materiality and mischaracterization of the testimony.

## B.    Direct Infringement

There is no evidence of infringing activity in the United States by Acuity Mexico.

### 1.    Importation Documents and "Commercial Invoices"

Plaintiff argues that importation documents produced by ABL reflect that Acuity Mexico sold products to ABL in the United States.  These documents establish that argument is incorrect. While the basis for Plaintiff's interpretation of the documents is unclear, it is beyond dispute that the documents show that ABL (and not Acuity Mexico) is the entity that imports the products into the United States.  *See* Response, Ex. E, at p. 1.

> 11. IMPORTER OF RECORD NAME
> ACUITY BRANDS LIGHTING INC DIV LITHONIA
> LIGHTING
> 1400 LESTER RD NW
> CONYERS, GA 30012-3908

The documents further reflect that M.J. Carrillo Company, which Plaintiff concedes is ABL's customs broker, arranges for the products to be trucked into the United States via the World Trade Bridge between Nuevo Leon, Mexico and Laredo, Texas.  *See, e.g.*, Ex. E at 1.  The fact that M.J. Carrillo Co., Inc., has a Laredo, Texas, office is irrelevant to the analysis, despite Plaintiff's suggestion otherwise.

Furthermore, the documents on their face prove that ABL takes possession of the products in Mexico and then imports them into the U.S.  First, the documents reflect that the products are shipped to ABL "FOB Origin."  [FOB ORIGIN]  This shipping term means the recipient of the goods (*i.e.*, ABL) takes ownership of the products as soon as they leave the point of origin (*i.e.*, Parque Kalos, Nuevo Leon, Mexico).  [Shipping Point PARQUE KALOS, NL]  *See, e.g.*, Ex. E at 5.

Plaintiff next argues that because ABL's importation documents include a "Commercial Invoice," that document reflects a U.S. sale of products by Acuity Mexico to ABL.  Response, at 4, 7 & 12, referring to Ex. E, at 5 and F, at 7.  Again, Plaintiff's arguments are based on its counsel's mistaken assumptions because Plaintiff did not ask questions at any deposition about the document at its Exhibits E and F.  The import documents include a "commercial invoice" with quantity and value information, because U.S. Customs requires a document by that title and information it includes.  *See*, 19 C.F.R. §§ at 141.81 (requiring that a "commercial invoice shall be presented for each shipment") and Appendix to Part 163 - Interim (a)(1)(A) List (identifying quantity and value information to be maintained in records).  The "commercial invoice" does not reflect a sale as Plaintiff's counsel mistakenly assumes.  Plaintiff's argument that there is a U.S. sale or importation by Acuity Mexico is wholly inconsistent with the documents, lacks evidentiary support, and does reflect a fact dispute.  Accordingly, regardless of whether Acuity Mexico is a mere assembler that takes possession of raw components, assembles them, and returns finished goods to ABL (as governed by U.S. trade agreements, shown by the facts in evidence, and argued by Acuity Mexico); or Acuity Mexico "sells" products to ABL (as Plaintiff argues), Acuity Mexico's activity takes place in Mexico and does not form the basis of a claim for direct infringement.

        2.        Amended and Restated Agreement for Contract Manufacturing Services

The foregoing importation documents are consistent with ABL's and Acuity Mexico's manufacturing agreement that provides, among other things:

3



███████████████████████ Given the bailment that applies to the components and assembled products, Acuity Mexico agreed to obtain insurance to cover its Mexican activities. (*Id.* at 4, ¶ 12). ████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ Similar to the importation documents, this agreement confirms that the parties arm's length relationship, by which Acuity Mexico assembles components into products in Mexico; and the components and, later, assembled products, are and remain the property of ABL, not Acuity Mexico, consistent with Acuity Mexico's arguments in its Motion.

3.      ████████████████

Plaintiff makes much ado of ██████ deposition testimony and errata related to the manner in which Acuity Mexico obtains the components that it assembles into the finished products provided to ABL. According to Plaintiff, this testimony supports its position that Acuity Mexico sells products to ABL, and that sale is actionable under 35 U.S.C. § 271(a). As a starting point, Plaintiff's argument is a red herring because the testimony relates to how Acuity Mexico obtains components, not whether it sells the accused products to ABL. A commercial relationship

governs the manner in which Acuity Mexico provides products to ABL in Mexico, and the nature

of that relationship is beyond dispute. *See* §§ B.1. & 2., *supra*. ████████████████

██████████████████████████████████████████████████████████

████████████████████    ██████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Whether Acuity's act of obtaining the components is deemed a purchase or sourcing, it does not

change the fact that Acuity Mexico does not have ownership of those components, according to

the terms of ABL's and Acuity Mexico's manufacturing agreement, and Acuity Mexico does not

sell products in the U.S. Resp., Ex. D, at p. 2, 4. ██████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

Resp. at Ex. A, 19:14-23. None of this testimony even suggests that Acuity Mexico sells (as used

in 35 U.S.C. § 271(a)) products to ABL. Acuity does not, as reflected in the (i) importation

documentation, (ii) ABL's and Acuity Mexico's agreement, (██████████████████████

████████, and (iv) U.S. customs regulations.

---

2 █████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

### C.  Indirect Infringement

Plaintiff's case citations confirm that induced infringement requires evidence of knowledge

of the patents ***and*** active steps taken to encourage direct infringement.  Response at 11.  Mere

knowledge of a patent, such as knowledge obtained during the course of a lawsuit, is not enough.

Encouraging acts also are required to be shown and, here, there is no evidence of any such acts.

Here, Plaintiff did not attempt to obtain any evidence of encouraging acts because Plaintiff

waived its induced infringement claim, which it was required to disclose in its infringement

contentions.  *See, e.g.*, *IBD Ventures LLC v. Charlotte Russe Holdings, Inc.*, No. 2:17-CV-660-

WCB-RSP (E.D. Tex. Dec. 28, 2018) (Bryson, J.), ECF. No. 137.  But even if it had attempted to

obtain such evidence, the result would be the same.  Acuity Mexico obtains components and

assembles them into products that it provides to ABL in Mexico. This is consistent with the legal

construct of a maquiladora, which is governed by U.S. and Mexican customs law and the arm's

length agreement between ABL and Acuity Mexico.  Assembling components based on the

instructions of another does not even suggest that the assembler is ***encouraging*** infringement.[3]

Finally, regarding waiver, Plaintiff's infringement contentions, interrogatory responses and

the testimony of its Rule 30(b)(6) corporate representative speak for themselves.  While Plaintiff

pled indirect infringement, that allegation was waived by Plaintiff's conduct that followed,

including through its infringement contentions, its discovery responses and even its expert reports

that only make passing reference to an unstated indirect infringement theory.

---

[3] The only case cited by Plaintiff to support its argument that Acuity Mexico's conduct arises to
encouraging infringement, *L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*, 6:11CV599,
2013 WL 7964028 (E.D. Tex. Nov. 14, 2013), is easily distinguishable.  In *L.C. Eldridge*, the
issue appears to be whether the extra-territorial transfer of the accused product precluded a
finding of indirect infringement.  *Id.* at *2.  In contrast, Acuity Mexico argues that its assembly
of products is not an act of encouraging infringement.

Dated: December 22, 2020

Respectfully submitted,

/s/ Matthew S. Yungwirth
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000
Atlanta, Georgia 30309
Telephone: (404) 253.6900
Facsimile: (404) 253.6901

Melissa Richards Smith (TBN 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Gilbert A Greene
BGreene@duanemorris.com
**DUANE MORRIS LLP**
900 S. Capital of Texas Hwy.
Suite 300
Austin, TX 78746-5435
Telephone: 713-402-3946
Facsimile: 713-513-3583

*Counsel for Defendants Holophane Europe*
*Limited, Acuity Brands Lighting De Mexico S De*
*RL De CV, Holophane, S.A. De C.V., and Arizona*
*(Tianjin) Electronics Products Trade Co., LTD.*

7



**CERTIFICATE OF SERVICE**

I certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Melissa R. Smith*
Melissa R. Smith

8