███████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, <br><br>      Plaintiff, <br><br> v. <br><br> HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE C.V., and ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE COMPANY, LTD., <br><br>     Defendants. | Case No. 2:19-cv-00291-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT OF
U.S. PATENT NOS. 8,870,410 AND 8,870,413 (Dkt. 129)**

On November 5, 2020, Ultravision identified for the first time a claim construction argument on which it bases its infringement contentions regarding all asserted claims of the '410 and '413 Patents.  Ultravision's argument and the present dispute relate to the claim phrase -- each lens / optical element "disposed over only one associated LED."  '410 Patent, Cl. 10; '413 Patent, Cl. 1.  Ultravision argues that the subject phrase does not limit the number of LEDs over which each lens is disposed.  While that is not how Ultravision characterizes its position because such a twisting of the claim phrase is plainly unsupportable, that is the result of Ultravision's argument.  According to Ultravision, the phrase is satisfied regardless of the number of LEDs under the lens / optical element, as long as there is at least one.  Because the "only one associated LED" can be any single LED that is selected from a set of LEDs, other LEDs under the lens can be ignored.  Ultravision's argument and tortured reading of the limitation are contrary to plain language of the claim and its stated objectives of directing light from each LED / lens in a uniform manner.

Because this "dispute" involves Ultravision's belated claim construction argument, rather than a factual dispute regarding the operation or design of the accused Sign-Vue LED II, it is a dispute that should be resolved through summary judgment, which should be granted.[1]

### A.     Response to Ultravision's Counter-Statement of Material Fact

Statements 1, 2, 4, 5, 6, 7, 8: Undisputed

Statement 3: This is not a statement of fact.  It is an argument or characterization of a rebuttable claim construction principle.  The statement is disputed.

### B.     The Preamble Cannot Obviate the "Disposed over Only One Associated LED" Limitation.

Ultravision effectively proposes that the Court read out or rewrite the phrase "disposed

---

[1] Ultravision's statement that "a reasonable jury could and should accept Ultravision and Dr. Coleman's infringement theory" completely misses the mark because that "theory" is premised on its belated and faulty claim construction.  Response at p. 6.

over only one associated LED" based on the term "comprising" in the preamble.  Response at 6.

According to Ultravision, the term "comprising" makes the claim "open-ended" (*id*. at 3) and,

therefore, Ultravision argues that the "disposed over only one associated LED" limitation that

applies to each lens / optical element can be interpreted to refer to one arbitrarily selected LED,

among a set of several LEDs.  The crux of Ultravision's argument is that the optics panel may

include LEDs that Ultravision arbitrarily excludes from the claimed "plurality of LEDs" and,

thereby, disregards when applying the claim limitation that each lens or optical element be

"disposed over only one associated LED."  This argument is contrary to the plain language of the

claim and the disclosure of the specification.  While the term "comprising" can imply that a claim

is open-ended, *i.e.*, it does not exclude the presence of unclaimed elements, the term "comprising"

does not justify disregarding or rewriting a limitation, as Ultravision invites the Court to do.

*Liberty Ammunition, Inc. v. United States*, 835 F.3d 1388, 1399 (Fed. Cir. 2016) ("our prior

decisions have warned against using terms such as "comprising," or "including," as "weasel

word[s] with which to abrogate claim limitations") citing *Dippin' Dots, Inc. v. Mosey*, 476 F.3d

1337, 1343 (Fed. Cir. 2007) (quoting *Spectrum Int'l, Inc. v. Sterilite Corp.*, 164 F.3d 1372, 1380

(Fed. Cir. 1998) (comprising may not alter the scope of recited claim elements).

      While the presence of the "comprising" term in the preamble may create a rebuttable

presumption that the claim as a whole is open-ended, it is not open-ended with respect to the

individual limitation that is specific as to the number of LEDs disposed under each lens or optical

element.  In other words, even if "comprising" does not preclude additional components of the

optics panel identified in the preamble, it does not negate the disposed over only one associated

LED limitations.  The patentee was clear that each lens is disposed over only one associated LED

– not an undefined number of LEDs.  The patentee could have said disposed over: (i) at least one

LED (as it did in other claims), or (ii) <u>an</u> associated LED (*i.e.*, one or more), but it didn't.  In any case, the issue here is not whether there can be unclaimed LEDs, as Ultravision argues.  Instead, the issue is whether each lens is "disposed over only one associated LED," as required by the claim.  Each Sign-Vue LED II lens indisputably is not; it is disposed over seven LEDs.

> **C.      Ultravision's Proposed Construction Is Not Supported by the Intrinsic Record**

Defendants contend that there is no real claim construction "dispute" but even if there is, their application of the claim phrase is the only reasonable application.  First, Defendants' application is based on a plain and ordinary meaning of the phrase in view of the remainder of the two subject independent claims.  For claim 1 of the '413 Patent, the optical element limitation also requires that "a plurality of optical elements, each optical element . . . configured to direct light from **that LED** toward the display surface, such that **the light from each LED** is directed across the entire display surface of the billboard so that, **for each LED**, a ratio of the average illumination **from that LED** across the entire display Surface to the minimum illumination from **that LED** at any point on the display Surface is 3:1" (emphasis added).[2]  The entire construct of this claim is a one to one relationship between the optical element and the "each LED" / "that LED" such that the optics panel achieves the goal of the lens directing light from the LED in a particular manner.  The characterizations of "each LED" and "that LED" reinforce that the only one associated LED is the only LED disposed under the optical element.  Second, Defendants' application is consistent with the specification.  *See, e.g.*, '410 Patent at 5:26-33; Fig. 5C, 5D.

For all these reasons, summary judgment of non-infringement should be granted.

---

[2] Claims 10 and 14 of the '410 Patent contain similar language: "a plurality of lenses, wherein each lens . . . is configured to direct light from that LED toward the display surface, such that the light from each lens is directed across the entire display surface of the billboard, . . . " (cl. 10) and "the light from each lens is directed across the entire display surface of the billboard so that, for each LED, a ratio of the average illumination from that LED across the entire display surface to the minimum illumination from that LED at any point on the display surface is 3:1" (cl. 14).

Dated: December 22, 2020

Respectfully submitted,

/s/ Matthew S. Yungwirth
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000
Atlanta, Georgia 30309
Telephone: (404) 253.6900
Facsimile: (404) 253.6901

Melissa Richards Smith (TBN 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Gilbert A Greene
BGreene@duanemorris.com
**DUANE MORRIS LLP**
900 S. Capital of Texas Hwy.
Suite 300
Austin, TX 78746-5435
Telephone: 713-402-3946
Facsimile: 713-513-3583

*Counsel for Defendants Holophane Europe*
*Limited, Acuity Brands Lighting De Mexico S De*
*RL De CV, Holophane, S.A. De C.V., and Arizona*
*(Tianjin) Electronics Products Trade Co., LTD.*

4



## CERTIFICATE OF SERVICE

I certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Melissa R. Smith*
Melissa R. Smith

5