**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ULTRAVISION TECHNOLOGIES, LLC,

Plaintiff,

v.

HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE C.V., and ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE COMPANY, LTD.,

Defendants.

Case No. 2:19-cv-00291-JRG-RSP

**JURY TRIAL DEMANDED**

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF DR. ZANE COLEMAN'S EXPERT REPORT REGARDING INFRINGEMENT THEORIES NOT DISCLOSED IN FACT DISCOVERY AND PLAINTIFF'S ARGUMENT OF THE SAME (Dkt. 131)**

Between the filing of the Amended Complaint and the service of its opening expert report, Plaintiff did not mention induced infringement or infringement involving the RSXF family of products. Plaintiff's failure to discuss or give proper notice of those theories is most notably a failure of its duty to comply with this Court's patent rules. *Better Mouse Co., LLC v. SteelSeries APS*, 2:14-CV-198-RSP, 2016 WL 7665892, at *1 (E.D. Tex. Jan. 8, 2016) ("when parties do not disclose their infringement theories in their contentions, they may not present those undisclosed theories at trial"). Because neither was disclosed in Plaintiff's P.R. 3-1 disclosures nor otherwise disclosed during discovery, Plaintiff should not be permitted to pursue them at trial.

**A. Induced Infringement**.

Plaintiff did not disclose an induced infringement theory in its P.R. 3-1 contentions; it did not even mention indirect or induced infringement. Yet, Plaintiff tries to justify this failure by claiming that it had no obligation to disclose any details of its induced infringement theory, because generically alleging induced infringement in the Complaint was enough notice. Response at 12. Plaintiff is wrong on the law and the facts.

First, this Court has held that induced infringement theories should be disclosed in the P.R. 3-1 contentions. *See, e.g.*, *IBD Ventures LLC v. Charlotte Russe Holdings, Inc.*, No. 2:17-CV-660-WCB-RSP (E.D. Tex. Dec. 28, 2018) (Bryson, J.), Dkt. 137. In *IBD Ventures*, the Court addressed the scenario in which a proposed amendment to a complaint included an induced infringement theory that was absent from the Plaintiff's infringement contentions. *Id*. at 24-25. The Court found that, even if it "permit[ted] the amendment of the complaint to include an induced infringement theory, the absence of any reference to induced infringement in the infringement contentions would bar [plaintiff] from proceeding on that theory." *Id*. That finding is consistent with the findings of other courts applying similar local rules or disclosure obligations.

*See, e.g., Xiaohua Huang v. MediaTek USA, Inc.*, 815 Fed. Appx. 521, 2020 WL 2892889, *2-*3 (Fed. Cir. 2020) (nonprecedential) (affirming finding that infringement contentions on indirect infringement are deficient and properly stricken); *Uniloc USA, Inc. v. Apple Inc.*, 2020 WL 1984305, *2-*4 (N.D. Cal. 2020) (boilerplate induced infringement allegations insufficient); *In re Vehicle Tracking and Sec. System ('844) Patent Litigation*, 2012 WL 3776463, *2-*4 (D. Minn. 2012) (finding patentee's infringement contentions insufficient as to indirect infringement). Notably, in some of these instances, the plaintiff included at least a placeholder for its indirect infringement theory in its contentions, but Ultravision did not even do that.

As support for its counter-argument, Plaintiff only cites *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, 2010 WL 786606, (E.D. Tex. Feb. 26, 2010). In *Fenner Invs.*, however, Magistrate Judge Love only found that the plaintiff provided sufficient notice of its induced infringement claim, under the circumstances of that case. *Id.* at *3. There, Magistrate Judge Love focused on references in the infringement contentions to manuals provided to customers, and plaintiff's explanation in its discovery responses that its inducement claim was based on written and verbal instructions to the defendant's customers. *Id.* The facts in the present case are distinct from those in *Fenner Invs.*, because Ultravision did not provide any explanation of its theory in discovery and did not identify in its contentions any reference to customer instructions, as opposed to general sales literature it used to identify the various features of the accused products.

**B. RSXF Family of Products**

Reading between the lines of Plaintiff's argument, Plaintiff implies that it knew of the RSXF products at the time it served its infringement contentions and intended its references to the RSX products to refer also to the RSXF family of products. Defendants cannot get into Plaintiff's mind to determine what it knew, but assuming *arguendo* that is true, it is beyond dispute that

Plaintiff had an obligation to identify Accused Instrumentalities "of which the party is aware," just as it did with the RSX2 and RSX3 products. Yet, no RSXF product was identified in the Complaint, infringement contentions or Plaintiff's discovery responses.

Plaintiff's kitchen sink of counter-arguments does not excuse its failure to disclose. Plaintiff first argues that because two documents and a Youtube video cited in its contentions refer to the RSXF products, Defendants should have known they were accused. Response at 3. Plaintiff's contentions, however, merely cited to those marketing materials without even any page cite indicating what in the multi-page documents or 3+ minute video was relevant. Response, Ex. A at p. 1 (footnotes 1-3). Moreover, certain of the documents themselves distinguish the RSX and RSXF families of products. For example, the 67-page document at the webpage identified in footnote 2 discusses the RSX products in pages 1-40 and then includes a separate section for the RSXF family starting on page 41.[1]

Second, Ultravision contends that the RSXF product is depicted on pages 19-22 of its infringement contentions. Response at p. 8. But turning to those pages, the product depicted is identified as the "RSX LED" and gives no indication as to the source of the image or a basis for Ultravision to contend now that it is intended to depict the RSXF family of products. In fact, the only product on pages 19-22 of the contentions for which a source is suggested is the image at the top of page 19, which appears to depict an RSX2 product with a wall mount that is shown at the 2:45 mark of the YouTube video that is referenced at fn 1 of the contentions - not an RSXF product.

Each of the plurality of convex optical elements of the Holophane RSX LED is substantially identical in shape and size.




[1] This document was produced by Ultravision and is attached to its Response as Exhibit D.

Third, Ultravision refers to an Acuity Brands website to argue that Acuity Brands treats the RSX and RSXF as a common family. Response at 2-3. That website, however, clearly distinguishes between the RSX and RSXF products and separately depicts the product families:




*See* https://www.acuitybrands.com/products/family/rsx (visited 12/16/2020; red highlight added).

Fourth, [REDACTED]. Ultravision's argument turns this Court's discovery obligations on their head. Discovery in this Court is not limited to products specifically identified and accused in the infringement contentions. For that reason, Defendants did not limit their discovery responses to the products identified in Ultravision's infringement contentions, but Defendants' compliance with their discovery obligations by providing discovery on unaccused products does not render those

products automatically accused, as Ultravision seems to contend.

Finally, Ultravision argues that the RSX and RSXF families are effectively the same in design and should be treated as such. Response at pp. 2, 9. Again, that is incorrect. Those two aspects of the products, *i.e.*, the form factor and the lens design, are material because they make up the entirety of the asserted claims of the '946 Patent for which the RSXF products are accused, *i.e.*, housing, heat sink, LED and lens.[2]

This Court has recognized that plaintiffs "cannot simply rely on the 'same or similar functionality' language to sweep in additional products that have not been identified with sufficient specificity in the Original Contentions." *Tivo Inc. v. Samsung Elecs. Co., Ltd.*, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016). The same applies here, where the products are different in ways that are material to the claims. The RSXF products should have been disclosed, but were not.

### C. The Court's Four Factor Analysis

Here, Ultravision (i) does not seek to amend its infringement contentions to add a claim for induced infringement, (ii) has not offered substantive expert opinions of induced infringement, and (iii) did not provide in its Response an analysis of the four-factor test as applied to the induced infringement dispute. For those reasons and the reasons expressed in the Motion, Dr. Coleman's statements and opinions regarding induced infringement, as well as the RSXF family of products, should be stricken and Ultravision should be precluded from pursuing that theory at trial.

---

[2] Ultravision suggests that the differences between the RSX and RSXF products are no different than the differences between the RSX2 and 3 on the one hand, and the RSX1 and 4, on the other. *See* Response at p. 11. Defendants gave Ultravision the benefit of the doubt with respect to the RSX1 and 4 because those two products are simply different sizes, *i.e.*, the RSX1 is the smallest, RSX2 and 3 are medium and the RSX4 is the largest. It is extraordinary for Ultravision to argue that benefit of the doubt should be held against Defendants with respect to the RSXF products.

Dated: December 22, 2020

Respectfully submitted,

/s/ Matthew S. Yungwirth
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000
Atlanta, Georgia 30309
Telephone: (404) 253.6900
Facsimile: (404) 253.6901

Melissa Richards Smith (TBN 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Gilbert A Greene
BGreene@duanemorris.com
**DUANE MORRIS LLP**
900 S. Capital of Texas Hwy.
Suite 300
Austin, TX 78746-5435
Telephone: 713-402-3946
Facsimile: 713-513-3583

*Counsel for Defendants Holophane Europe Limited, Acuity Brands Lighting De Mexico S De RL De CV, Holophane, S.A. De C.V., and Arizona (Tianjin) Electronics Products Trade Co., LTD.*



**CERTIFICATE OF SERVICE**

I certify that on December 22, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Melissa R. Smith*
Melissa R. Smith