IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE, S.A. DE C.V. and ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE CO. LTD.,<br><br>           Defendant. | Case No. 2:19-cv-00291-JRG-RSP<br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>YAHAM OPTOELECTRONICS CO., LTD.<br><br>           Defendant. | Case No. 2:19-cv-00398-JRG-RSP<br>**MEMBER CASE**<br><br>**JURY TRIAL DEMANDED** |

**YAHAM OPTOELECTRONICS CO., LTD.'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT RE
NON-INFRINGEMENT OF U.S. PATENT NO. 8,870,410 (DKT. NO. 127)**

**Table of Contents**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT..........................................................................................................................1

    A. Ultravision's Doctrine of Equivalents Arguments Lack Merits ...............................1

        1. Ultravision is estopped from raising Doctrine of Equivalents.....................2

        2. Ultravision's argument against waiver lacks merits ...................................3

        3. Ultravision's argument against claim differentiation lacks merits..............................................................................................................3

    B. There is No Genuine Dispute of Material Fact over Whether the Accused Products Meet the 3:1 Ratio of the Average Illumination to the Minimum Illumination................................................................................................................5

    C. Ultravision Cannot Prove that Each LEDs of the Accused Products Evenly Illuminates Substantially the Entire Display Surface with a Substantially Equal Level of Illumination .......................................................................................6

III. CONCLUSION.......................................................................................................................7

# Table of Authorities

**Page**

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.*,
    No. 2:16-CV-00693-JRG-RSP, 2017 WL 3007464 (E.D. Tex. July 14, 2017) ........................ 3

*Broadcom Corp. v. Qualcomm Inc.*,
    543 F.3d 683 (Fed. Cir. 2008) .............................................................................................. 5

*Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*,
    480 F.3d 1335 (Fed. Cir. 2007) ........................................................................................ 2, 3

*Elkay Mfg. Co. v. Ebco Mfg. Co.*,
    192 F.3d 973 (Fed. Cir. 1999) .......................................................................................... 2, 3

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
    64 F.3d 1553 (Fed. Cir. 1995) .............................................................................................. 4

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
    344 F.3d 1359 (Fed. Cir. 2003) ............................................................................................ 3

*Flexuspine, Inc. v. Globus Med., Inc.*,
    No. 6:15-CV-201-JRG-KNM, 2016 WL 9279998 (E.D. Tex. July 7, 2016) ........................... 1

*Freeny v. Fossil Grp., Inc.*,
    No. 2:18-cv-00049-JRG-RSP, 2019 WL 2078783 (E.D. Tex. May 10, 2019) ....................... 4

*GTX Corp. v. Kofax Image Prod. Inc.*,
    571 F. Supp. 2d 742 (E.D. Tex. 2008) .................................................................................. 7

*Hodosh v. Block Drug Co.*,
    786 F.2d 1136 (Fed. Cir. 1986) ........................................................................................ 5, 7

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) ................................................................................................ 6

*Metaswitch Networks Ltd. v. Genband US LLC*,
    No. 2:14-CV-744-JRG-RSP, 2016 WL 889217 (E.D. Tex. Mar. 8, 2016) ............................. 1

*Moore v. Int'l Paint, L.L.C.*,
    547 F. App'x 513 (5th Cir. 2013) ......................................................................................... 4

*Music Choice v. Stingray Digital Grp. Inc.*,
    No. 2:16-CV-00586, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019) .................................. 4, 5

*Nystrom v. TREX Co.*,
 424 F.3d 1136 (Fed. Cir. 2005) ............................................................................................. 4

*Ormco Corp. v. Align Tech., Inc.*,
 498 F.3d 1307 (Fed. Cir. 2007) ............................................................................................. 6

*Provenz v. Miller*,
 102 F.3d 1478 (9th Cir.1996) ................................................................................................ 1

*Standard Oil Co. v. Am. Cyanamid Co.*,
 774 F.2d 448 (Fed. Cir. 1985) ............................................................................................... 3

*Sycamore IP Holdings LLC v. AT&T Corp.*,
 No. 2:16-cv-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017) ................................. 3

*TechSearch, L.L.C. v. Intel Corp.*,
 286 F.3d 1360 (Fed. Cir. 2002) ............................................................................................. 6

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*,
 782 F.3d 671 (Fed. Cir. 2015) ............................................................................................... 1

*Wang Labs., Inc. v. Am. Online, Inc.*,
 197 F.3d 1377 (Fed. Cir. 1999) ............................................................................................. 6

**Table of Exhibits**

Ex. A       U.S. Patent No. 8,870,410 (the "'410 Patent")

Ex. B       '410 Patent file history, 2014-06-05 Applicant Amendment

Ex. C       '410 Patent file history, 2014-08-27 Notice of Allowance

Ex. D       Expert Report of Zane Coleman Regarding Infringement of U.S. Patent No. 8,870,410 (the "Coleman Report")

Ex. E       Rebuttal Expert Report of Thomas M. Katona Regarding Non-infringement (the Katona Report")

## I. INTRODUCTION

Ultravision has failed to raise any genuine issues of material facts. Thus, summary judgment is proper.

## II. ARGUMENT

### A. Ultravision's Doctrine of Equivalents Arguments Lack Merits

Ultravision does not dispute that the Accused Products do not comprise "acrylic material." Resp. at 3 (SUMF ¶ 3 undisputed). Instead, Ultravision resorts to straw man and unsupported attorney arguments.

As an initial matter, Ultravision's reliance on *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015) is misplaced. Resp. at 11. The *Vasudevan* court finds issue of material fact for the jury regarding whether the specification discloses how to access disparate databases. *Id.* (citing *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir.1996)). But there is no dispute whether the Accused Products comprise "acrylic material" here. Ultravision's reliance on *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 889217, at *2 (E.D. Tex. Mar. 8, 2016) is likewise misplaced. Resp. at 12. The issue in *Metaswtich* boils down to disagreement between the experts regarding the application of the court's claim construction. Again, there is no such dispute regarding whether the Accused Products comprise "acrylic material." Ultravision mischaracterizes Yaham's argument regarding "acrylic material" as " ██████████████████████████████████████████████████ Resp. at 12. This is a straw man and a blatant attempt to manufacture a factual dispute. Indeed, Ultravision's case law *Flexuspine, Inc. v. Globus Med., Inc.* is inapposite because the *Flexuspine* defendant did not move for summary judgment of non-infringement under the doctrine of equivalents. No. 6:15-CV-201-JRG-KNM, 2016 WL 9279998, at *7 (E.D. Tex. July 7, 2016), report and

1

recommendation adopted, No. 6:15-CV-201-JRG-KNM, 2016 WL 4254292 (E.D. Tex. Aug. 12, 2016), *aff'd*, 879 F.3d 1369 (Fed. Cir. 2018).

### 1. Ultravision is estopped from raising Doctrine of Equivalents

Ultravision's argument that the acrylic limitations were tangential and thus not subject to prosecution history estoppel ignores the law. Resp. at 14. First, the absence of the equivalents within the prior art does not make the equivalents tangential to the amendment. *Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc*., 480 F.3d 1335, 1343 (Fed. Cir. 2007). Indeed, the patent applicant here explained to the examiner that "Guest, singly or in combination with Heller, does not teach or suggest plurality of optical elements ***comprising the acrylic material*** that protrudes out of the major surface of the acrylic material substrate." Ex. B ('410 File History, 06/05/2014 Amendment to NFOA) at 11. Thus, the accused equivalent, which does not comprise "plurality of optical elements comprising the acrylic material that protrudes out of the major surface of the acrylic material substrate," "correspondingly does not capture this aspect of the invention relates to the amendment as shown even by the applicant's own statements." *Cross Med. Prod*., 480 F.3d at 1343. This Court should follow *Cross Med. Prod*. and find Ultravision barred by prosecution history estoppel. *Id.* at 1344.

Tellingly, Ultravision does not address *Elkay Mfg. Co. v. Ebco Mfg. Co*., 192 F.3d 973, 979 (Fed. Cir. 1999). Mot. at 7. Indeed, "[a]rguments made during the prosecution of a patent application are given the same weight as claim amendments," and it is irrelevant whether the patentee emphasized this argument at the time of prosecution or not. *Id.* The examiner's reasons for allowance referencing the patent applicant's 06/05/2014 Response to Office Action is also telling. Ex. C ('410 File History, 08/27/2014 Notice of Allowance) at 2 ("present application is being allowed for the reasons stated in the Remarks dated 6/5/14"); *see Elkay Mfg. Co.*, 192 F.3d

at 979 (finding disavowal based on the examiner's reasons for allowance). A patentee must be held to its representations made to the examiner during prosecution to induce a patent grant. *Id.* (citing *Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 452 (Fed. Cir. 1985)).

Ultravision's attempt to manufacture a claim construction issue is likewise untenable. Whether a patentee is estopped from raising the doctrine of equivalents is perfectly appropriate for a summary judgment, as Ultravision's own case law shows. *Cross Med. Prod., Inc.*, 480 F.3d at 1341-44. Indeed, *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co*. similarly supports the proposition that prosecution estoppel is for the court to determine based on prosecution history. 344 F.3d 1359, 1370 (Fed. Cir. 2003). Ultravision's argument is not supported by law, and summary judgment is proper.

### 2. Ultravision's argument against waiver lacks merits

Ultravision argues that its preliminary infringement contentions provide sufficient notice to Yaham regarding its doctrine of equivalent theory. Resp. at 14-15. However, "catch-all language" or "broad conclusory allegations that the products are similar" are insufficient to explain the basis for the equivalency. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-JRG-RSP, 2017 WL 3007464, at *3-4 (E.D. Tex. July 14, 2017) (Payne, J.). Tellingly, Ultravision never addresses *Sycamore IP Holdings LLC v. AT&T Corp*. Mot. at 9 (citing No. 2:16-cv-588-WCB, 2017 WL 4517953, at *5 (E.D. Tex. Oct. 10, 2017) (allowing new infringement theories near the close of discovery prejudices the opposing side). Ultravision fails to show any legal support for its argument.

### 3. Ultravision's argument against claim differentiation lacks merits

First, Ultravision seeks to hide behind a manufactured claim construction argument. Resp. at 15. There is no dispute over the constructions of the "acrylic" terms or whether the Accused Products comprise "acrylic material." And Yaham is not requesting additional claim construction

as the *Music Choice* defendant did. *Contra Music Choice v. Stingray Digital Grp. Inc.*, No. 2:16-CV-00586-JRG-RSP, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019) (denying requests for additional claim construction at the summary judgment stage.) Yaham simply illustrates that the word "acrylic" in claim 15 has a different meaning from claim 1, which recites "a substantially transparent substrate." Ex. A at 8:37-38 ("a substantially transparent substrate comprising a plurality of optical elements"); *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1557 (Fed. Cir. 1995) (every word in a claim has a meaning). Ultravision's reliance on *Music Choice* is misplaced.

Second, Ultravision never addresses *Nystrom v. TREX Co.*, 424 F.3d 1136, 1143 (Fed. Cir. 2005). Just as in *Nystrom*, claims 1 and 15 share a variety of claim elements, while one requires "a substantially transparent substrate" and the other requires "acrylic." The patentee clearly drafted claim 1 more broadly than claim 15 relative to the material of the optical elements, and thus acrylic material/acrylic material substrate in claim 15 must be limited to the plain claim language—acrylic only. *See id.*; *see also Freeny v. Fossil Grp., Inc.*, No. 2:18-cv-00049-JRG-RSP, 2019 WL 2078783, at *7 (E.D. Tex. May 10, 2019) (Payne, J). Instead of responding to *Nystrom* or *Freeny*, Ultravision relies on an array of Dr. Coleman's unsupported statements to argue that acrylic and ▮▮▮▮▮▮ are interchangeable. Resp. at 16 (citing Ex. D (Coleman Report) at ¶ 152 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.")) Ultravision's argument is not supported by law, and Dr. Coleman's conclusory opinions serve no basis for the summary judgment dispute here. *See Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 516 (5th Cir. 2013).

### B.     There is No Genuine Dispute of Material Fact over Whether the Accused Products Meet the 3:1 Ratio of the Average Illumination to the Minimum Illumination

Ultravision again asserts that this is a claim construction dispute. Resp. at 17. This is a straw man. *Contra Music Choice*, 2019 WL 8110069, at *3 (denying requests for additional claim construction at the summary judgment stage).

None of the case law supports Ultravision's position. *See Hodosh v. Block Drug Co.*, 786 F.2d 1136, 1143 (Fed. Cir. 1986) (finding that questions of material fact remains regarding terms used in prior art references; reversing summary judgment on invalidity over obviousness); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 696 (Fed. Cir. 2008) (finding it untimely to adopt detailed interpretation of claim language not presented to the jury at the JMOL stage).

Additionally, Ultravision's suggestion that the "3:1" limitation in claim 20 is unrelated to "evenly illuminates" limitation in claim 15 is absurd. Resp. at 18. First, claim 20 depends from claim 15, and thus claim 20 includes *all* of the limitations of claim 15. Second, the '410 Patent expressly provides "[w]hat is meant by "*evenly*" is that the illumination with a uniformity that achieves a *3:1 ratio* of the average illumination to the minimum." Ex. A ('410 Patent) at 5:14-17. Ultravision's argument ignores the plain language in the '410 Patent and carries no weight.

Ultravision argues that evenly illumination has a uniformity ratio of 3:1 is only one embodiment of the '410 Patent. Resp. at 18. But Ultravision fails to identify any additional embodiments that suggest otherwise.

Ultravision argues that Yaham fails to identify any lexicography or prosecution disavowal to limit "3:1" to "exactly" 3:1. Resp. at 18. Ultravision evidently does not think the plain language of claim 20 "a ratio of the average illumination . . . *is* 3:1" means anything. Ex. A at 10:1-4. Additionally, Ultravision argues that the prosecution history of U.S. Patent No. 8,870,413 and the claim language in related patent U.S. Patent No. 9,947,248 do not support disclaimer. Resp. at 19.

But Ultravision fails to address binding authority set forth in *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1314 (Fed. Cir. 2007) and *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1384 (Fed. Cir. 1999). Mot. at 11-12. Both *Ormco* and *Wang Labs*. stand for the proposition that prosecution disavowal applies to the common subject matter with respect to statements made in prosecuting familial applications. Ultravision cannot be permitted to contradict the plain claim language and binding case law.

> **C. Ultravision Cannot Prove that Each LEDs of the Accused Products Evenly Illuminates Substantially the Entire Display Surface with a Substantially Equal Level of Illumination**

Arguing otherwise, Ultravision resorts to an allegedly "extensive analysis" in the Coleman Report. Resp. at 2. But the report contains no analysis whatsoever of the how ***each one of the LEDs*** of the Accused Products, through the optical element disposed over it, illuminates the entire sign surface at a level of illumination that does not create noticeable unevenness in the overall illumination. Mot. at 13. Instead, Ultravision's "argument" parrots the Coleman Report. Resp. at 20-21.

Factual controversies are deemed in favor of the non-moving party in a summary judgment motion only when "both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Indeed, "general assertions of facts, general denials, and conclusory statements are insufficient to shoulder the non-movant's burden." *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1372 (Fed. Cir. 2002). Expert opinions are likewise subject to the same rule when they are "wholly conclusory." *Id.* Ultravision attempts to manufacture factual disputes between the experts, arguing that Yaham's expert "disagrees with Dr. Coleman's opinions regarding light distributions or the representativeness of his calculation." Resp. 21-22. There is no factual dispute because Dr. Katona simply questions Dr. Coleman's underlying assumptions and unsupported conclusions. Mot. 14 (citing Ex. E (Katona Report) ¶¶ 65, 67-68,

6

135, 142-145.)  Here, Ultravision tries to bring in its manufactured arguments raised in its Motion to Strike Portions of the Katona Report.[1]  Resp. at 21-22.  Yaham has addressed those contrived arguments in its response.[2]

Ultravision again relies on *Hodosh*, inapposite to the case at hand because the issue there relates to terms used in prior art references. Resp. at 22 (citing 786 F.2d at 1143).  Here, summary judgment is appropriate because Dr. Coleman's opinions are conclusory and fail to provide sufficient explanations to its conclusions and assumptions.  *GTX Corp. v. Kofax Image Prod. Inc.*, 571 F. Supp. 2d 742, 751 (E.D. Tex. 2008) (finding the plaintiff's expert opinions conclusory; holding that plaintiff "cannot survive summary judgment [of non-infringement] by offering unsupported attorney argument and conclusive expert statements.")

### III.  CONCLUSION

For the foregoing reasons, Yaham respectfully requests that the Court grant summary judgment that Yaham's Accused Products do not infringe claim 15 and claim 20 of the '410 Patent.

Dated:  December 22, 2020

Respectfully submitted,

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson
State Bar No. 24029638
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone:  713.658.6450
Facsimile:  713.658.6401
jj@orrick.com

---

[1] Dkt. No. 125.
[2] Dkt. No. 142.

>J. Mark Mann
>State Bar No. 12926150
>MANN TINDEL & THOMPSON
>300 W. Main
>Henderson, TX 75652
>903/657-8540
>Fax: 9036576003
>mark@themannfirm.com
>
>ATTORNEYS FOR DEFENDANT
>YAHAM OPTOELECTRONICS CO., LTD.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 22, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

>*/s/ Jeffrey L. Johnson*
>Jeffrey L. Johnson

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule 5(a)(7)(A), the undersigned hereby certifies that the corresponding document was filed under seal pursuant to Protective Order entered in this case, ECF No. 55.

>*/s/ Jeffrey L. Johnson*
>Jeffrey L. Johnson