**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | Case No. 2:19-cv-00291-JRG-RSP (LEAD CASE) |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | ███████████ |
| HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE, S.A. DE C.V., AND ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE CO., LTD., | |
| Defendants. | |
| ULTRAVISION TECHNOLOGIES, LLC, | Case No. 2:19-cv-00398-JRG-RSP (CONSOLIDATED CASE) |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | ███████████ |
| YAHAM OPTOELECTRONICS CO., LTD., | |
| Defendant. | |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S SUR-REPLY
IN FURTHER OPPOSITION TO YAHAM OPTOELECTRONICS CO., LTD.'S
MOTION FOR SUMMARY JUDGMENT REGARDING
NONINFRNGEMENT OF U.S. PATENT NO. 8,870,410 (DKT. 127)**

# TABLE OF CONTENTS

Page(s)

I.    THE ACCUSED PRODUCTS EQUIVALENTLY PRACTICE THE "ACRYLIC MATERIAL" LIMITATIONS ................................................................ 1

  A.    Prosecution History Estoppel Does Not Apply ........................................ 2

  B.    Ultravision Properly Disclosed its Doctrine of Equivalents Theory........................... 4

  C.    Dr. Coleman Properly Applies the Construction of "Acrylic Material," and Yaham Waived its Claim Construction Arguments.................................... 5

II.   THE ACCUSED PRODUCTS HAVE A 3:1 ILLUMINATION UNIFORMITY RATIO .................................................................................................... 7

III.  EACH LED OF THE ACCUSED PRODUCTS GENERATES EVEN ILLUMINATION ................................................................................. 9

IV.   CONCLUSION........................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ajinomoto Co. v. Int'l Trade Comm'n*,
　932 F.3d 1342 (Fed. Cir. 2019) ............................................................................................ 2

*Alacritech Inc. v. CenturyLink, Inc.*,
　2:16-CV-00693-JRG-RSP, 2017 WL 3007464 (E.D. Tex. July 14, 2017) ............................. 4

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
　2:15-CV-00011-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017) ...................................... 5

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
　535 U.S. 722 (2002) ........................................................................................................ 2, 4

*Flexuspine, Inc. v. Globus Med., Inc.*,
　No. 6:15-cv-201-JRG, 2016 WL 9279998 (E.D. Tex. July 7, 2016) ................................... 1, 2

*Freeny v. Apple Inc.*,
　2:13-CV-00361-WCB, 2014 WL 4294505 (E.D. Tex. Aug. 28, 2014) .................................. 6

*Metaswitch Networks Ltd. v. Genband US LLC*,
　No. 2:14-cv-744-JRG-RSP, 2016 WL 889217 (E.D. Tex. Mar. 8, 2016) ......................... 1, 2

*Music Choice v. Stingray Dig. Grp. Inc.*,
　216CV00586JRGRSP, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019) .................................. 5

*Nystrom v. TREX Co.*,
　424 F.3d 1136 (Fed. Cir. 2005) ............................................................................................ 6

*Vasudevan Software, Inc. v. Microstrategy, Inc.*,
　782 F.3d 671 (Fed. Cir. 2015) .......................................................................................... 1, 2

Plaintiff Ultravision Technologies, LLC ("Ultravision" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Sur-Reply in Further Opposition to Yaham Optoelectronics Co., Ltd.'s ("Defendant" or "Yaham") Sealed Motion for Summary Judgment Regarding Noninfringement of U.S. Patent No. 8,870,410 (Dkt. 127) (the "Motion"). The Motion should be denied in its entirety.

## I.      THE ACCUSED PRODUCTS EQUIVALENTLY PRACTICE THE "ACRYLIC MATERIAL" LIMITATIONS

Yaham does not dispute that the Accused Products' comprise optics made of ██████████ that Dr. Coleman opines is equivalent to "acrylic material" under the function-way-result test. Yaham does not seek to exclude Dr. Coleman's proposed testimony as unreliable. Nor does Yaham challenge that the trier of fact may rely on expert testimony as evidence. Yaham does not contest that whether an equivalent satisfies a limitation is an issue of fact. Because Dr. Coleman's testimony gives rise to a genuine dispute of material fact exists as to whether the Accused Products satisfy the "acrylic material" limitations through the doctrine of equivalents, Yaham is precluded from summary judgment.

Refusing to acknowledge Dr. Coleman's testimony, Yaham instead attempts to distinguish the weight of case law standing for the proposition that the trier of fact may rely on expert testimony as evidence. But Yaham's attempt to distinguish the facts of these cases are irrelevant because Yaham does not, and cannot, dispute that expert testimony is evidence. Nor does Yaham cite any support for its assumption that the jury could not rely on Dr. Coleman's testimony in the context of the doctrine of equivalents. In any case, Yaham fails to distinguish *Vasudevan*, *Metaswitch*, and *Flexuspine*. *Vasudevan Software, Inc. v. Microstrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015); *Flexuspine, Inc. v. Globus Med., Inc.*, No. 6:15-cv-201-JRG, 2016 WL 9279998, at *7 (E.D. Tex. July 7, 2016) *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 889217, at *2

(E.D. Tex. Mar. 8, 2016). In *Vasudevan*, the Court held that where expert testimony supports the nonmoving party's case, as Dr. Coleman's does here, summary judgment is inappropriate. In *Metaswitch*, the Court held that experts' competing applications of a claim construction is a factual issue – it is irrelevant whether the construction was agreed, as it is here, or disputed. In *Flexuspine*, the Court held that whether a feature of an accused product equivalently satisfies a limitation is an issue of fact, and that expert testimony may provide evidence for a doctrine of equivalents theory.

Yaham cannot meet its burden for summary judgment because a genuine dispute of material fact remains as to whether the Accused Products ███████ lenses equivalently practice the "acrylic material" limitations.

Yaham also fails to show that Ultravision is precluded from presenting a doctrine of equivalents theory as a matter of law, as discussed below.

## A.    Prosecution History Estoppel Does Not Apply

Ultravision is not estopped from asserting the doctrine of equivalents because the "acrylic material" limitations are only tangential to an amendment overcoming the rejection over Heller and Guest. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 725 (2002) (holding estoppel does not apply where "the rationale underlying the amendment bears but a tangential relation to the equivalent"). The addition of claims including "acrylic material" limitations was only peripheral to the amendment, because it was independent of the addition of "each LED" limitations which overcame the rejection over Heller and Guest. *See Ajinomoto Co. v. Int'l Trade Comm'n*, 932 F.3d 1342, 1354 (Fed. Cir. 2019) (holding estoppel does not apply if "the way in which the alleged equivalent departs from what the claim limitation literally requires is tangential to the discernible objective reason for the narrowing amendment."); *see also id.* (noting that tangential relation exception applied where "the purpose of the narrowing amendment was to distinguish the invention from the prior art based on the location of the vacuum source relative to the resin, not to

2

limit the number of vacuum sources") (citations omitted). Here, the objectively evident rationale in the Patentees amendment was to distinguish the prior art based on even illumination from "each LED." While the Patentee added claims reciting "acrylic material," this was only peripheral to the contemporaneous narrowing amendment.

Yaham does address that the claims including "acrylic material" limitations were added for the first time, not amended, in response to a rejection over Guest and Heller. Yaham does not contest that neither Guest nor Heller disclosed an optical substrate comprising ▮▮▮▮▮▮▮ or acrylic material. Nor does Yaham contest that the rejection over Guest and Heller did not concern the material of the optical substrate. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Yaham also does not address that non-asserted claim 10 overcame the rejection over Heller and Guest based on the requirement for even illumination from "each of the LEDs" without the additional limitations of amended claim 1 (*e.g.* regarding a first and second optical element) or now-asserted claim 15 (*e.g.* regarding acrylic material).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ Under Yaham's argument, *every* limitation listed in the amendment is subject to prosecution history estoppel, purely because Applicant stated that they were not taught by Guest or Heller. But this is not the standard for prosecution history estoppel. *Festo*, 535 U.S. at 722.

Irrespective of whether the acrylic limitations were listed, Yaham does not address whether or not "the rationale underlying the amendment bears but a tangential relation to the equivalent." *Id.* at 725. Here, the rejection over Guest and Heller had nothing to do with the material of the optical substrate and claim 15 was independently allowable over Guest and Heller based on its recitation of even illumination from "each LED." ████████████████████████

████████████████████████████████████████

████████████████████

██████████████████████████████

████████████████████████

### B.    Ultravision Properly Disclosed its Doctrine of Equivalents Theory

Yaham does not contest that Ultravision's infringement contentions expressly disclosed that it would rely on the doctrine of equivalents with respect to the "acrylic material" limitations of the asserted claims. Nor does Yaham contest that it failed to seek any discovery regarding Ultravision's theory under the doctrine of equivalents. Instead Yaham mischaracterizes Ultravision's disclosure as a "catch-all" without articulating any rationale as to how it could plausibly lack notice of Ultravision's theory. ████████████████████████

████████████████████████████████████████

███████████████ Yaham relies solely on the *Alacritech* decision, which concerns not the doctrine of equivalents, but the "equivalency" of a single charted product to others for purposes of representativeness. *Alacritech Inc. v. CenturyLink, Inc.*, 2:16-CV-00693-JRG-RSP, 2017 WL 3007464, at *4 (E.D. Tex. July 14, 2017) ("The Court, however, is not convinced Alacritech's contentions sufficiently explain the basis for the equivalency and why the 82599 and Infiniband controllers are representative of the other accused instrumentalities.") Ultravision's infringement contentions satisfied P.R. 3-1(d) and put Yaham on notice of its doctrine of equivalents theory.

**C.      Dr. Coleman Properly Applies the Construction of "Acrylic Material,"
and Yaham Waived its Claim Construction Arguments**

First, Yaham has waived its argument that claim differentiation somehow precludes Ultravision's doctrine of equivalents theory. Yaham does not contest that it agreed to a slightly modified version of Ultravision's proposed construction for "acrylic materials" after receiving notice of Ultravision's doctrine of equivalents theory in its infringement contentions. Because Yaham could have raised its argument that differentiation between a "transparent substrate" and "acrylic material substrate" precludes an equivalent read ███████████ at claim construction, its agreement waived those arguments.

On reply, Yaham does not address the substance of Ultravision's argument that it waived its claim differentiation position. ████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ Yaham's attempt to use claim differentiation to read equivalents out of the meaning of the term "acrylic material" is a claim construction argument, irrespective of whether it formally proposed a new construction. The *Music Choice* case did not rely on the formal proposal of a new construction in finding a waiver of new claim construction arguments, as Yaham now suggests. *See Music Choice v. Stingray Dig. Grp. Inc.*, 216CV00586JRGRSP, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019). ("This Court has stated that a failure to timely raise claim construction arguments should ordinarily result in waiver of the arguments.") (citations and quotations omitted) Nor does Yaham address the *Ericsson* holding that arguments it "could have made [] during the claim construction phase of the case but did not" are waived. *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2:15-CV-00011-RSP, 2017 WL 5137401, at *15 (E.D. Tex. Nov. 4, 2017). Accordingly, the Court should find that Yaham has waived its new claim construction arguments.

Second, Yaham is incorrect that claim differentiation prevents the equivalent application of "acrylic material" to ██████████ Yaham's argument is founded on the false premise that Ultravision's theory under the doctrine of equivalents renders the scope of the term "acrylic material substrate" in claim 15 the same as "transparent substrate" in claim 1. Yaham fails to address that Dr. Coleman's conclusions are founded in specific similarities in the properties and applications of acrylic and ██████████ optics. Instead, Yaham unjustifiably assumes, without support, that if ██████████ is equivalent to acrylic material then *all* transparent materials are equivalent. There is no basis for this speculation in Ultravision's arguments or Dr. Coleman's opinions. Thus, even if the Court reaches Yaham's claim construction arguments, Yaham's construction excluding ██████████ equivalents of "acrylic material" is without merit.

Yaham does not address the substance of Ultravision's position. Instead, Yaham incorrectly asserts that Ultravision did not address its citation to *Nystrom* or *Freeny*. This is untrue. Yaham's citations to *Nystrom* and *Freeny* rely on the same false premise that the doctrine of equivalents would render "transparent substrate" and "acrylic material substrate" co-extensive which Ultravision has already rebutted. In any case, the *Nystrom* Court merely ruled that the term "board" required a narrower construction than the term "wood decking log" – it did ***not*** hold that claim differentiation precluded equivalents of the construed "board" board term. *Nystrom v. TREX Co.,* 424 F.3d 1136, 1143 (Fed. Cir. 2005). Similarly, in *Freeny* this Court merely found different "types" of signals to be more limiting than just "different signals" – it did not exclude any equivalents of different "types" of signals." *Freeny v. Apple Inc.*, 2:13-CV-00361-WCB, 2014 WL 4294505, at *4 (E.D. Tex. Aug. 28, 2014).

Accordingly, the Court should reject Yaham's attempt to preclude Ultravision from presenting its doctrine of equivalents theory based on new claim construction arguments. Yaham

6

waived these arguments and they are without merit.

## II.   THE ACCUSED PRODUCTS HAVE A 3:1 ILLUMINATION UNIFORMITY RATIO

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████ Yaham does not

contest that Dr. Coleman is an expert. Yaham does not address that Dr. Coleman reliably applied the

plain and ordinary meaning of "a ratio of … 3:1," and does not address that it has not sought to

exclude those opinions. Because Yaham's disagreement with Dr. Coleman's opinions is a factual

dispute, Yaham cannot meet its burden for summary judgment.

Yaham's Reply merely reiterates its claim construction arguments without addressing the

substance of Ultravision's positions.

First, Yaham does not address that it waived its argument that "a ratio of … 3:1" is limited to

"exactly 3:1" when it failed to raise this issue at claim construction. This was a foreseeable dispute.

Yaham's failure to raise its limiting construction of at the proper time resulted in a waiver. Rather

than engage the substance of Ultravision's argument, Yaham mischaracterizes the claim construction

dispute as *Ultravision's* position. This is inaccurate, as Yaham, not Ultravision, relies on new claim

construction arguments in an attempt to negate a genuine dispute of material fact. Because Yaham

waived its claim construction arguments, the Court need not reach its positions.

Second, even if the Court reaches the merits of Yaham's position, its fails to show that its

newly proposed construction of "exactly 3:1" is warranted.

Yaham continues to rely on the false premise that illumination with a uniformity ratio of 3:1

is a subset of uniform illumination (*e.g.* illumination without hot spots or dead spots), in an attempt

to read an embodiment wherein uniform illumination has a ratio of 3:1 into the claims. 

Yaham's reliance on claim differentiation to suggest that claim 20 is limited to the subset of claim 15 is therefore incorrect.

Yaham similarly fails to show that the specification disclosure of an embodiment "when all LEDs are operating, the light form the collective thereof will illuminate the surface at the 3:1 ratio" limits meaning of "ratio of … 3:1" to *exactly* 3:1. '410 Patent at 5:16-19. Yaham does account for the preceding sentence which refers to a light with a uniformity ratio of 3:1 as one which *achieves* a ratio of 3:1, consistent with Dr. Coleman's opinions on the ordinary usage of the term. Yaham does not address that its suggestion that "even uniformity" requires a ratio of exactly 3:1 contradicts the Court's construction that the uniformity terms refer to a "level of illumination that does not create noticeable unevenness in the overall illumination, such as hot spots and dead spots." Dkt. 111 at 20-21.

Finally, Yaham fails to identify any lexicography or prosecution disavowal to justify its new construction. Yaham does not address lexicography, and effectively concedes this point.

Yaham has not identified any statement in prosecution that could be considered a clear disavowal of the plain and ordinary meaning of "ratio of … 3:1." Yaham instead relies on its citations to *Ormco* and *Wang Labs*, asserting that they "stand for the proposition that prosecution disavowal applies to the common subject matter with respect to statements made in prosecuting familial applications." Yaham's assertion is irrelevant because the plain and ordinary meaning of "is 3:1" in the context of uniformity ratios includes rations which

"achieve" (*i.e.* are lower than) 3:1. Because Yaham has fails to identify any prosecution disavowal or lexicography that narrows the "ratio of … 3:1" to *exactly* 3:1 in the face of the ordinary meaning in the specification of the '410 patent, and in the related industry, its proposed construction should be rejected.

Because a genuine dispute of material fact remains as to whether the Accused Products generate illumination with "a ratio of the average illumination from each of the LEDs across the entire display surface to the minimum illumination at any point on the display surface from each of the LEDs is 3:1," Yaham's motion must be denied.

## III.   EACH LED OF THE ACCUSED PRODUCTS GENERATES EVEN ILLUMINATION

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Yaham does not contest the facts underlying Dr. Coleman's opinions. In particular, Yaham does not contest that each fixture uses only one type of LED; does not contest that each fixture uses optics with the same lens profile over each LED; and does not contest Dr. Coleman's conclusion that the light output of each identical LED/lens combination is the same. ███████████████████████████████████

███████████████████████████████████████████████████████████████

███ Yaham does not address that Dr. Coleman based his opinions on, deposition testimony, specifications, illustrations, bills of materials, photometric outputs, and modeled light distributions of the Accused Products, among other evidence. *See e.g.* Dkt. 146-2, Ex. A at ¶¶ 133-138, 144-148, and n. 6-11. Because Ultravision will present evidence through Dr. Coleman from which a reasonable jury could determine that this limitation is satisfied, Yaham cannot meet its burden for summary

judgment.

On Reply, Yaham simply ignores Dr. Coleman's opinions, including the block quotes in Ultravision's Opposition. █████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Instead, Yaham adopts the contradictory positions that Dr. Coleman's opinions were conclusory, or that he did not address "each LED" of the accused products at all. In either case, Yaham's arguments are without merit. Yaham further relies on the fact that its Motion did not cite to its own expert in an attempt to circumvent its dispute with Dr. Coleman's opinions. But Yaham's reliance on attorney argument does not somehow negate its dispute with Dr. Coleman.

Thus, because a reasonable jury could rely on Dr. Coleman's opinions to find that each LED of the Accused Products has an even illumination profile, Yaham cannot meet its burden for summary judgment.

## IV.    CONCLUSION

For all the foregoing reasons, Ultravision respectfully requests that Yaham's Sealed Motion for Summary Judgment Regarding Noninfringement of U.S. Patent No. 8,870,410 (Dkt. 127) should be denied.

Dated: December 29, 2020                     Respectfully submitted,

/s/ Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435

Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
Texas Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF
ULTRAVISION TECHNOLOGIES,
LLC***



## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2020, a true and correct copy of the above and

foregoing document has been served by email on all counsel of record.

*/s/  Alfred R. Fabricant*
Alfred R. Fabricant