# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | Case No. 2:19-cv-00291-JRG-RSP |
| | (LEAD CASE) |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| | |
| HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE CV and ARIZONA (TIANJIN) ELECTRONICS PRODUCT TRADE CO., LTD., | |
| Defendants. | |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S
SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT OF ASSERTED PATENTS (DKT. 128)**

**TABLE OF CONTENTS**

**Page(s)**

I.  ACUITY MEXICO SELLS THE ACCUSED PRODUCTS IN THE UNITED STATES ................................................................................................................ 1

II. ACUITY MEXICO INDUCES INFRINGEMENT IN THE UNITED STATES.............. 5

Defendants' Motion should be denied because numerous genuine disputes of material fact underlie both the location of Acuity Mexico's sales to ABL, and Acuity Mexico's inducement of ABL's sales to distributors and end-users in the U.S. Rather than addressing Ultravision's evidence, Defendants merely demonstrate the existence of those genuine disputes by restating their competing position. Moreover, Defendants respond to Ultravision's counter-statement of material facts by ***admitting*** that numerous material facts are disputed. Dkt. 167, Opp. at 1-2. Summary judgment may be denied on this ground alone.

I.  **ACUITY MEXICO SELLS THE ACCUSED PRODUCTS IN THE UNITED STATES**

Defendants cannot meet their burden for summary judgment because there is evidence from which a reasonable jury could conclude that Acuity Mexico sells the Accused Products to ABL in the United States. Defendants do not address that delivery of Accused Products directly to the U.S., among other contracting and performance, puts the location of sale in the U.S. *See Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1370-71 (Fed. Cir. 2008) ("Since the American customers were in the United States when they contracted for the accused cubes, and the products were delivered directly to the United States, under *North American Philips* and *MEMC* there is substantial evidence to support the jury's conclusion that GlowProducts sold the accused cubes within the United States.") ▮

▮

▮

▮

▮           ▮

▮

▮

 Defendants Motion should therefore be denied.

Rather than addressing the evidence supporting Ultravision's position, Defendants merely restate their competing version of the facts. Defendants competing position shows the existence of a genuine dispute of material fact and thereby precludes summary judgment. Moreover, Defendants' arguments are without merit.

Defendants fail to advance any authority for the formalistic argument that the "importer of record" designation controls the location of a sale under § 271(a). To the contrary, the Federal Circuit has rejected such attempts to assign controlling weight to formalistic terms. *See N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994) ("[E]ven if we were to conclude that a 'mechanical test' might be appropriate here for some reason, appellee has failed to explain why the criterion should be the place where legal title passes rather than the more familiar places of contracting and performance. . .") Defendants further ignore the weight of evidence concerning more relevant

factors such as the locations of performance and contracting. █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

Second, ███████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████ *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005).

Defendants similarly ignore more relevant evidence, discussed above. ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

Third, Defendants rely on unsupported attorney argument ██████████

██████████████████████████████████████████████.167 at

3-4. █████████████████████████████████████████

████████████████████████████████████████████████

███████████ ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

3

Fourth, Defendants similarly advance no support for their attorney argument that the term

"███████████████████████. ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████ Accordingly, a reasonable jury drawing inferences in Ultravision's favor could find that ABL pays Acuity Mexico a price that includes component costs. ████████████████

████████████████████████████████████████

███████████████████████████████

Finally, Defendants continue to rely on Ms. Lane's for the proposition ██████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ See NTP, Inc. v. Research In Motion, Ltd., 418 F.3d 1282, 1319 (Fed. Cir. 2005). ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

4

Accordingly, because a reasonable jury drawing inferences in Ultravision's favor could find that Acuity Mexico's sales to ABL are U.S. Sales, and because Defendants arguments merely demonstrate the existence of numerous genuine disputes of material fact underlying that conclusion, Defendants' Motion should be denied.

## II.    ACUITY MEXICO INDUCES INFRINGEMENT IN THE UNITED STATES

Genuine disputes remain as to Acuity Mexico's subjective awareness of the Asserted Patents and regarding its active encouragement of ABL to carry out infringing sales, precluding summary judgment on induced infringement.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████ A reasonable jury could find that Acuity Mexico was subjectively aware that ABL's sales to U.S. customers and distributors infringed, based on its knowledge of Ultravision's complaint, or was willfully blind despite awareness of a high likelihood that ABL's U.S. sales infringe.

Second, there is evidence that Acuity Mexico actively encourages ABL to carry out those sales to U.S. customers and distributors. ████████████████████████
████████████████████████████████████████████
████████████████████ ████████████████████
████████████████████████████████████████████
████████████ A reasonable jury could find that Acuity Mexico actively encouraged ABL to sell the Accused Products in the United States on this basis. Rather than addressing

5

Ultravision's arguments, Defendants suggest that a contract manufacturer cannot encourage its parent to sell the Accused Products. Defendants advance no support for this position, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Defendants also fail to show that Ultravision "waived" its induced infringement claims. Defendants concede that Ultravision plead induced infringement. Defendants do not substantively address their failure to seek any discovery regarding Ultravision's induced infringement claims, and fail to identify any discovery request or deposition topic germane to induced infringement. Instead, Defendants adopt the new argument that Ultravision somehow waived its induced infringement claims in its infringement contentions. However, as discussed in Ultravision's briefing in response to Defendants motion to strike portions of Dr. Coleman's expert report, "[defendants'] assertion that P.R. 3–1 requires explicit disclosure of inducement allegations in the infringement contentions is incorrect." *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010). Defendants citation to *IBD Ventures*, in which the plaintiff sought to amend its complaint and contentions in parallel to assert joint infringement, is inapposite.

Because a reasonable jury could find that Acuity Mexico induces ABL to sell the Accused Products in the United Sates, Defendants cannot meet their burden for summary judgment.

Thus, Defendants' Motion should be denied in its entirety.

Dated: December 29, 2020          Respectfully submitted

                                                      /s/ *Alfred R. Fabricant*
                                                      Alfred R. Fabricant
                                                      NY Bar No. 2219392
                                                      Email: ffabricant@fabricantllp.com
                                                      Peter Lambrianakos
                                                      NY Bar No. 2894392

Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF
ULTRAVISION TECHNOLOGIES, LLC**

7



**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2020, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

/s/ *Alfred R. Fabricant*
Alfred R. Fabricant