# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | Case No. 2:19-cv-00291-JRG-RSP |
| | (LEAD CASE) |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| | |
| HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE S.A. DE CV and ARIZONA (TIANJIN) ELECTRONICS PRODUCT TRADE CO., LTD., | |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S SUR-REPLY
IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
PORTIONS OF DR. ZANE COLEMAN'S EXPERT REPORT REGARDING
INFRINGEMENT THEORIES NOT DISCLOSED IN FACT DISCOVERY
AND PLAINTIFF'S ARGUMENT OF THE SAME (DKT. 131)**

Plaintiff Ultravision Technologies, LLC ("Ultravision") respectfully submits this Sur-Reply in Further Opposition to Defendants' Motion to Strike Portions of Dr. Zane Coleman's Expert Report (Dkt. 131). The Motion should be denied.

## I. RSXF PRODUCTS

### A. Plaintiff Identified the RSXF Products

Ultravision's contentions properly identified the RSXF products pursuant to P.R. 3-1(b), and Defendants conduct throughout this case shows that they were aware of Ultravision's identification. Defendants do not contest that Plaintiff's infringement contentions included annotated pictures of RSXF products. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Defendants do not contest that the RSX and RSXF fixtures are part of the same series, nor do Defendants contest that an employee of their corporate parent testified that she was aware the RSX "series" is at issue in this case. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Because Ultravision properly identified the RSXF products, it is unnecessary to reach the four-factor analysis as a threshold matter.

Defendants now argue that the charted RSXF products were not identified because they were referred to as "RSX LED" products. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Defendants also cherry pick a reference to an RSX2 on page 19, without disputing that the remainder of pages 19-22 depict RSXF2 fixtures. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Defendants also argue that the RSX and RSXF products are not marketed as part of the same product series. But defendants' entire argument is based on the fact that a webpage Ultravision cited interchangeably references the "RSX Family" and "RSXF Family".

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████ Defendants also fail to address that the balance of documents Ultravision cited, both internal and external, refer to the RSX and RSXF products as part of the same series. *See* Dkt. 147, Opp. at 1-2.

Defendants argue that their production of financial information for the RSXF products does not show their knowledge that they were accused. However, Defendants rely on the assertion that they did not limit their discovery responses to Accused Products. This is untrue with respect to financial information. ████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████ Notably, Defendants withheld any financial information regarding at least 3 additional product series for which Ultravision sought discovery, and ultimately pursued in the Delaware action filed by ABL. Based on their production of financial information for the RSXF products, and their withholding of financial information for the range of products for which Ultravision sought to supplement its contentions, it is implausible that Defendants did not know that the RSXF products were accused.

---

[1] *See* https://www.acuitybrands.com/products/family/rsx.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ Based on their conduct throughout discovery, Defendants recognized that the RSXF products were accused based on this identification. Defendants motion should be denied on this ground.

### B. Four Factor Analysis

Even if Ultravision's identification of the RSXF products were not held to satisfy P.R. 3-1(b), the good cause factors weigh against striking Dr. Coleman's opinions. Defendants do not substantively address the good cause factors on Reply. Defendants do not contest that there is no need for a continuance. Defendants do not contest that the RSXF products account for a substantial portion of Ultravision's damages. Nor do defendants contest that they never notified Ultravision of their contention that the RSXF products were not identified.

Defendants also fail to show any unfair prejudice based on Ultravision's assertions against the RSXF products. They do not, and cannot, identify any difference in plaintiff's theory of infringement regarding the RSX and RSXF products. Nor do they contest that they have already responded to Plaintiff's theory of infringement regarding the RSXF products, including by performing their own tests. Instead, Defendants simply restate their argument that there is some unspecified difference in "form factors" and lens designs between RSX and RSXF products.[2] Defendants fail to articulate how any difference in form factor and lens design

---

[2] Defendants mischaracterize Ultravision's argument that the RSX and RSXF products have the same technical characteristics as going to identification. While the similarity of the product range is probative of Defendants awareness that the RSXF products were accused, Ultravision does not rely on that similarity for purposes of identification (as opposed to the fact that Ultravision's contentions identified the entire RSX series that the RSXF products are part of). Rather, Defendants fail to articulate any prejudice given that the RSX and RSXF products are essentially the same.

3

resulted in prejudice, as Ultravision's theory of infringement is the same. ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

Ultravision's, and Dr. Coleman's, theory of infringement remains the same irrespective of differences in the optical distributions of different lens options.

Because each of the good cause factors weighs in Ultravision's favor, Defendants motion should further be denied on this ground if the Court reaches the issue.

## II.     INDUCED INFRINGEMENT

Defendants do not dispute that Ultravision has plead induced infringement since the outset of this case. Nor do Defendants contest that Dr. Coleman's opinions are limited to technical aspects of the Accused Products. Defendants do not address that Dr. Coleman is not being offered to opine on the knowledge or intent prongs of induced infringement, and it remains unclear what portion of his Report defendants move to strike. Defendants fail to cite any authority for the proposition that Ultravision should not be able to rely on Dr. Coleman's technical opinions in the context of its induced infringement case. Accordingly, Dr. Coleman's induced infringement opinions should not be struck.

Defendants further fail to support their assertion that Ultravision was obligated to articulate its inducement theories in its infringement contentions. Defendants fail to substantively distinguish *Fenner Invs.*, in which the Court noted that "[Defendants'] assertion that P.R. 3–1 requires explicit disclosure of inducement allegations in the infringement contentions is incorrect." *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010). Defendants further fail to reconcile their arguments here with the fact that Ultravision plead induced infringement in its Complaint. Defendants citation to *IBD*

4

*Ventures* is inapposite. Dkt. 170, Reply at 1 (citing *IBD Ventures LLC v. Charlotte Russe Holdings, Inc.*, No. 2:17-CV-660-WCB-RSP, Dkt. 137 (E.D. Tex. Dec. 28, 2018) (Bryson, J.)). In that case, Plaintiff sought to amend its complaint to plead indirect infringement and sought to amend its infringement contentions in parallel with its complaint to plead joint infringement. Here there is no dispute that Ultravision has plead induced infringement from the outset.

### III.   CONCLUSION

Accordingly, Ultravision respectfully requests that Defendants' Motion to Strike Portions of Dr. Zane Coleman's Expert Report Regarding Infringement Theories Not Disclosed in Fact Discovery and Plaintiff's Argument of the Same (Dkt. 131) be denied in its entirety.

Dated:  December 29, 2020               Respectfully submitted

   /s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906

Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC**

7



## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 29, 2020, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

                                                      */s/ Alfred R. Fabricant*
                                                        Alfred R. Fabricant