# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HOLOPHANE EUROPE LIMITED, ACUITY BRANDS LIGHTING DE MEXICO S DE RL DE CV, HOLOPHANE, S.A. DE C.V., AND ARIZONA (TIANJIN) ELECTRONICS PRODUCTS TRADE CO., LTD., <br><br> Defendants. | Case No. 2:19-cv-00291-JRG-RSP (LEAD CASE) <br><br> **JURY TRIAL DEMANDED** |
| ULTRAVISION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> YAHAM OPTOELECTRONICS CO., LTD., <br><br> Defendant. | Case No. 2:19-cv-00398-JRG-RSP (CONSOLIDATED CASE) <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF ULTRAVISION TECHNOLOGIES, LLC'S SUR-REPLY
IN FURTHER OPPOSITION TO YAHAM OPTOELECTRONICS CO., LTD.'S
MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS OF
ZANE COLEMAN AND STEPHEN E. DELL
CONCERNING UNACCUSED PRODUCTS (DKT. 123)**

I.  INTRODUCTION

Yaham seeks to strike Dr. Coleman's opinions regarding two categories of products: (1) versions of those products identified in Ultravision's contentions, and (2) products within the categories of streetlights, floodlights, and high mast lights identified in Ultravision's contentions. However, Yaham admitted that all but two of the Accused Products subject to this Motion were ███████████ Yaham cannot plausibly allege that it lacked notice of these Accused Products, or that Ultravision's assertion of identical infringement theories against these products is somehow unfairly prejudicial. Accordingly, Yaham's Motion should be denied in its entirety.

II.  ARGUMENT

   A.  **Ultravision Properly Identified the Accused Products Pursuant to P.R. 3-1(b)**

███████████

Each of the products that Yaham seeks to strike are within the series of streetlights, floodlights, and high mast lights identified in Ultravision's contentions. ███████████ Yaham also does not address that Dr. Coleman's theory of infringement for

each product with the three accused series is the same, and consistent with Ultravision's infringement contentions. Nor does Yaham articulate any material differences for the purposes of infringement within the three series. Yaham's Motion should be denied because each of the supposed "unaccused" products are within the scope of Ultravision's original infringement contentions, were understood by Yaham as within the definition of "LED Lighting Products" for the purposes of discovery, and operate identically for the purposes of infringement as the specifically charted products.



Yaham does not contest that streetlight, floodlight, and high mast versions of those models are similar to each other. Products *with the same names* as those charted in Ultravision's infringement contentions are within the scope of those identified, at least based on the fact that they fall within the identified category "similar" to the listed versions. Yaham's motion to strike Dr. Coleman's and Mr. Dell's opinions regarding versions of Compact S, Linear II, Lumiway I, Lumiway II, and Tri should therefore be denied on this ground alone.

Accordingly Yaham's Motion should be denied as a threshold matter because Ultravision identified all of the allegedly "unaccused" products.

### B. The Good-Cause Factors Weigh Against Exclusion of Dr. Coleman's Opinions

Even if Ultravision's identification of the Accused Products were found insufficient under P.R. 3-1(b), the good cause factors each weigh against striking the opinions of Ultravision's experts.

On Reply, Yaham does not address the availability of a continuance or the importance of the opinions to be struck. Specifically, Yaham fails to address that no continuance is necessary for it to address Dr. Coleman's opinions, and fails to address that the opinions at issue concern a significant portion of the Accused Products. Both of these factors weigh against striking Dr. Coleman's and Mr. Dell's opinions.

### 1. Yaham Has Not Been Unfairly Prejudiced

Yaham has not been prejudiced by Dr. Coleman's opinions regarding the allegedly unidentified products are the same as his opinions regarding those undisputedly identified.

Moreover, while disputing whether the Accused Products were properly identified, Yaham does not address that the *theory* of infringement with respect to each product is the same and fails to identify any element outside the scope of Ultravision's original contentions. Because Dr. Coleman's theory of infringement by all products is consistent with that disclosed in Ultravision's original contentions, Yaham has had ample opportunity to address that theory, and has not been prejudiced.

Failing to identify any differences in Ultravision's infringement or damages theory against the Accused Products, Yaham argues that it lost the opportunity to bring some unspecified claim construction, damages, invalidity, or non-infringement arguments.

3

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■ Yaham cannot plausibly claim unfair prejudice when it was not only aware of Ultravision's original theory of infringement but did not expend any additional effort in responding to Ultravision's theories as to allegedly unidentified products. Nor can Yaham plausibly articulate a claim construction or invalidity argument based on allegedly unidentified products – it does not. Moreover, to the extent there is any prejudice based on a lack of evidence regarding the alleged newly-accused products, it is to Ultravision, not Yaham. Accordingly, arguments regarding prejudice are not entitled to any weight.

Finally, unlike the opinions stricken in the *Semcon* decision, Dr. Coleman's opinions are consistent with Ultravision's original contentions. *See Semcon IP Inc. v. ZTE Corp.*, 2:16-cv-00437-JRG-RSP, 2018 WL 4501808, at *3 (E.D. Tex. Feb. 28, 2018) ("[T]he original theory, which relied on the DVFS framework of the ARM Cortex-A5, Cortex-A7, and Cortex-A9 processor designs, appears to generally be the same . . . Thus, to the extent that one of the originally accused 32 products includes one of these later architectures, reference to the later architecture is not stricken."). As in *Semcon*, Dr. Coleman's opinions as to allegedly unidentified products should not be stricken because they are the same as those advanced in Ultravision's original contentions. Moreover, as Yaham acknowledges, Mr. Dell's damages opinions depend from Dr. Coleman's infringement opinions.

Accordingly, because Yaham has not suffered any unfair prejudice, this factor weighs against striking Dr. Coleman's and Mr. Dell's opinions.

### 2.     Yaham's Conduct is the Reason for Any Delay

Yaham's statements and behavior during fact discovery demonstrates that it was aware of Ultravision's position that its identification of the floodlight, streetlight, and high mast series products included all versions of the YHL-ST, YHL-FL, and YHL-PO products. Based on

Yaham's apparent agreement that the Accused Products were all identified, Ultravision had no reason to seek to supplement its contentions.

Contrary to Yaham's assertion that it was "blind-sided," Yaham has long been aware of Ultravision's position that its identification product series includes versions of those products, and ultimately acquiesced with that position during discovery. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Rather than object that these products were not accused, Yaham proceeded to supplement its interrogatory responses.

Despite this record, Yaham laid behind the log, and allowed Ultravision to proceed under the impression that it did not contest that the floodlight, streetlight, and high mast products at issue were identified. *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817–18 (E.D. Tex. 2006) ("A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions. . . the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, not a sword."). Yaham thus waived its arguments that the products at issue were unidentified and should not be allowed to raise them here for the first time. Accordingly, this factor further weighs against striking Dr. Coleman's and Mr. Dell's opinions.

### III. CONCLUSION

For all the foregoing reasons, Yaham's Motion should be denied in its entirety.

5

Dated:  December 29, 2020

Respectfully submitted,

/s/ Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
Texas Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF***
***ULTRAVISION TECHNOLOGIES, LLC***



## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 29, 2020, a true and correct copy of the above and foregoing has been served by email on all counsel of record.

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
